IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN FINN, DR. JILLIAN FORD,       )
HYLAH DALY, JENNE DULCIO,           )
GALEO LATINO COMMUNITY              )
DEVELOPMENT FUND, INC., NEW         )
GEORGIA PROJECT ACTION              )
FUND, LEAGUE OF WOMEN               )    CIVIL ACTION FILE
VOTERS OF MARIETTA-COBB, and        )
GEORGIA COALITION FOR THE           )    NO. 1:22-CV-02300-ELR
PEOPLE'S AGENDA, INC.,              )
                                    )
        Plaintiffs,                 )
                                    )
v.                                  )
                                    )
COBB COUNTY BOARD OF                )
ELECTIONS AND REGISTRATION          )
and JANINE EVELER, in her official  )
capacity as Director of the Cobb    )
County Board of Elections and       )
Registration, and COBB COUNTY       )
SCHOOL DISTRICT,                    )
                                    )
        Defendants.                 )

## DEFENDANT'S NOTICE OF INTENT TO SERVE
## SUBSTITUTE SUBPOENAS FOR PRODUCTION OF DOCUMENTS

YOU ARE HEREBY NOTIFIED, pursuant to Rule 45 of the Federal Rules

of Civil Procedure, that Defendant, Cobb County School District intends to serve

subpoenas to produce documents upon the following:

1.      Southern Poverty Law Center, Inc.;

2.      The ACLU Foundation of Georgia, Inc.;

3.      Caren E. Short;

4.      Southern Coalition for Social Justice;

5.      League of Women Voters of the United States; and

6.      Lawyers' Committee for Civil Rights Under Law.

Copies of the subpoenas are attached hereto and incorporated herein by reference as Exhibit "A."

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com

*Attorneys for Defendant*
*Cobb County School District*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

2

# EXHIBIT A



100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948

Tel: 770.818.0000
Fax: 833.330.3669

**www.fmglaw.com**

**Tina D'Agostino**
**Paralegal**

D: 770.818.1283

tdagostino@fmglaw.com

April 6, 2023

**VIA HAND DELIVERY**
Southern Poverty Law Center, Inc.
Attn: Sybil Hadley, Registered Agent
150 E. Ponce de Leon Avenue
Suite 340
Decatur, GA 30030

      Re:    *Karen Finn, et al. v. Cobb County Board of Elections and Registration, et al.*
             United States District Court, Northern District of Georgia, Atlanta Division
             Civil Action File No. 1:22-CV-02300-ELR

Dear Records Custodian:

      Enclosed is a Subpoena for the Production of Documents for certified copies of any and all records kept by you relative to the above referenced matter.  This subpoena requires you to forward a copy of your entire file as set forth therein.  Pursuant to federal law (Fed. R. Civ. P. 34(c)), this method of obtaining documents applies to persons or entities not involved in the lawsuit.

      **To respond to this Subpoena and in lieu of appearance, you are required to mail copies of the requested documents, along with the properly executed verification to the undersigned by the date indicated on the Subpoena**.

      We will, of course, reimburse you for any reasonable expenses incurred in responding to the request, in advance, if necessary.  Should the cost of copying the requested records exceed $100.00, you must contact me in advance for fee approval.  If prepayment is required, you may email your invoice to tdagostino@fmglaw.com or fax to my attention at (833) 330-3669 **ALONG WITH A COPY OF YOUR W-9.**

      Thank you for your assistance with this matter.  If you have any questions, please do not hesitate to contact me.



Southern Poverty Law Center, Inc.
April 6, 2023
Page 2

Very truly yours,

**FREEMAN MATHIS & GARY, LLP**

Tina D'Agostino
Paralegal

Enclosures

cc:   Bradley E. Heard, Esq. (w/ enclosures)
      Pichaya Poy Winichakul, Esq. (w/ enclosures)
      Michael Tafelski, Esq. (w/ enclosures)
      Rahul Garabadu, Esq.  (w/ enclosures)
      Cory Isaacson, Esq.  (w/ enclosures)
      Caitlin May (w/ enclosures)
      Jeff Loperfido, Esq.  (w/ enclosures)
      Christopher Shenton, Esq. (w/ enclosures)
      Jon Greenbaum, Esq. (w/ enclosures)
      Ezra D. Rosenberg, Esq. (w/ enclosures)
      Julie M. Houk, Esq. (w/ enclosures)
      Sofia Fernandez Gold, Esq. (w/ enclosures)
      Caren E. Short, Esq. (w/ enclosures)
      Douglas I. Koff, Esq. (w/ enclosures)
      Thomas L. Mott, Esq. (w/ enclosures)
      Paul Schochet, Esq. (w/ enclosures)
      Savannah Price, Esq. (w/ enclosures)
      Matthew J. Sunday, Esq. (w/ enclosures)
      Daniel W. White, Esq. (w/ enclosures)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| KAREN FINN, ET AL., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:22-CV-02300-ELR |
| COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Southern Poverty Law Center, Inc.
       Sybil Hadley, Registered Agent, 150 E. Ponce de Leon Avenue, Suite 340, Decatur, GA 30030

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A attached hereto and incorporated herein by reference for a complete description of the documents requested.

| Place: Freeman Mathis & Gary, LLP 100 Galleria Parkway, Suite 1600 Atlanta, GA 30339 | Date and Time: 04/28/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/06/2023

|  CLERK OF COURT | OR | *Philip W. Savrin* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Georgia Bar No. 627836 |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Cobb County School District_____ , who issues or requests this subpoena, are:

Philip W. Savrin, Freeman Mathis & Gary, LLP, 100 Galleria Parkway, Suite 1600, Atlanta, GA 30339, psavrin@fmglaw.com, 770.818.1405

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-CV-02300-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**SUBSTITUTE SUBPOENA UPON**
**SOUTHERN POVERTY LAW CENTER, INC.**

## I.   INSTRUCTIONS

1.     The following requests are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

2.     The following requests do not seek any materials from individual counsel of record in the underlying case.

3.     The following requests do not seek materials that are protected by the attorney-client privilege or the work-product doctrine.

4.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to June 9, 2022, that pre-date the formation of an attorney-client relationship or joint representation agreement.

5.     If refusing to identify and/or withholding of any document requested herein is made on the ground of privilege, set forth an identification of each such document, specifying its author(s) and addressee(s), the person to whom copies were furnished, its date, its general subject matter, and the exact basis of your claim of privilege.  As to any claim by you that information requested may be contained in a requested document is confidential, the undersigned counsel is prepared to discuss a stipulation of consent order providing adequate protection. This instruction seeks the

identity of persons with whom alleged protected materials and communications were exchanged so that the Cobb County School District may seek those materials and communications directly from the identified individual or entity.

6.      If you formally object to any portion or aspect of any request, please answer or respond to the remainder.  If you object on the grounds that the request is overly burdensome or requests information which is not relevant to the subject matter of this litigation, please provide such information which would not be overly burdensome and which you do not object to as irrelevant to the subject matter. If you object on the basis of the request being overly burdensome, please provide an understanding of the burden and provide a process or step that the Cobb County School District could take that would reasonably alleviate the burden. The District agrees to undertake reasonable steps to lessen any purported burden or expense.

7.      If you are unable to answer any of the following requests fully and completely after exercising reasonable effort and due diligence to secure the requested documents and things, so state and answer each such request to the fullest extent possible, specify the portion of the request that you claim you are unable to answer fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of the request.  If the requested documents or things are in the possession, custody, or control of a person other than you, identify that person.

8.    If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

    (1)    missing or lost;

    (2)    destroyed;

    (3)    transferred voluntarily or involuntarily to others and, if so, to whom; or

    (4)    otherwise disposed of and, in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

## II.   <u>DEFINITIONS</u>

1.    The terms "and" and "or" shall have both conjunctive and disjunctive meanings.

2.    The terms "you" and "your" shall mean Southern Poverty Law Center, Inc. and person(s) or entity(ies) acting or purporting to act in any manner on your behalf.

3.    "Action" shall mean the lawsuit styled *Karen Finn et al. v. Cobb County Board of Elections and Registration et al.*, Case No. 1:22-cv-2300-ELR, that is currently pending in the United States District Court for the Northern District of Georgia.

4.    "HB 1028" shall mean Georgia House Bill 1028.

5.     "District or CCSD" means the Cobb County School District in Georgia and its past or present superintendents, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, or agents, and any other persons or entities acting or purporting to act on the Cobb County School District's behalf.

6.     "Board of Education" or "Board" means the seven-member board that is the governing authority for the District, including its past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on its behalf or subject to its control or on behalf of any committee or other body associated with the Board.

7.     The term "person" shall mean any natural person, corporation, partnership, sole proprietorship, association, institute, joint venture, firm, governmental body, or any other legally cognizable entity, for profit or not for profit, whether privately or publicly owned or controlled or partially or fully owned or controlled by a government, including the person's representatives, employees, attorneys, and affiliates.

8.     The term "document" shall mean, embrace, and include, but shall not be limited to, any tangible thing upon which information is or has been stored, recorded, or communicated that is in your custody, control, or possession or of which

you have knowledge, whether prepared by you or any other person, including but not limited to the following: social media posts and messages; letters; correspondence; memoranda; handwritten, typed, and stenographic notes; telegrams; telefaxes; teletypes; messages; facsimiles; records; invoices; contracts; agreements; purchase orders; financial records; financial statements; summaries; studies; analyses; reports; brochures; bulletins; notices; leaflets; pamphlets; lists; indexes; circulars; manuals; maps; drawings; sketches; charts; graphs; schedules; calendars; agenda; diaries; journals; newspapers; periodicals; memoranda; notes of telephone and personal conversations and conferences; records of communications; audio tapes, discs, recordings, and cards; data processing tapes, discs, recordings, and cards; audio data processing tapes, discs, recordings, and cards; video tapes, discs, recordings, and cards; computer tapes, discs, recordings, and cards; magnetic tapes, discs, recordings, and cards; diskettes; recordings; computer printouts, reports, and runs and any codes necessary to comprehend such documents; data compilations; statistical compilations;; photographs; films; motion pictures; microfilms; microfiche; books; treatises; studies; all other media, records, data, and sound recordings that are machine-readable or capable of being converted into written form or transcribed; and any other method or nature, however produced or reproduced, by which or through which information is recorded, preserved, or contained, including copies of such documents.  Every draft or non-identical copy

of a "document" is a separate document as defined herein.

The term "document" shall also mean, embrace, and include all documents within your possession, custody, or control or the possession, custody, or control of your agents, representatives, attorneys, associates, or anyone else known to you, where such document has not been previously produced.

9.     The term "date" shall mean the exact day, month, and year, if known to you, or, if the exact date is not known, the best available approximation.

10.     The term "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

### III.     REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All Non-privileged documents and communications that your organization, not the individual attorneys of record, received, sent, or exchanged that discuss or mention the following individuals, entities and subjects in relation to the allegation that the redistricting plan underlying HB 1028 constitutes racial gerrymandering:

     i.     The Action.

     ii.     Georgia HB 1028.

     iii.     The Cobb County redistricting plan underlying HB 1028.

iv.    The map drawing process for the Cobb County School District ("CCSD").

v.    The allegation that the Cobb County School Board ("school board") members initiated a secretive map-drawing process referenced in the Amended Complaint at 1 ¶ 2. (A copy of the Amended Complaint is attached hereto for your convenience and reference).

vi.    The allegation that the school board had a pattern and practice of subjecting its members to racially disparate policies enacted along racial lines referenced in the Am. Complaint at 1 ¶ 2.

vii.    The allegation that the Georgia General Assembly singled out the CCSD's redistricting Plan for atypical treatment referenced in the Am. Complaint at 2 ¶ 5.

viii.    The allegation that the vast majority of county-level plans were referred to the House Intragovernmental Coordination Committee or the Senate State and Local Governmental Operations Committee referenced in the Am. Complaint at 3 ¶ 5.

ix.    The allegation that the Voting Rights Act of 1965 ("VRA") was used as a pretext to separate voters based upon race referenced in the Am. Complaint at 4 ¶ 9.

x.    The allegation that the school board silenced Black board members and

Black and Latinx constituents referenced in the Am. Complaint at 19, Sec. III.

xi.   The allegation that the school board imposed antidemocratic policies that prohibited Black members from raising issues referenced in the Am. Complaint at 19, Sec. III.A.

xii.   The allegation that the school board suppressed efforts to advance issues raised by students and parents referenced in the Am. Complaint at 22, Sec. III.B.

xiii.   The allegation that the school board dissolved a committee tasked with renaming a High School named after a confederate Soldier referenced in the Am. Complaint at 23, Sec. III.B.i.

xiv.   The allegation that the school board banned critical race theory and lessons influenced by the 1619 project referenced in the Am. Complaint at 24, Sec. III.B.ii.

xv.   The allegation that the school board's actions endangered the No Place for Hate program and the Anti-Defamation League initiative referenced in the Am. Complaint at 25 ¶ 76.

xvi.   The allegation that the school board refused requests from parents and students to discuss safety improvements in response to the COVID-19 pandemic referenced in the Am. Complaint at 27, Sec. III.B.iii.

xvii.    The allegation that the school board ignored concerns of students and parents about racism in the schools and on the school board referenced in the Am. Complaint at 29, Sec. III.B.iv

xviii.   The allegation that the school board excluded other members from the redistricting process referenced in the Am. Complaint at 32, Sec. IV.

xix.     The allegation that the school board departed from historical redistricting practice referenced in the Am. Complaint at 32, Sec. IV.

xx.      The school board's hiring of Taylor English Duma LLP for the purpose of drawing new districting maps referenced in the Am. Complaint at 32-36.

xxi.     The Georgia General Assembly's redistricting process referenced in the Am. Complaint at 36-39.

xxii.    The allegation that race predominated the 2021-2022 redistricting process referenced in the Am. Complaint at 39-40.

xxiii.   The allegation that board members and congressional representatives expressed concerns over "packing" referenced in the Am. Complaint at 45 Sec. V.C.

xxiv.    The allegation that the school board and the Georgia General Assembly ignored other identified redistricting criteria referenced in the Am.

Complaint at 47, Sec. V.D.

xxv.    The allegations pertaining to Cognia's investigation of the District as alleged in the Am. Complaint at ¶¶66-68.

xxvi.   The allegations regarding elections of Cobb School Board members in 2018, 2020 and 2022 as alleged in the Complaint at ¶¶ 56 – 58, 108, and 154;

xxvii.  The following current and former Cobb School board members from the period January 2019 to present concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

       a.   Randy Scamihorn;
       b.   David Chastain;
       c.   David Banks
       d.   Brad Wheeler
       e.   Jaha Howard
       f.   Charisse Davis
       g.   Leroy Tre Hutchins
       h.   Becky Sayler
       i.   Nichelle Davis

xxviii. The following plaintiffs in the Action concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

       a.   Karen Finn;
       b.   Dr. Jillian Ford;
       c.   Hylah Daly;
       d.   Jenne Dulcio;
       e.   Galeo Latino Community Development Fund, Inc. ("Galeo");
       f.   League of Women Voters of Marietta-Cobb;
       g.   New Georgia Project Action Fund;

h. Georgia Coalition for the People's Agenda, Inc. and
i. Maxie Kirk-Williams (president of the League of Women Voters of Marietta-Cobb),
j. Aklima Khondoker (upon information and belief, technical director at The Carter Center, formerly of The New Georgia Project and the ACLU of Georgia)
k. Helen Butler (Executive Director of the Georgia Coalition for the Peoples' Agenda),
l. Jerry Gonzalez (CEO of Galeo);
m. Gino Nuzzolillo (Common Cause);
n. Kevin Pallasch (Southern Poverty Law Center)
o. Dorrie Toney (ACLU of Georgia)
p. Shannon Augustus (League of Women Voters of the United States),

xxix. Any employee of the District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

xxx. The following individuals and entities concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

a. Southern Poverty Law Center
b. ACLU Foundation of Georgia, Inc
c. Lawyers' Committee for Civil Rights Under Law
d. Schulte Roth & Zabel, LLP
e. League of Women Voters of the United States
f. League of Women Voters of Georgia;
g. Poy Winichakul
h. Caren E. Short
i. Cognia, Inc.;
j. Stronger Together;
k. Jennifer Susko;
l. Radiya Ajibade;
m. David Morgan
n. John Floresta
o. Chris Ragsdale
p. Solomon Adesanya
q. Teri Anulewicz

Exhibit A - Page 11

  r. Lisa Campbell
  s. John Carson
  t. Sharon Cooper
  u. Terry Cummings
  v. Ginny Ehrhardt
  w. Don Parsons
  x. Jordan Ridley
  y. Devan Seabaugh
  z. Michael Smith
  aa. Doug Stoner
  bb. David Wilkerson
  cc. Mary Frances Williams
  dd. John Albers
  ee. Jason Esteves
  ff. Kay Kirpatrick
  gg. Michael Rhett
  hh. Ed Setzler
  ii. Horacena Tate
  jj. Lucy McBath
  kk. Jerica Richardson
  ll. Renitta Shannon

2. All non-privileged documents and communications relating to analyses or studies performed in connection with redistricting of the Cobb County School District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena, referencing, evaluating, or discussing the following:

  i. racial demographics of Cobb County;

  ii. race or ethnicity of Cobb County residents;

  iii. political or party information or affiliation of Cobb County residents;

  iv. voters residing in Cobb County, including white voters and voters of color;

    v.    Cobb County voting districts;

    vi.    total population or eligible voter population of Cobb County;

    vii.    race-neutral districting principles;

    viii.    census data;

    ix.    legal compliance;

    x.    compactness scores; and

    xi.    shape of voting districts.

3.    All non-privileged documents and communications that you provided to any person (such as the Cobb County Board of Education) in the creation of redistricting maps for Cobb County different from the one adopted in the passing of HB 1028 by the Georgia legislature.

4.    All reports, studies, data, drawings, maps, graphs, charts, estimates, and analyses, including drafts of each of the foregoing that relate in any way to the topics enumerated in 1(i) to 1(xxvii) in this subpoena, including but not limited to demographics of Cobb County, the political or voting preferences of its residents, including voters of color such as Black and Latinx populations.

5.    All news articles, press releases, legislative updates, pamphlets, letters, blog postings, social media posts, and other that in any way reference or relate to the topics enumerated in 1(i) to 1(xxvii) in this subpoena including but not limited to the Action, the redistricting of Cobb County, or any alleged racial discrimination within

the Cobb County School District.

6.      All non-privileged documents and communications from January 1, 2019 to the present concerning the topics enumerated in 1(i) to 1(xxvii)  in this subpoena that reflect or evidence any agreement, contract, discussions, or negotiations between you and the plaintiffs in the Action such as press relations or advocacy efforts.

7.      Any joint representation agreement or engagement agreement with any Plaintiff or counsel in this Action relating to the Complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN FINN, DR. JILLIAN FORD,      )
HYLAH DALY, JENNE DULCIO,          )
GALEO LATINO COMMUNITY             )
DEVELOPMENT FUND, INC., NEW        )
GEORGIA PROJECT ACTION             )
FUND, LEAGUE OF WOMEN              )      CIVIL ACTION FILE
VOTERS OF MARIETTA-COBB, and       )
GEORGIA COALITION FOR THE          )      NO. 1:22-CV-02300-ELR
PEOPLE'S AGENDA, INC.,             )
                                   )
          Plaintiffs,              )
                                   )
v.                                 )
                                   )
COBB COUNTY BOARD OF               )
ELECTIONS AND REGISTRATION         )
and JANINE EVELER, in her official )
capacity as Director of the Cobb   )
County Board of Elections and      )
Registration, and COBB COUNTY      )
SCHOOL DISTRICT,                   )
                                   )
          Defendants.              )

## DECLARATION OF AUTHENTICATION OF RECORDS PURSUANT TO FRE 803(6) AND 902(11)

THE UNDERSIGNED certifies (1) that he/she is the custodian or other

qualified person responsible for keeping the records for SOUTHERN POVERTY

LAW CENTER, INC.; (2) that the attached records are true and accurate copies of

the records of SOUTHERN POVERTY LAW CENTER, INC. which were kept by/for SOUTHERN POVERTY LAW CENTER, INC.; (3) that the records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of such matters; (4) that the records were kept in the course of the regularly conducted activity; (5) that the records were made by the regularly conducted activity as a regular practice of SOUTHERN POVERTY LAW CENTER, INC.

THIS CERTIFICATE is given pursuant to Georgia laws and in compliance with F.R.C.P. Rule 45 and FRE 803(6) and 902(11) in lieu of the personal appearance of the person certifying hereto.

THE UNDERSIGNED further certifies that said records with this certificate were delivered to Philip W. Savrin, attorney for defendant, who sought production of these records.  It is further certified that no objection to this production has been served upon the undersigned by or on behalf of any other party involved in said lawsuit.

This _____ day of _____, 2023.


_____
Custodian of records for
SOUTHERN POVERTY LAW
CENTER, INC.

Sworn to and subscribed before me
this _____ day of _____, 2023.

_____
Notary Public
My commission expires:_____

(NOTARIAL SEAL)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served the within and foregoing **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to counsel of record:

Bradley E. Heard
Pichaya Poy Winichakul
Michael Tafelski
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon Avenue
Suite 340
Decatur, GA 30030
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org

Rahul Garabadu
Cory Isaacson
Caitlin May
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
rgarabadu@acluga.org
cisaacson@acluga.org
cmay@acluga.org

Jeff Loperfido
Christopher Shenton
SOUTHERN COALITION FOR
SOCIAL JUSTICE
1415 West Highway 54
Suite 101
Durham, NC 27707
jeffloperfido@scsj.org
chrisshenton@scsj.org

Jon Greenbaum
Ezra D. Rosenberg
Julie M. Houk
Sofia Fernandez Gold
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org

Caren E. Short
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW
Suite 500
Washington, DC 20036
cshort@lwv.org

Douglas I. Koff
Thomas L. Mott
Paul Schochet
Savannah Price
Matthew J. Sunday
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Paul.Schochet@srz.com
Savannah.Price@srz.com
Matthew.Sunday@srz.com

This 6th day of April, 2023.

Daniel W. White
HAYNIE, LITCHFIELD
& WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlw-law.com

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com
*Attorneys for Defendant*
*Cobb County School District*

2

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)



100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948

**Tina D'Agostino**
**Paralegal**

D: 770.818.1283

Tel: 770.818.0000
Fax: 833.330.3669

tdagostino@fmglaw.com

**www.fmglaw.com**

April 6, 2023

**VIA HAND DELIVERY**
The ACLU Foundation of Georgia, Inc.
Attn:  Andrea Young, Registered Agent
1100 Spring Street, NW
Suite 640
Atlanta, GA 30309

Re:     *Karen Finn, et al. v. Cobb County Board of Elections and Registration, et al.*
        United States District Court, Northern District of Georgia, Atlanta Division
        Civil Action File No. 1:22-CV-02300-ELR

Dear Records Custodian:

        Enclosed is a Subpoena for the Production of Documents for certified copies of any and all records kept by you relative to the above referenced matter.  This subpoena requires you to forward a copy of your entire file as set forth therein.  Pursuant to federal law (Fed. R. Civ. P. 34(c)), this method of obtaining documents applies to persons or entities not involved in the lawsuit.

        **To respond to this Subpoena and in lieu of appearance, you are required to mail copies of the requested documents, along with the properly executed verification to the undersigned by the date indicated on the Subpoena**.

        We will, of course, reimburse you for any reasonable expenses incurred in responding to the request, in advance, if necessary.  Should the cost of copying the requested records exceed $100.00, you must contact me in advance for fee approval.  If prepayment is required, you may email your invoice to tdagostino@fmglaw.com or fax to my attention at (833) 330-3669 **ALONG WITH A COPY OF YOUR W-9.**

        Thank you for your assistance with this matter.  If you have any questions, please do not hesitate to contact me.



The ACLU Foundation of Georgia, Inc.
April 6, 2023
Page 2

Very truly yours,

**FREEMAN MATHIS & GARY, LLP**

Tina D'Agostino
Paralegal

Enclosures

cc:     Bradley E. Heard, Esq. (w/ enclosures)
        Pichaya Poy Winichakul, Esq. (w/ enclosures)
        Michael Tafelski, Esq. (w/ enclosures)
        Rahul Garabadu, Esq.  (w/ enclosures)
        Cory Isaacson, Esq.  (w/ enclosures)
        Caitlin May (w/ enclosures)
        Jeff Loperfido, Esq.  (w/ enclosures)
        Christopher Shenton, Esq. (w/ enclosures)
        Jon Greenbaum, Esq. (w/ enclosures)
        Ezra D. Rosenberg, Esq. (w/ enclosures)
        Julie M. Houk, Esq. (w/ enclosures)
        Sofia Fernandez Gold, Esq. (w/ enclosures)
        Caren E. Short, Esq. (w/ enclosures)
        Douglas I. Koff, Esq. (w/ enclosures)
        Thomas L. Mott, Esq. (w/ enclosures)
        Paul Schochet, Esq. (w/ enclosures)
        Savannah Price, Esq. (w/ enclosures)
        Matthew J. Sunday, Esq. (w/ enclosures)
        Daniel W. White, Esq. (w/ enclosures)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| KAREN FINN, ET AL., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:22-CV-02300-ELR |
| COBB COUNTY BOARD OF ELECTIONS AND | ) | |
| REGISTRATION, ET AL. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   The ACLU Foundation of Georgia, Inc.
    Andrea Young, Registered Agent, 1100 Spring Street NW, Suite 640, Atlanta, GA 30339

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  Please see Exhibit A attached hereto and incorporated herein by reference for a complete description of the documents requested.

| Place: Freeman Mathis & Gary, LLP | Date and Time: |
|---|---|
| 100 Galleria Parkway, Suite 1600 | |
| Atlanta, GA 30339 | 04/28/2023 10:15 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/06/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Philip W. Savrin* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Georgia Bar No. 627836 |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Cobb County School District _____ , who issues or requests this subpoena, are:

Philip W. Savrin, Freeman Mathis & Gary, LLP, 100 Galleria Parkway, Suite 1600, Atlanta, GA 30339, psavrin@fmglaw.com, 770.818.1405

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-CV-02300-ELR

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                                        *Server's signature*

                                                                 _____
                                                                        *Printed name and title*

                                                                 _____
                                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**SUBSTITUTE SUBPOENA UPON THE**
**ACLU FOUNDATION OF GEORGIA, INC.**

## I.   INSTRUCTIONS

1.    The following requests are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

2.    The following requests do not seek any materials from individual counsel of record in the underlying case.

3.    The following requests do not seek materials that are protected by the attorney-client privilege or the work-product doctrine.

4.    Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to June 9, 2022, that pre-date the formation of an attorney-client relationship or joint representation agreement.

5.    If refusing to identify and/or withholding of any document requested herein is made on the ground of privilege, set forth an identification of each such document, specifying its author(s) and addressee(s), the person to whom copies were furnished, its date, its general subject matter, and the exact basis of your claim of privilege.  As to any claim by you that information requested may be contained in a requested document is confidential, the undersigned counsel is prepared to discuss a stipulation of consent order providing adequate protection. This instruction seeks the

identity of persons with whom alleged protected materials and communications were exchanged so that the Cobb County School District may seek those materials and communications directly from the identified individual or entity.

6.     If you formally object to any portion or aspect of any request, please answer or respond to the remainder.  If you object on the grounds that the request is overly burdensome or requests information which is not relevant to the subject matter of this litigation, please provide such information which would not be overly burdensome and which you do not object to as irrelevant to the subject matter. If you object on the basis of the request being overly burdensome, please provide an understanding of the burden and provide a process or step that the Cobb County School District could take that would reasonably alleviate the burden. The District agrees to undertake reasonable steps to lessen any purported burden or expense.

7.     If you are unable to answer any of the following requests fully and completely after exercising reasonable effort and due diligence to secure the requested documents and things, so state and answer each such request to the fullest extent possible, specify the portion of the request that you claim you are unable to answer fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of the request.  If the requested documents or things are in the possession, custody, or control of a person other than you, identify that person.

8.     If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

(1)     missing or lost;

(2)     destroyed;

(3)     transferred voluntarily or involuntarily to others and, if so, to whom; or

(4)     otherwise disposed of and, in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

## II.     **DEFINITIONS**

1.     The terms "and" and "or" shall have both conjunctive and disjunctive meanings.

2.     The terms "you" and "your" shall mean The ACLU Foundation of Georgia, Inc. and person(s) or entity(ies) acting or purporting to act in any manner on your behalf.

3.     "Action" shall mean the lawsuit styled *Karen Finn et al. v. Cobb County Board of Elections and Registration et al.*, Case No. 1:22-cv-2300-ELR, that is currently pending in the United States District Court for the Northern District of Georgia.

4.     "HB 1028" shall mean Georgia House Bill 1028.

5.     "District or CCSD" means the Cobb County School District in Georgia and its past or present superintendents, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, or agents, and any other persons or entities acting or purporting to act on the Cobb County School District's behalf.

6.     "Board of Education" or "Board" means the seven-member board that is the governing authority for the District, including its past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on its behalf or subject to its control or on behalf of any committee or other body associated with the Board.

7.     The term "person" shall mean any natural person, corporation, partnership, sole proprietorship, association, institute, joint venture, firm, governmental body, or any other legally cognizable entity, for profit or not for profit, whether privately or publicly owned or controlled or partially or fully owned or controlled by a government, including the person's representatives, employees, attorneys, and affiliates.

8.     The term "document" shall mean, embrace, and include, but shall not be limited to, any tangible thing upon which information is or has been stored, recorded, or communicated that is in your custody, control, or possession or of which

you have knowledge, whether prepared by you or any other person, including but not limited to the following: social media posts and messages; letters; correspondence; memoranda; handwritten, typed, and stenographic notes; telegrams; telefaxes; teletypes; messages; facsimiles; records; invoices; contracts; agreements; purchase orders; financial records; financial statements; summaries; studies; analyses; reports; brochures; bulletins; notices; leaflets; pamphlets; lists; indexes; circulars; manuals; maps; drawings; sketches; charts; graphs; schedules; calendars; agenda; diaries; journals; newspapers; periodicals; memoranda; notes of telephone and personal conversations and conferences; records of communications; audio tapes, discs, recordings, and cards; data processing tapes, discs, recordings, and cards; audio data processing tapes, discs, recordings, and cards; video tapes, discs, recordings, and cards; computer tapes, discs, recordings, and cards; magnetic tapes, discs, recordings, and cards; diskettes; recordings; computer printouts, reports, and runs and any codes necessary to comprehend such documents; data compilations; statistical compilations;; photographs; films; motion pictures; microfilms; microfiche; books; treatises; studies; all other media, records, data, and sound recordings that are machine-readable or capable of being converted into written form or transcribed; and any other method or nature, however produced or reproduced, by which or through which information is recorded, preserved, or contained, including copies of such documents. Every draft or non-identical copy

of a "document" is a separate document as defined herein.

The term "document" shall also mean, embrace, and include all documents within your possession, custody, or control or the possession, custody, or control of your agents, representatives, attorneys, associates, or anyone else known to you, where such document has not been previously produced.

9.     The term "date" shall mean the exact day, month, and year, if known to you, or, if the exact date is not known, the best available approximation.

10.    The term "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

### III.     REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All Non-privileged documents and communications that your organization, not the individual attorneys of record, received, sent, or exchanged that discuss or mention the following individuals, entities and subjects in relation to the allegation that the redistricting plan underlying HB 1028 constitutes racial gerrymandering:

     i.     The Action.

    ii.     Georgia HB 1028.

   iii.     The Cobb County redistricting plan underlying HB 1028.

iv.   The map drawing process for the Cobb County School District ("CCSD").

v.   The allegation that the Cobb County School Board ("school board") members initiated a secretive map-drawing process referenced in the Amended Complaint at 1 ¶ 2. (A copy of the Amended Complaint is attached hereto for your convenience and reference).

vi.   The allegation that the school board had a pattern and practice of subjecting its members to racially disparate policies enacted along racial lines referenced in the Am. Complaint at 1 ¶ 2.

vii.   The allegation that the Georgia General Assembly singled out the CCSD's redistricting Plan for atypical treatment referenced in the Am. Complaint at 2 ¶ 5.

viii.   The allegation that the vast majority of county-level plans were referred to the House Intragovernmental Coordination Committee or the Senate State and Local Governmental Operations Committee referenced in the Am. Complaint at 3 ¶ 5.

ix.   The allegation that the Voting Rights Act of 1965 ("VRA") was used as a pretext to separate voters based upon race referenced in the Am. Complaint at 4 ¶ 9.

x.   The allegation that the school board silenced Black board members and

Black and Latinx constituents referenced in the Am. Complaint at 19, Sec. III.

xi.     The allegation that the school board imposed antidemocratic policies that prohibited Black members from raising issues referenced in the Am. Complaint at 19, Sec. III.A.

xii.    The allegation that the school board suppressed efforts to advance issues raised by students and parents referenced in the Am. Complaint at 22, Sec. III.B.

xiii.   The allegation that the school board dissolved a committee tasked with renaming a High School named after a confederate Soldier referenced in the Am. Complaint at 23, Sec. III.B.i.

xiv.    The allegation that the school board banned critical race theory and lessons influenced by the 1619 project referenced in the Am. Complaint at 24, Sec. III.B.ii.

xv.     The allegation that the school board's actions endangered the No Place for Hate program and the Anti-Defamation League initiative referenced in the Am. Complaint at 25 ¶ 76.

xvi.    The allegation that the school board refused requests from parents and students to discuss safety improvements in response to the COVID-19 pandemic referenced in the Am. Complaint at 27, Sec. III.B.iii.

xvii.    The allegation that the school board ignored concerns of students and parents about racism in the schools and on the school board referenced in the Am. Complaint at 29, Sec. III.B.iv

xviii.    The allegation that the school board excluded other members from the redistricting process referenced in the Am. Complaint at 32, Sec. IV.

xix.    The allegation that the school board departed from historical redistricting practice referenced in the Am. Complaint at 32, Sec. IV.

xx.    The school board's hiring of Taylor English Duma LLP for the purpose of drawing new districting maps referenced in the Am. Complaint at 32-36.

xxi.    The Georgia General Assembly's redistricting process referenced in the Am. Complaint at 36-39.

xxii.    The allegation that race predominated the 2021-2022 redistricting process referenced in the Am. Complaint at 39-40.

xxiii.    The allegation that board members and congressional representatives expressed concerns over "packing" referenced in the Am. Complaint at 45 Sec. V.C.

xxiv.    The allegation that the school board and the Georgia General Assembly ignored other identified redistricting criteria referenced in the Am. Complaint at 47, Sec. V.D.

xxv.     The allegations pertaining to Cognia's investigation of the District as alleged in the Am. Complaint at ¶¶66-68.

xxvi.    The allegations regarding elections of Cobb School Board members in 2018, 2020 and 2022 as alleged in the Complaint at ¶¶ 56 – 58, 108, and 154;

xxvii.   The following current and former Cobb School board members from the period January 2019 to present concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

        a.  Randy Scamihorn;
        b.  David Chastain;
        c.  David Banks
        d.  Brad Wheeler
        e.  Jaha Howard
        f.  Charisse Davis
        g.  Leroy Tre Hutchins
        h.  Becky Sayler
        i.  Nichelle Davis

xxviii.  The following plaintiffs in the Action concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

        a.  Karen Finn;
        b.  Dr. Jillian Ford;
        c.  Hylah Daly;
        d.  Jenne Dulcio;
        e.  Galeo Latino Community Development Fund, Inc. ("Galeo");
        f.  League of Women Voters of Marietta-Cobb;
        g.  New Georgia Project Action Fund;
        h.  Georgia Coalition for the People's Agenda, Inc. and

      i.     Maxie Kirk-Williams (president of the League of Women Voters of Marietta-Cobb),

      j.     Aklima Khondoker (upon information and belief, technical director at The Carter Center, formerly of The New Georgia Project and the ACLU of Georgia)

      k.     Helen Butler (Executive Director of the Georgia Coalition for the Peoples' Agenda),

      l.     Jerry Gonzalez (CEO of Galeo);

      m.    Gino Nuzzolillo (Common Cause);

      n.     Kevin Pallasch (Southern Poverty Law Center)

      o.     Dorrie Toney (ACLU of Georgia)

      p.     Shannon Augustus (League of Women Voters of the United States),

xxix.    Any employee of the District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

xxx.    The following individuals and entities concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

      a.     Southern Poverty Law Center

      b.     ACLU Foundation of Georgia, Inc

      c.     Lawyers' Committee for Civil Rights Under Law

      d.     Schulte Roth & Zabel, LLP

      e.     League of Women Voters of the United States

      f.     League of Women Voters of Georgia;

      g.     Poy Winichakul

      h.     Caren E. Short

      i.     Cognia, Inc.;

      j.     Stronger Together;

      k.     Jennifer Susko;

      l.     Radiya Ajibade;

      m.    David Morgan

      n.     John Floresta

      o.     Chris Ragsdale

      p.     Solomon Adesanya

      q.     Teri Anulewicz

      r.     Lisa Campbell

    s.    John Carson
    t.    Sharon Cooper
    u.    Terry Cummings
    v.    Ginny Ehrhardt
    w.    Don Parsons
    x.    Jordan Ridley
    y.    Devan Seabaugh
    z.    Michael Smith
    aa.  Doug Stoner
    bb.  David Wilkerson
    cc.  Mary Frances Williams
    dd.  John Albers
    ee.  Jason Esteves
    ff.   Kay Kirpatrick
    gg.  Michael Rhett
    hh.  Ed Setzler
    ii.   Horacena Tate
    jj.   Lucy McBath
    kk.  Jerica Richardson
    ll.   Renitta Shannon

2.    All non-privileged documents and communications relating to analyses or studies performed in connection with redistricting of the Cobb County School District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena, referencing, evaluating, or discussing the following:

    i.    racial demographics of Cobb County;

    ii.   race or ethnicity of Cobb County residents;

    iii.  political or party information or affiliation of Cobb County residents;

    iv.  voters residing in Cobb County, including white voters and voters of color;

    v.   Cobb County voting districts;

    vi.    total population or eligible voter population of Cobb County;

    vii.    race-neutral districting principles;

    viii.    census data;

    ix.    legal compliance;

    x.    compactness scores; and

    xi.    shape of voting districts.

3.    All non-privileged documents and communications that you provided to any person (such as the Cobb County Board of Education) in the creation of redistricting maps for Cobb County different from the one adopted in the passing of HB 1028 by the Georgia legislature.

4.    All reports, studies, data, drawings, maps, graphs, charts, estimates, and analyses, including drafts of each of the foregoing that relate in any way to the topics enumerated in 1(i) to 1(xxvii) in this subpoena, including but not limited to demographics of Cobb County, the political or voting preferences of its residents, including voters of color such as Black and Latinx populations.

5.    All news articles, press releases, legislative updates, pamphlets, letters, blog postings, social media posts, and other that in any way reference or relate to the topics enumerated in 1(i) to 1(xxvii) in this subpoena including but not limited to the Action, the redistricting of Cobb County, or any alleged racial discrimination within the Cobb County School District.

6.      All non-privileged documents and communications from January 1, 2019 to the present concerning the topics enumerated in 1(i) to 1(xxvii)  in this subpoena that reflect or evidence any agreement, contract, discussions, or negotiations between you and the plaintiffs in the Action such as press relations or advocacy efforts.

7.      Any joint representation agreement or engagement agreement with any Plaintiff or counsel in this Action relating to the Complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAREN FINN, DR. JILLIAN FORD, HYLAH DALY, JENNE DULCIO, GALEO LATINO COMMUNITY DEVELOPMENT FUND, INC., NEW GEORGIA PROJECT ACTION FUND, LEAGUE OF WOMEN VOTERS OF MARIETTA-COBB, and GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC., | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 1:22-CV-02300-ELR |
| v. | ) ) ) | |
| COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION and JANINE EVELER, in her official capacity as Director of the Cobb County Board of Elections and Registration, and COBB COUNTY SCHOOL DISTRICT, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF AUTHENTICATION OF RECORDS PURSUANT TO FRE 803(6) AND 902(11)

THE UNDERSIGNED certifies (1) that he/she is the custodian or other qualified person responsible for keeping the records for THE ACLU FOUNDATION OF GEORGIA, INC.; (2) that the attached records are true and accurate copies of the records of THE ACLU FOUNDATION OF GEORGIA, INC.

which were kept by/for THE ACLU FOUNDATION OF GEORGIA, INC.; (3) that the records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of such matters; (4) that the records were kept in the course of the regularly conducted activity; (5) that the records were made by the regularly conducted activity as a regular practice of THE ACLU FOUNDATION OF GEORGIA, INC.

THIS CERTIFICATE is given pursuant to Georgia laws and in compliance with F.R.C.P. Rule 45 and FRE 803(6) and 902(11) in lieu of the personal appearance of the person certifying hereto.

THE UNDERSIGNED further certifies that said records with this certificate were delivered to Philip W. Savrin, attorney for defendant, who sought production of these records.  It is further certified that no objection to this production has been served upon the undersigned by or on behalf of any other party involved in said lawsuit.

This _____ day of _____, 2023.


_____
Custodian of records for
THE ACLU FOUNDATION OF
GEORGIA, INC.

Sworn to and subscribed before me
this _____ day of _____, 2023.

_____
Notary Public
My commission expires:_____

     (NOTARIAL SEAL)

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day served the within and foregoing

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to counsel of record:

Bradley E. Heard
Pichaya Poy Winichakul
Michael Tafelski
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon Avenue
Suite 340
Decatur, GA 30030
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org

Rahul Garabadu
Cory Isaacson
Caitlin May
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
rgarabadu@acluga.org
cisaacson@acluga.org
cmay@acluga.org

Jeff Loperfido
Christopher Shenton
SOUTHERN COALITION FOR
SOCIAL JUSTICE
1415 West Highway 54
Suite 101
Durham, NC 27707
jeffloperfido@scsj.org
chrisshenton@scsj.org

Jon Greenbaum
Ezra D. Rosenberg
Julie M. Houk
Sofia Fernandez Gold
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org

Caren E. Short
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW
Suite 500
Washington, DC 20036
cshort@lwv.org

Douglas I. Koff
Thomas L. Mott
Paul Schochet
Savannah Price
Matthew J. Sunday
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Paul.Schochet@srz.com
Savannah.Price@srz.com
Matthew.Sunday@srz.com

Daniel W. White
HAYNIE, LITCHFIELD
& WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlw-law.com

This 6th day of April, 2023.

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com
*Attorneys for Defendant*
*Cobb County School District*

2

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)



100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948

Tel: 770.818.0000
Fax: 833.330.3669

**www.fmglaw.com**

**Tina D'Agostino**
**Paralegal**

D: 770.818.1283

tdagostino@fmglaw.com

April 6, 2023

**VIA HAND DELIVERY**
Caren E. Short

██████████████

Atlanta, GA 30314

Re:   *Karen Finn, et al. v. Cobb County Board of Elections and Registration, et al.*
      United States District Court, Northern District of Georgia, Atlanta Division
      Civil Action File No. 1:22-CV-02300-ELR

Dear Ms. Short:

Enclosed is a Subpoena for the Production of Documents for certified copies of any and all records kept by you relative to the above referenced matter.  This subpoena requires you to forward a copy of your entire file as set forth therein.  Pursuant to federal law (Fed. R. Civ. P. 34(c)), this method of obtaining documents applies to persons or entities not involved in the lawsuit.

**To respond to this Subpoena and in lieu of appearance, you are required to mail copies of the requested documents, along with the properly executed verification to the undersigned by the date indicated on the Subpoena**.

We will, of course, reimburse you for any reasonable expenses incurred in responding to the request, in advance, if necessary.  Should the cost of copying the requested records exceed $100.00, you must contact me in advance for fee approval.  If prepayment is required, you may email your invoice to tdagostino@fmglaw.com or fax to my attention at (833) 330-3669 **ALONG WITH A COPY OF YOUR W-9.**

Thank you for your assistance with this matter.  If you have any questions, please do not hesitate to contact me.



Caren E. Short
April 6, 2023
Page 2

Very truly yours,

**FREEMAN MATHIS & GARY, LLP**

Tina D'Agostino
Paralegal

Enclosures

cc:     Bradley E. Heard, Esq. (w/ enclosures)
        Pichaya Poy Winichakul, Esq. (w/ enclosures)
        Michael Tafelski, Esq. (w/ enclosures)
        Rahul Garabadu, Esq.  (w/ enclosures)
        Cory Isaacson, Esq.  (w/ enclosures)
        Caitlin May (w/ enclosures)
        Jeff Loperfido, Esq.  (w/ enclosures)
        Christopher Shenton, Esq. (w/ enclosures)
        Jon Greenbaum, Esq. (w/ enclosures)
        Ezra D. Rosenberg, Esq. (w/ enclosures)
        Julie M. Houk, Esq. (w/ enclosures)
        Sofia Fernandez Gold, Esq. (w/ enclosures)
        Caren E. Short, Esq. (w/ enclosures)
        Douglas I. Koff, Esq. (w/ enclosures)
        Thomas L. Mott, Esq. (w/ enclosures)
        Paul Schochet, Esq. (w/ enclosures)
        Savannah Price, Esq. (w/ enclosures)
        Matthew J. Sunday, Esq. (w/ enclosures)
        Daniel W. White, Esq. (w/ enclosures)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Northern District of Georgia

| | |
|---|---|
| KAREN FINN, ET AL., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:22-CV-02300-ELR |
| COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Caren E. Short

███████████████     Atlanta, GA  30314

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  Please see Exhibit A attached hereto and incorporated herein by reference for a complete description of the documents requested.

| Place: Freeman Mathis & Gary, LLP | Date and Time: |
|---|---|
| 100 Galleria Parkway, Suite 1600 Atlanta, GA 30339 | 04/28/2023 10:30 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/06/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Philip W. Savrin* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Georgia Bar No. 627836 |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Cobb County School District _____, who issues or requests this subpoena, are:

Philip W. Savrin, Freeman Mathis & Gary, LLP, 100 Galleria Parkway, Suite 1600, Atlanta, GA 30339, psavrin@fmglaw.com, 770.818.1405

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-CV-02300-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**EXHIBIT A**</u>
<u>**SUBSTITUTE SUBPOENA UPON CAREN E. SHORT**</u>

## I.   <u>INSTRUCTIONS</u>

1.     The following requests are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

2.     The following requests do not seek any materials from individual counsel of record in the underlying case.

3.     The following requests do not seek materials that are protected by the attorney-client privilege or the work-product doctrine.

4.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to June 9, 2022, that pre-date the formation of an attorney-client relationship or joint representation agreement.

5.     If refusing to identify and/or withholding of any document requested herein is made on the ground of privilege, set forth an identification of each such document, specifying its author(s) and addressee(s), the person to whom copies were furnished, its date, its general subject matter, and the exact basis of your claim of privilege.  As to any claim by you that information requested may be contained in a requested document is confidential, the undersigned counsel is prepared to discuss a stipulation of consent order providing adequate protection. This instruction seeks the

identity of persons with whom alleged protected materials and communications were exchanged so that the Cobb County School District may seek those materials and communications directly from the identified individual or entity.

6.     If you formally object to any portion or aspect of any request, please answer or respond to the remainder.  If you object on the grounds that the request is overly burdensome or requests information which is not relevant to the subject matter of this litigation, please provide such information which would not be overly burdensome and which you do not object to as irrelevant to the subject matter. If you object on the basis of the request being overly burdensome, please provide an understanding of the burden and provide a process or step that the Cobb County School District could take that would reasonably alleviate the burden. The District agrees to undertake reasonable steps to lessen any purported burden or expense.

7.     If you are unable to answer any of the following requests fully and completely after exercising reasonable effort and due diligence to secure the requested documents and things, so state and answer each such request to the fullest extent possible, specify the portion of the request that you claim you are unable to answer fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of the request.  If the requested documents or things are in the possession, custody, or control of a person other than you, identify that person.

8.      If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

(1)     missing or lost;

(2)     destroyed;

(3)     transferred voluntarily or involuntarily to others and, if so, to whom; or

(4)     otherwise disposed of and, in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

## II.   <u>DEFINITIONS</u>

1.      The terms "and" and "or" shall have both conjunctive and disjunctive meanings.

2.      The terms "you" and "your" shall mean Caren E. Short and person(s) or entity(ies) acting or purporting to act in any manner on your behalf.

3.      "Action" shall mean the lawsuit styled *Karen Finn et al. v. Cobb County Board of Elections and Registration et al.*, Case No. 1:22-cv-2300-ELR, that is currently pending in the United States District Court for the Northern District of Georgia.

4.       "HB 1028" shall mean Georgia House Bill 1028.

5.      "District or CCSD" means the Cobb County School District in Georgia

and its past or present superintendents, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, or agents, and any other persons or entities acting or purporting to act on the Cobb County School District's behalf.

6.     "Board of Education" or "Board" means the seven-member board that is the governing authority for the District, including its past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on its behalf or subject to its control or on behalf of any committee or other body associated with the Board.

7.     The term "person" shall mean any natural person, corporation, partnership, sole proprietorship, association, institute, joint venture, firm, governmental body, or any other legally cognizable entity, for profit or not for profit, whether privately or publicly owned or controlled or partially or fully owned or controlled by a government, including the person's representatives, employees, attorneys, and affiliates.

8.     The term "document" shall mean, embrace, and include, but shall not be limited to, any tangible thing upon which information is or has been stored, recorded, or communicated that is in your custody, control, or possession or of which you have knowledge, whether prepared by you or any other person, including but

not limited to the following: social media posts and messages; letters; correspondence; memoranda; handwritten, typed, and stenographic notes; telegrams; telefaxes; teletypes; messages; facsimiles; records; invoices; contracts; agreements; purchase orders; financial records; financial statements; summaries; studies; analyses; reports; brochures; bulletins; notices; leaflets; pamphlets; lists; indexes; circulars; manuals; maps; drawings; sketches; charts; graphs; schedules; calendars; agenda; diaries; journals; newspapers; periodicals; memoranda; notes of telephone and personal conversations and conferences; records of communications; audio tapes, discs, recordings, and cards; data processing tapes, discs, recordings, and cards; audio data processing tapes, discs, recordings, and cards; video tapes, discs, recordings, and cards; computer tapes, discs, recordings, and cards; magnetic tapes, discs, recordings, and cards; diskettes; recordings; computer printouts, reports, and runs and any codes necessary to comprehend such documents; data compilations; statistical compilations;; photographs; films; motion pictures; microfilms; microfiche; books; treatises; studies; all other media, records, data, and sound recordings that are machine-readable or capable of being converted into written form or transcribed; and any other method or nature, however produced or reproduced, by which or through which information is recorded, preserved, or contained, including copies of such documents.  Every draft or non-identical copy of a "document" is a separate document as defined herein.

The term "document" shall also mean, embrace, and include all documents within your possession, custody, or control or the possession, custody, or control of your agents, representatives, attorneys, associates, or anyone else known to you, where such document has not been previously produced.

9.      The term "date" shall mean the exact day, month, and year, if known to you, or, if the exact date is not known, the best available approximation.

10.     The term "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

## III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All Non-privileged documents and communications that your organization, not the individual attorneys of record, received, sent, or exchanged that discuss or mention the following individuals, entities and subjects in relation to the allegation that the redistricting plan underlying HB 1028 constitutes racial gerrymandering:

    i.    The Action.

    ii.   Georgia HB 1028.

    iii.  The Cobb County redistricting plan underlying HB 1028.

    iv.   The map drawing process for the Cobb County School District ("CCSD").

v.     The allegation that the Cobb County School Board ("school board") members initiated a secretive map-drawing process referenced in the Amended Complaint at 1 ¶ 2. (A copy of the Amended Complaint is attached hereto for your convenience and reference).

vi.    The allegation that the school board had a pattern and practice of subjecting its members to racially disparate policies enacted along racial lines referenced in the Am. Complaint at 1 ¶ 2.

vii.   The allegation that the Georgia General Assembly singled out the CCSD's redistricting Plan for atypical treatment referenced in the Am. Complaint at 2 ¶ 5.

viii.  The allegation that the vast majority of county-level plans were referred to the House Intragovernmental Coordination Committee or the Senate State and Local Governmental Operations Committee referenced in the Am. Complaint at 3 ¶ 5.

ix.    The allegation that the Voting Rights Act of 1965 ("VRA") was used as a pretext to separate voters based upon race referenced in the Am. Complaint at 4 ¶ 9.

x.     The allegation that the school board silenced Black board members and Black and Latinx constituents referenced in the Am. Complaint at 19, Sec. III.

xi.    The allegation that the school board imposed antidemocratic policies that prohibited Black members from raising issues referenced in the Am. Complaint at 19, Sec. III.A.

xii.    The allegation that the school board suppressed efforts to advance issues raised by students and parents referenced in the Am. Complaint at 22, Sec. III.B.

xiii.    The allegation that the school board dissolved a committee tasked with renaming a High School named after a confederate Soldier referenced in the Am. Complaint at 23, Sec. III.B.i.

xiv.    The allegation that the school board banned critical race theory and lessons influenced by the 1619 project referenced in the Am. Complaint at 24, Sec. III.B.ii.

xv.    The allegation that the school board's actions endangered the No Place for Hate program and the Anti-Defamation League initiative referenced in the Am. Complaint at 25 ¶ 76.

xvi.    The allegation that the school board refused requests from parents and students to discuss safety improvements in response to the COVID-19 pandemic referenced in the Am. Complaint at 27, Sec. III.B.iii.

xvii.    The allegation that the school board ignored concerns of students and parents about racism in the schools and on the school board referenced

in the Am. Complaint at 29, Sec. III.B.iv

xviii.   The allegation that the school board excluded other members from the redistricting process referenced in the Am. Complaint at 32, Sec. IV.

xix.   The allegation that the school board departed from historical redistricting practice referenced in the Am. Complaint at 32, Sec. IV.

xx.   The school board's hiring of Taylor English Duma LLP for the purpose of drawing new districting maps referenced in the Am. Complaint at 32-36.

xxi.   The Georgia General Assembly's redistricting process referenced in the Am. Complaint at 36-39.

xxii.   The allegation that race predominated the 2021-2022 redistricting process referenced in the Am. Complaint at 39-40.

xxiii.   The allegation that board members and congressional representatives expressed concerns over "packing" referenced in the Am. Complaint at 45 Sec. V.C.

xxiv.   The allegation that the school board and the Georgia General Assembly ignored other identified redistricting criteria referenced in the Am. Complaint at 47, Sec. V.D.

xxv.   The allegations pertaining to Cognia's investigation of the District as alleged in the Am. Complaint at ¶¶66-68.

xxvi.    The allegations regarding elections of Cobb School Board members in 2018, 2020 and 2022 as alleged in the Complaint at ¶¶ 56 – 58, 108, and 154;

xxvii.   The following current and former Cobb School board members from the period January 2019 to present concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

    a.   Randy Scamihorn;
    b.   David Chastain;
    c.   David Banks
    d.   Brad Wheeler
    e.   Jaha Howard
    f.   Charisse Davis
    g.   Leroy Tre Hutchins
    h.   Becky Sayler
    i.   Nichelle Davis

xxviii.  The following plaintiffs in the Action concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

    a.   Karen Finn;
    b.   Dr. Jillian Ford;
    c.   Hylah Daly;
    d.   Jenne Dulcio;
    e.   Galeo Latino Community Development Fund, Inc. ("Galeo");
    f.   League of Women Voters of Marietta-Cobb;
    g.   New Georgia Project Action Fund;
    h.   Georgia Coalition for the People's Agenda, Inc. and
    i.   Maxie Kirk-Williams (president of the League of Women Voters of Marietta-Cobb),
    j.   Aklima Khondoker (upon information and belief, technical director at The Carter Center, formerly of The New Georgia Project and the ACLU of Georgia)

k.    Helen Butler (Executive Director of the Georgia Coalition for the Peoples' Agenda),

l.    Jerry Gonzalez (CEO of Galeo);

m.    Gino Nuzzolillo (Common Cause);

n.    Kevin Pallasch (Southern Poverty Law Center)

o.    Dorrie Toney (ACLU of Georgia)

p.    Shannon Augustus (League of Women Voters of the United States),

xxix.    Any employee of the District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

xxx.    The following individuals and entities concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

a.    Southern Poverty Law Center

b.    ACLU Foundation of Georgia, Inc

c.    Lawyers' Committee for Civil Rights Under Law

d.    Schulte Roth & Zabel, LLP

e.    League of Women Voters of the United States

f.    League of Women Voters of Georgia;

g.    Poy Winichakul

h.    Caren E. Short

i.    Cognia, Inc.;

j.    Stronger Together;

k.    Jennifer Susko;

l.    Radiya Ajibade;

m.    David Morgan

n.    John Floresta

o.    Chris Ragsdale

p.    Solomon Adesanya

q.    Teri Anulewicz

r.    Lisa Campbell

s.    John Carson

t.    Sharon Cooper

u.    Terry Cummings

v.    Ginny Ehrhardt

w.    Don Parsons

      x.    Jordan Ridley
      y.    Devan Seabaugh
      z.    Michael Smith
      aa.  Doug Stoner
      bb.  David Wilkerson
      cc.  Mary Frances Williams
      dd.  John Albers
      ee.  Jason Esteves
      ff.   Kay Kirpatrick
      gg.  Michael Rhett
      hh.  Ed Setzler
      ii.   Horacena Tate
      jj.   Lucy McBath
      kk.  Jerica Richardson
      ll.   Renitta Shannon

2.      All non-privileged documents and communications relating to analyses or studies performed in connection with redistricting of the Cobb County School District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena, referencing, evaluating, or discussing the following:

      i.     racial demographics of Cobb County;

      ii.    race or ethnicity of Cobb County residents;

      iii.   political or party information or affiliation of Cobb County residents;

      iv.   voters residing in Cobb County, including white voters and voters of color;

      v.    Cobb County voting districts;

      vi.   total population or eligible voter population of Cobb County;

      vii.   race-neutral districting principles;

     viii.   census data;

     ix.   legal compliance;

     x.   compactness scores; and

     xi.   shape of voting districts.

3.    All non-privileged documents and communications that you provided to any person (such as the Cobb County Board of Education) in the creation of redistricting maps for Cobb County different from the one adopted in the passing of HB 1028 by the Georgia legislature.

4.    All reports, studies, data, drawings, maps, graphs, charts, estimates, and analyses, including drafts of each of the foregoing that relate in any way to the topics enumerated in 1(i) to 1(xxvii) in this subpoena, including but not limited to demographics of Cobb County, the political or voting preferences of its residents, including voters of color such as Black and Latinx populations.

5.    All news articles, press releases, legislative updates, pamphlets, letters, blog postings, social media posts, and other that in any way reference or relate to the topics enumerated in 1(i) to 1(xxvii) in this subpoena including but not limited to the Action, the redistricting of Cobb County, or any alleged racial discrimination within the Cobb County School District.

6.    All non-privileged documents and communications from January 1, 2019 to the present concerning the topics enumerated in 1(i) to 1(xxvii) in this

subpoena that reflect or evidence any agreement, contract, discussions, or negotiations between you and the plaintiffs in the Action such as press relations or advocacy efforts.

7.      Any joint representation agreement or engagement agreement with any Plaintiff or counsel in this Action relating to the Complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN FINN, DR. JILLIAN FORD,      )
HYLAH DALY, JENNE DULCIO,          )
GALEO LATINO COMMUNITY             )
DEVELOPMENT FUND, INC., NEW        )
GEORGIA PROJECT ACTION             )
FUND, LEAGUE OF WOMEN              )     CIVIL ACTION FILE
VOTERS OF MARIETTA-COBB, and       )
GEORGIA COALITION FOR THE          )     NO. 1:22-CV-02300-ELR
PEOPLE'S AGENDA, INC.,             )
                                   )
        Plaintiffs,                )
                                   )
v.                                 )
                                   )
COBB COUNTY BOARD OF               )
ELECTIONS AND REGISTRATION         )
and JANINE EVELER, in her official )
capacity as Director of the Cobb   )
County Board of Elections and      )
Registration, and COBB COUNTY      )
SCHOOL DISTRICT,                   )
                                   )
        Defendants.                )

**DECLARATION OF AUTHENTICATION OF RECORDS
PURSUANT TO FRE 803(6) AND 902(11)**

THE UNDERSIGNED certifies (1) that he/she is the custodian or other

qualified person responsible for keeping the records for CAREN E. SHORT; (2) that

the attached records are true and accurate copies of the records of CAREN E.

SHORT which were kept by/for CAREN E. SHORT; (3) that the records were made

at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of such matters; (4) that the records were kept in the course of the regularly conducted activity; (5) that the records were made by the regularly conducted activity as a regular practice of CAREN E. SHORT.

THIS CERTIFICATE is given pursuant to Georgia laws and in compliance with F.R.C.P. Rule 45 and FRE 803(6) and 902(11) in lieu of the personal appearance of the person certifying hereto.

THE UNDERSIGNED further certifies that said records with this certificate were delivered to Philip W. Savrin, attorney for defendant, who sought production of these records.  It is further certified that no objection to this production has been served upon the undersigned by or on behalf of any other party involved in said lawsuit.

This _____ day of _____, 2023.

_____
Custodian of records for
CAREN E. SHORT

Sworn to and subscribed before me
this _____ day of _____, 2023.

_____
Notary Public
My commission expires:_____
     (NOTARIAL SEAL)

2

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served the within and foregoing **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to counsel of record:

Bradley E. Heard
Pichaya Poy Winichakul
Michael Tafelski
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon Avenue
Suite 340
Decatur, GA 30030
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org

Rahul Garabadu
Cory Isaacson
Caitlin May
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
rgarabadu@acluga.org
cisaacson@acluga.org
cmay@acluga.org

Jeff Loperfido
Christopher Shenton
SOUTHERN COALITION FOR
SOCIAL JUSTICE
1415 West Highway 54
Suite 101
Durham, NC 27707
jeffloperfido@scsj.org
chrisshenton@scsj.org

Jon Greenbaum
Ezra D. Rosenberg
Julie M. Houk
Sofia Fernandez Gold
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org

Caren E. Short
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW
Suite 500
Washington, DC 20036
cshort@lwv.org

Daniel W. White
HAYNIE, LITCHFIELD
& WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlw-law.com

Douglas I. Koff
Thomas L. Mott
Paul Schochet
Savannah Price
Matthew J. Sunday
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Paul.Schochet@srz.com
Savannah.Price@srz.com
Matthew.Sunday@srz.com

This 6th day of April, 2023.

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com
*Attorneys for Defendant*
*Cobb County School District*

2

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)



100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948

**Tina D'Agostino**
**Paralegal**

D: 770.818.1283

Tel: 770.818.0000
Fax: 833.330.3669

tdagostino@fmglaw.com

**www.fmglaw.com**

April 6, 2023

**VIA HAND DELIVERY**
Southern Coalition for Social Justice
Attn:  Allison J. Riggs, Registered Agent
1415 West NC Highway 54
Suite 101
Durham, NC 27707-5598

Re:     *Karen Finn, et al. v. Cobb County Board of Elections and Registration, et al.*
          United States District Court, Northern District of Georgia, Atlanta Division
          Civil Action File No. 1:22-CV-02300-ELR

Dear Records Custodian:

Enclosed is a Subpoena for the Production of Documents for certified copies of any and all records kept by you relative to the above referenced matter.  This subpoena requires you to forward a copy of your entire file as set forth therein.  Pursuant to federal law (Fed. R. Civ. P. 34(c)), this method of obtaining documents applies to persons or entities not involved in the lawsuit.

**To respond to this Subpoena and in lieu of appearance, you are required to mail copies of the requested documents, along with the properly executed verification to the undersigned by the date indicated on the Subpoena**.

We will, of course, reimburse you for any reasonable expenses incurred in responding to the request, in advance, if necessary.  Should the cost of copying the requested records exceed $100.00, you must contact me in advance for fee approval.  If prepayment is required, you may email your invoice to tdagostino@fmglaw.com or fax to my attention at (833) 330-3669 **ALONG WITH A COPY OF YOUR W-9.**

Thank you for your assistance with this matter.  If you have any questions, please do not hesitate to contact me.



Southern Coalition for Social Justice
April 6, 2023
Page 2

Very truly yours,

**FREEMAN MATHIS & GARY, LLP**

Tina D'Agostino
Paralegal

Enclosures

cc:    Bradley E. Heard, Esq. (w/ enclosures)
        Pichaya Poy Winichakul, Esq. (w/ enclosures)
        Michael Tafelski, Esq. (w/ enclosures)
        Rahul Garabadu, Esq.  (w/ enclosures)
        Cory Isaacson, Esq.  (w/ enclosures)
        Caitlin May (w/ enclosures)
        Jeff Loperfido, Esq.  (w/ enclosures)
        Christopher Shenton, Esq. (w/ enclosures)
        Jon Greenbaum, Esq. (w/ enclosures)
        Ezra D. Rosenberg, Esq. (w/ enclosures)
        Julie M. Houk, Esq. (w/ enclosures)
        Sofia Fernandez Gold, Esq. (w/ enclosures)
        Caren E. Short, Esq. (w/ enclosures)
        Douglas I. Koff, Esq. (w/ enclosures)
        Thomas L. Mott, Esq. (w/ enclosures)
        Paul Schochet, Esq. (w/ enclosures)
        Savannah Price, Esq. (w/ enclosures)
        Matthew J. Sunday, Esq. (w/ enclosures)
        Daniel W. White, Esq. (w/ enclosures)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | |
|---|---|
| KAREN FINN, ET AL., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:22-CV-02300-ELR |
| COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Southern Coalition for Social Justice
      Allison J. Riggs, Registered Agent, 1415 West NC Highway 54, Suite 101, Durham, NC 27707-5598
      *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A attached hereto and incorporated herein by reference for a complete description of the documents requested.

| Place: Caseworks Court Reporting 811 Ninth Street, Suite 260 Durham, NC 27705 | Date and Time: 04/28/2023 10:45 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/06/2023

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | *Philip W. Savrin* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Georgia Bar No. 627836 |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Cobb County School District _____ , who issues or requests this subpoena, are:

Philip W. Savrin, Freeman Mathis & Gary, LLP, 100 Galleria Parkway, Suite 1600, Atlanta, GA 30339, psavrin@fmglaw.com, 770.818.1405

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-CV-02300-ELR

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                        *Server's signature*

                                                _____
                                                        *Printed name and title*

                                                _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**EXHIBIT A**</u>
<u>**SUBSTITUTE SUBPOENA UPON**</u>
<u>**SOUTHERN COALITION FOR SOCIAL JUSTICE**</u>

## I.   <u>INSTRUCTIONS</u>

1.     The following requests are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

2.     The following requests do not seek any materials from individual counsel of record in the underlying case.

3.     The following requests do not seek materials that are protected by the attorney-client privilege or the work-product doctrine.

4.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to June 9, 2022, that pre-date the formation of an attorney-client relationship or joint representation agreement.

5.     If refusing to identify and/or withholding of any document requested herein is made on the ground of privilege, set forth an identification of each such document, specifying its author(s) and addressee(s), the person to whom copies were furnished, its date, its general subject matter, and the exact basis of your claim of privilege.  As to any claim by you that information requested may be contained in a requested document is confidential, the undersigned counsel is prepared to discuss a stipulation of consent order providing adequate protection. This instruction seeks the

identity of persons with whom alleged protected materials and communications were exchanged so that the Cobb County School District may seek those materials and communications directly from the identified individual or entity.

6.     If you formally object to any portion or aspect of any request, please answer or respond to the remainder.  If you object on the grounds that the request is overly burdensome or requests information which is not relevant to the subject matter of this litigation, please provide such information which would not be overly burdensome and which you do not object to as irrelevant to the subject matter. If you object on the basis of the request being overly burdensome, please provide an understanding of the burden and provide a process or step that the Cobb County School District could take that would reasonably alleviate the burden. The District agrees to undertake reasonable steps to lessen any purported burden or expense.

7.     If you are unable to answer any of the following requests fully and completely after exercising reasonable effort and due diligence to secure the requested documents and things, so state and answer each such request to the fullest extent possible, specify the portion of the request that you claim you are unable to answer fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of the request.  If the requested documents or things are in the possession, custody, or control of a person other than you, identify that person.

8.     If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

      (1)     missing or lost;

      (2)     destroyed;

      (3)     transferred voluntarily or involuntarily to others and, if so, to whom; or

      (4)     otherwise disposed of and, in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

## II.   <u>DEFINITIONS</u>

1.     The terms "and" and "or" shall have both conjunctive and disjunctive meanings.

2.     The terms "you" and "your" shall mean Southern Coalition for Social Justice and person(s) or entity(ies) acting or purporting to act in any manner on your behalf.

3.     "Action" shall mean the lawsuit styled *Karen Finn et al. v. Cobb County Board of Elections and Registration et al.*, Case No. 1:22-cv-2300-ELR, that is currently pending in the United States District Court for the Northern District of Georgia.

4.      "HB 1028" shall mean Georgia House Bill 1028.

5.     "District or CCSD" means the Cobb County School District in Georgia and its past or present superintendents, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, or agents, and any other persons or entities acting or purporting to act on the Cobb County School District's behalf.

6.     "Board of Education" or "Board" means the seven-member board that is the governing authority for the District, including its past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on its behalf or subject to its control or on behalf of any committee or other body associated with the Board.

7.     The term "person" shall mean any natural person, corporation, partnership, sole proprietorship, association, institute, joint venture, firm, governmental body, or any other legally cognizable entity, for profit or not for profit, whether privately or publicly owned or controlled or partially or fully owned or controlled by a government, including the person's representatives, employees, attorneys, and affiliates.

8.     The term "document" shall mean, embrace, and include, but shall not be limited to, any tangible thing upon which information is or has been stored, recorded, or communicated that is in your custody, control, or possession or of which

you have knowledge, whether prepared by you or any other person, including but not limited to the following: social media posts and messages; letters; correspondence; memoranda; handwritten, typed, and stenographic notes; telegrams; telefaxes; teletypes; messages; facsimiles; records; invoices; contracts; agreements; purchase orders; financial records; financial statements; summaries; studies; analyses; reports; brochures; bulletins; notices; leaflets; pamphlets; lists; indexes; circulars; manuals; maps; drawings; sketches; charts; graphs; schedules; calendars; agenda; diaries; journals; newspapers; periodicals; memoranda; notes of telephone and personal conversations and conferences; records of communications; audio tapes, discs, recordings, and cards; data processing tapes, discs, recordings, and cards; audio data processing tapes, discs, recordings, and cards; video tapes, discs, recordings, and cards; computer tapes, discs, recordings, and cards; magnetic tapes, discs, recordings, and cards; diskettes; recordings; computer printouts, reports, and runs and any codes necessary to comprehend such documents; data compilations; statistical compilations;; photographs; films; motion pictures; microfilms; microfiche; books; treatises; studies; all other media, records, data, and sound recordings that are machine-readable or capable of being converted into written form or transcribed; and any other method or nature, however produced or reproduced, by which or through which information is recorded, preserved, or contained, including copies of such documents.  Every draft or non-identical copy

of a "document" is a separate document as defined herein.

The term "document" shall also mean, embrace, and include all documents within your possession, custody, or control or the possession, custody, or control of your agents, representatives, attorneys, associates, or anyone else known to you, where such document has not been previously produced.

9.     The term "date" shall mean the exact day, month, and year, if known to you, or, if the exact date is not known, the best available approximation.

10.     The term "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

### III.     REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All Non-privileged documents and communications that your organization, not the individual attorneys of record, received, sent, or exchanged that discuss or mention the following individuals, entities and subjects in relation to the allegation that the redistricting plan underlying HB 1028 constitutes racial gerrymandering:

   i.     The Action.

  ii.     Georgia HB 1028.

 iii.     The Cobb County redistricting plan underlying HB 1028.

iv.   The map drawing process for the Cobb County School District ("CCSD").

v.    The allegation that the Cobb County School Board ("school board") members initiated a secretive map-drawing process referenced in the Amended Complaint at 1 ¶ 2. (A copy of the Amended Complaint is attached hereto for your convenience and reference).

vi.   The allegation that the school board had a pattern and practice of subjecting its members to racially disparate policies enacted along racial lines referenced in the Am. Complaint at 1 ¶ 2.

vii.  The allegation that the Georgia General Assembly singled out the CCSD's redistricting Plan for atypical treatment referenced in the Am. Complaint at 2 ¶ 5.

viii. The allegation that the vast majority of county-level plans were referred to the House Intragovernmental Coordination Committee or the Senate State and Local Governmental Operations Committee referenced in the Am. Complaint at 3 ¶ 5.

ix.   The allegation that the Voting Rights Act of 1965 ("VRA") was used as a pretext to separate voters based upon race referenced in the Am. Complaint at 4 ¶ 9.

x.    The allegation that the school board silenced Black board members and

Black and Latinx constituents referenced in the Am. Complaint at 19, Sec. III.

xi.   The allegation that the school board imposed antidemocratic policies that prohibited Black members from raising issues referenced in the Am. Complaint at 19, Sec. III.A.

xii.   The allegation that the school board suppressed efforts to advance issues raised by students and parents referenced in the Am. Complaint at 22, Sec. III.B.

xiii.   The allegation that the school board dissolved a committee tasked with renaming a High School named after a confederate Soldier referenced in the Am. Complaint at 23, Sec. III.B.i.

xiv.   The allegation that the school board banned critical race theory and lessons influenced by the 1619 project referenced in the Am. Complaint at 24, Sec. III.B.ii.

xv.   The allegation that the school board's actions endangered the No Place for Hate program and the Anti-Defamation League initiative referenced in the Am. Complaint at 25 ¶ 76.

xvi.   The allegation that the school board refused requests from parents and students to discuss safety improvements in response to the COVID-19 pandemic referenced in the Am. Complaint at 27, Sec. III.B.iii.

xvii.    The allegation that the school board ignored concerns of students and parents about racism in the schools and on the school board referenced in the Am. Complaint at 29, Sec. III.B.iv

xviii.   The allegation that the school board excluded other members from the redistricting process referenced in the Am. Complaint at 32, Sec. IV.

xix.    The allegation that the school board departed from historical redistricting practice referenced in the Am. Complaint at 32, Sec. IV.

xx.    The school board's hiring of Taylor English Duma LLP for the purpose of drawing new districting maps referenced in the Am. Complaint at 32-36.

xxi.    The Georgia General Assembly's redistricting process referenced in the Am. Complaint at 36-39.

xxii.   The allegation that race predominated the 2021-2022 redistricting process referenced in the Am. Complaint at 39-40.

xxiii.  The allegation that board members and congressional representatives expressed concerns over "packing" referenced in the Am. Complaint at 45 Sec. V.C.

xxiv.   The allegation that the school board and the Georgia General Assembly ignored other identified redistricting criteria referenced in the Am. Complaint at 47, Sec. V.D.

xxv.   The allegations pertaining to Cognia's investigation of the District as alleged in the Am. Complaint at ¶¶66-68.

xxvi.   The allegations regarding elections of Cobb School Board members in 2018, 2020 and 2022 as alleged in the Complaint at ¶¶ 56 – 58, 108, and 154;

xxvii.   The following current and former Cobb School board members from the period January 2019 to present concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

   a. Randy Scamihorn;
   b. David Chastain;
   c. David Banks
   d. Brad Wheeler
   e. Jaha Howard
   f. Charisse Davis
   g. Leroy Tre Hutchins
   h. Becky Sayler
   i. Nichelle Davis

xxviii.   The following plaintiffs in the Action concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

   a. Karen Finn;
   b. Dr. Jillian Ford;
   c. Hylah Daly;
   d. Jenne Dulcio;
   e. Galeo Latino Community Development Fund, Inc. ("Galeo");
   f. League of Women Voters of Marietta-Cobb;
   g. New Georgia Project Action Fund;
   h. Georgia Coalition for the People's Agenda, Inc. and

      i.     Maxie Kirk-Williams (president of the League of Women Voters of Marietta-Cobb),

      j.     Aklima Khondoker (upon information and belief, technical director at The Carter Center, formerly of The New Georgia Project and the ACLU of Georgia)

      k.    Helen Butler (Executive Director of the Georgia Coalition for the Peoples' Agenda),

      l.     Jerry Gonzalez (CEO of Galeo);

      m.   Gino Nuzzolillo (Common Cause);

      n.    Kevin Pallasch (Southern Poverty Law Center)

      o.    Dorrie Toney (ACLU of Georgia)

      p.    Shannon Augustus (League of Women Voters of the United States),

xxix.    Any employee of the District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

xxx.    The following individuals and entities concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

      a.    Southern Poverty Law Center

      b.    ACLU Foundation of Georgia, Inc

      c.    Lawyers' Committee for Civil Rights Under Law

      d.    Schulte Roth & Zabel, LLP

      e.    League of Women Voters of the United States

      f.    League of Women Voters of Georgia;

      g.    Poy Winichakul

      h.    Caren E. Short

      i.    Cognia, Inc.;

      j.    Stronger Together;

      k.    Jennifer Susko;

      l.    Radiya Ajibade;

      m.   David Morgan

      n.    John Floresta

      o.    Chris Ragsdale

      p.    Solomon Adesanya

      q.    Teri Anulewicz

      r.    Lisa Campbell

  s.  John Carson
  t.  Sharon Cooper
  u.  Terry Cummings
  v.  Ginny Ehrhardt
  w.  Don Parsons
  x.  Jordan Ridley
  y.  Devan Seabaugh
  z.  Michael Smith
  aa.  Doug Stoner
  bb.  David Wilkerson
  cc.  Mary Frances Williams
  dd.  John Albers
  ee.  Jason Esteves
  ff.  Kay Kirpatrick
  gg.  Michael Rhett
  hh.  Ed Setzler
  ii.  Horacena Tate
  jj.  Lucy McBath
  kk.  Jerica Richardson
  ll.  Renitta Shannon

2.  All non-privileged documents and communications relating to analyses or studies performed in connection with redistricting of the Cobb County School District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena, referencing, evaluating, or discussing the following:

  i.  racial demographics of Cobb County;

  ii.  race or ethnicity of Cobb County residents;

  iii.  political or party information or affiliation of Cobb County residents;

  iv.  voters residing in Cobb County, including white voters and voters of color;

  v.  Cobb County voting districts;

  vi. total population or eligible voter population of Cobb County;

  vii. race-neutral districting principles;

  viii. census data;

  ix. legal compliance;

  x. compactness scores; and

  xi. shape of voting districts.

3. All non-privileged documents and communications that you provided to any person (such as the Cobb County Board of Education) in the creation of redistricting maps for Cobb County different from the one adopted in the passing of HB 1028 by the Georgia legislature.

4. All reports, studies, data, drawings, maps, graphs, charts, estimates, and analyses, including drafts of each of the foregoing that relate in any way to the topics enumerated in 1(i) to 1(xxvii) in this subpoena, including but not limited to demographics of Cobb County, the political or voting preferences of its residents, including voters of color such as Black and Latinx populations.

5. All news articles, press releases, legislative updates, pamphlets, letters, blog postings, social media posts, and other that in any way reference or relate to the topics enumerated in 1(i) to 1(xxvii) in this subpoena including but not limited to the Action, the redistricting of Cobb County, or any alleged racial discrimination within the Cobb County School District.

6.      All non-privileged documents and communications from January 1, 2019 to the present concerning the topics enumerated in 1(i) to 1(xxvii)  in this subpoena that reflect or evidence any agreement, contract, discussions, or negotiations between you and the plaintiffs in the Action such as press relations or advocacy efforts.

7.      Any joint representation agreement or engagement agreement with any Plaintiff or counsel in this Action relating to the Complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN FINN, DR. JILLIAN FORD,　　)
HYLAH DALY, JENNE DULCIO,　　　　)
GALEO LATINO COMMUNITY　　　　　)
DEVELOPMENT FUND, INC., NEW　　)
GEORGIA PROJECT ACTION　　　　　)
FUND, LEAGUE OF WOMEN　　　　　　)
VOTERS OF MARIETTA-COBB, and　　)
GEORGIA COALITION FOR THE　　　　)
PEOPLE'S AGENDA, INC.,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
COBB COUNTY BOARD OF　　　　　　　)
ELECTIONS AND REGISTRATION　　　)
and JANINE EVELER, in her official　　)
capacity as Director of the Cobb　　　　)
County Board of Elections and　　　　　)
Registration, and COBB COUNTY　　　)
SCHOOL DISTRICT,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　　)

CIVIL ACTION FILE

NO. 1:22-CV-02300-ELR

## <u>DECLARATION OF AUTHENTICATION OF RECORDS</u>
## <u>PURSUANT TO FRE 803(6) AND 902(11)</u>

THE UNDERSIGNED certifies (1) that he/she is the custodian or other

qualified person responsible for keeping the records for SOUTHERN COALITION

FOR SOCIAL JUSTICE; (2) that the attached records are true and accurate copies

of the records of SOUTHERN COALITION FOR SOCIAL JUSTICE which were

kept by/for SOUTHERN COALITION FOR SOCIAL JUSTICE; (3) that the records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of such matters; (4) that the records were kept in the course of the regularly conducted activity; (5) that the records were made by the regularly conducted activity as a regular practice of SOUTHERN COALITION FOR SOCIAL JUSTICE.

THIS CERTIFICATE is given pursuant to Georgia laws and in compliance with F.R.C.P. Rule 45 and FRE 803(6) and 902(11) in lieu of the personal appearance of the person certifying hereto.

THE UNDERSIGNED further certifies that said records with this certificate were delivered to Philip W. Savrin, attorney for defendant, who sought production of these records.  It is further certified that no objection to this production has been served upon the undersigned by or on behalf of any other party involved in said lawsuit.

This _____ day of _____, 2023.


_____
Custodian of records for SOUTHERN
COALITION FOR SOCIAL JUSTICE

Sworn to and subscribed before me
this _____ day of _____, 2023.

_____
Notary Public
My commission expires:_____

(NOTARIAL SEAL)

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day served the within and foregoing **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to counsel of record:

Bradley E. Heard
Pichaya Poy Winichakul
Michael Tafelski
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon Avenue
Suite 340
Decatur, GA 30030
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org

Rahul Garabadu
Cory Isaacson
Caitlin May
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
rgarabadu@acluga.org
cisaacson@acluga.org
cmay@acluga.org

Jeff Loperfido
Christopher Shenton
SOUTHERN COALITION FOR
SOCIAL JUSTICE
1415 West Highway 54
Suite 101
Durham, NC 27707
jeffloperfido@scsj.org
chrisshenton@scsj.org

Jon Greenbaum
Ezra D. Rosenberg
Julie M. Houk
Sofia Fernandez Gold
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org

Caren E. Short
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW
Suite 500
Washington, DC 20036
cshort@lwv.org

Daniel W. White
HAYNIE, LITCHFIELD
& WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlw-law.com

Douglas I. Koff
Thomas L. Mott
Paul Schochet
Savannah Price
Matthew J. Sunday
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Paul.Schochet@srz.com
Savannah.Price@srz.com
Matthew.Sunday@srz.com

This 6th day of April, 2023.

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com
*Attorneys for Defendant*
*Cobb County School District*

2

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)



100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948

Tel: 770.818.0000
Fax: 833.330.3669

**www.fmglaw.com**

**Tina D'Agostino**
**Paralegal**

D: 770.818.1283

tdagostino@fmglaw.com

April 6, 2023

<u>**VIA HAND DELIVERY**</u>
League of Women Voters of the United States
Attn:  Northwest Registered Agent Service Inc., Registered Agent
1717 N. Street NW
Suite 1
Washington, DC 20036

> Re:   *Karen Finn, et al. v. Cobb County Board of Elections and Registration, et al.*
> United States District Court, Northern District of Georgia, Atlanta Division
> Civil Action File No. 1:22-CV-02300-ELR

Dear Records Custodian:

Enclosed is a Subpoena for the Production of Documents for certified copies of any and all records kept by you relative to the above referenced matter.  This subpoena requires you to forward a copy of your entire file as set forth therein.  Pursuant to federal law (Fed. R. Civ. P. 34(c)), this method of obtaining documents applies to persons or entities not involved in the lawsuit.

**<u>To respond to this Subpoena and in lieu of appearance, you are required to mail copies of the requested documents, along with the properly executed verification to the undersigned by the date indicated on the Subpoena</u>**.

We will, of course, reimburse you for any reasonable expenses incurred in responding to the request, in advance, if necessary.  Should the cost of copying the requested records exceed $100.00, you must contact me in advance for fee approval.  If prepayment is required, you may email your invoice to tdagostino@fmglaw.com or fax to my attention at (833) 330-3669 **<u>ALONG WITH A COPY OF YOUR W-9.</u>**

Thank you for your assistance with this matter.  If you have any questions, please do not hesitate to contact me.



League of Women Voters of the United States
April 6, 2023
Page 2

Very truly yours,

**FREEMAN MATHIS & GARY, LLP**

Tina D'Agostino
Paralegal

Enclosures
cc:    Bradley E. Heard, Esq. (w/ enclosures)
       Pichaya Poy Winichakul, Esq. (w/ enclosures)
       Michael Tafelski, Esq. (w/ enclosures)
       Rahul Garabadu, Esq.  (w/ enclosures)
       Cory Isaacson, Esq.  (w/ enclosures)
       Caitlin May (w/ enclosures)
       Jeff Loperfido, Esq.  (w/ enclosures)
       Christopher Shenton, Esq. (w/ enclosures)
       Jon Greenbaum, Esq. (w/ enclosures)
       Ezra D. Rosenberg, Esq. (w/ enclosures)
       Julie M. Houk, Esq. (w/ enclosures)
       Sofia Fernandez Gold, Esq. (w/ enclosures)
       Caren E. Short, Esq. (w/ enclosures)
       Douglas I. Koff, Esq. (w/ enclosures)
       Thomas L. Mott, Esq. (w/ enclosures)
       Paul Schochet, Esq. (w/ enclosures)
       Savannah Price, Esq. (w/ enclosures)
       Matthew J. Sunday, Esq. (w/ enclosures)
       Daniel W. White, Esq. (w/ enclosures)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | |
|---|---|
| KAREN FINN, ET AL.,<br>_____<br>*Plaintiff*<br>v.<br>COBB COUNTY BOARD OF ELECTIONS AND<br>REGISTRATION, ET AL.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.   1:22-CV-02300-ELR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   League of Women Voters of the United States
        Northwest Registered Agent Service, Inc., Registered Agent, 1717 N. Street NW, Suite 1, Washington, DC 20036

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  Please see Exhibit A attached hereto and incorporated herein by reference for a complete description of the documents requested.

| Place:  Olender Reporting, Inc.<br>1100 Connecticut Avenue, NW, Suite 810<br>Washington, DC 20036 | Date and Time:<br><br>04/28/2023 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/06/2023

| CLERK OF COURT | | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | OR | *Philip W. Savrin*<br>_____<br>*Attorney's signature*<br>Georgia Bar No. 627836 |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Cobb County School District                                    , who issues or requests this subpoena, are:

Philip W. Savrin, Freeman Mathis & Gary, LLP, 100 Galleria Parkway, Suite 1600, Atlanta, GA 30339, psavrin@fmglaw.com, 770.818.1405

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    1:22-CV-02300-ELR

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                 _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A
## SUBSTITUTE SUBPOENA UPON
## LEAGUE OF WOMEN VOTERS OF THE UNITED STATES

## I.   INSTRUCTIONS

1.    The following requests are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

2.    The following requests do not seek any materials from individual counsel of record in the underlying case.

3.    The following requests do not seek materials that are protected by the attorney-client privilege or the work-product doctrine.

4.    Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to June 9, 2022, that pre-date the formation of an attorney-client relationship or joint representation agreement.

5.    If refusing to identify and/or withholding of any document requested herein is made on the ground of privilege, set forth an identification of each such document, specifying its author(s) and addressee(s), the person to whom copies were furnished, its date, its general subject matter, and the exact basis of your claim of privilege.  As to any claim by you that information requested may be contained in a requested document is confidential, the undersigned counsel is prepared to discuss a stipulation of consent order providing adequate protection. This instruction seeks the

identity of persons with whom alleged protected materials and communications were exchanged so that the Cobb County School District may seek those materials and communications directly from the identified individual or entity.

6.      If you formally object to any portion or aspect of any request, please answer or respond to the remainder.  If you object on the grounds that the request is overly burdensome or requests information which is not relevant to the subject matter of this litigation, please provide such information which would not be overly burdensome and which you do not object to as irrelevant to the subject matter. If you object on the basis of the request being overly burdensome, please provide an understanding of the burden and provide a process or step that the Cobb County School District could take that would reasonably alleviate the burden. The District agrees to undertake reasonable steps to lessen any purported burden or expense.

7.      If you are unable to answer any of the following requests fully and completely after exercising reasonable effort and due diligence to secure the requested documents and things, so state and answer each such request to the fullest extent possible, specify the portion of the request that you claim you are unable to answer fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of the request.  If the requested documents or things are in the possession, custody, or control of a person other than you, identify that person.

8.      If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

(1)     missing or lost;

(2)     destroyed;

(3)     transferred voluntarily or involuntarily to others and, if so, to whom; or

(4)     otherwise disposed of and, in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

## II.  **DEFINITIONS**

1.      The terms "and" and "or" shall have both conjunctive and disjunctive meanings.

2.      The terms "you" and "your" shall League of Women Voters of The United States and person(s) or entity(ies) acting or purporting to act in any manner on your behalf.

3.      "Action" shall mean the lawsuit styled *Karen Finn et al. v. Cobb County Board of Elections and Registration et al.*, Case No. 1:22-cv-2300-ELR, that is currently pending in the United States District Court for the Northern District of Georgia.

4.       "HB 1028" shall mean Georgia House Bill 1028.

5.      "District or CCSD" means the Cobb County School District in Georgia and its past or present superintendents, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, or agents, and any other persons or entities acting or purporting to act on the Cobb County School District's behalf.

6.      "Board of Education" or "Board" means the seven-member board that is the governing authority for the District, including its past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on its behalf or subject to its control or on behalf of any committee or other body associated with the Board.

7.      The term "person" shall mean any natural person, corporation, partnership, sole proprietorship, association, institute, joint venture, firm, governmental body, or any other legally cognizable entity, for profit or not for profit, whether privately or publicly owned or controlled or partially or fully owned or controlled by a government, including the person's representatives, employees, attorneys, and affiliates.

8.      The term "document" shall mean, embrace, and include, but shall not be limited to, any tangible thing upon which information is or has been stored, recorded, or communicated that is in your custody, control, or possession or of which

you have knowledge, whether prepared by you or any other person, including but not limited to the following: social media posts and messages; letters; correspondence; memoranda; handwritten, typed, and stenographic notes; telegrams; telefaxes; teletypes; messages; facsimiles; records; invoices; contracts; agreements; purchase orders; financial records; financial statements; summaries; studies; analyses; reports; brochures; bulletins; notices; leaflets; pamphlets; lists; indexes; circulars; manuals; maps; drawings; sketches; charts; graphs; schedules; calendars; agenda; diaries; journals; newspapers; periodicals; memoranda; notes of telephone and personal conversations and conferences; records of communications; audio tapes, discs, recordings, and cards; data processing tapes, discs, recordings, and cards; audio data processing tapes, discs, recordings, and cards; video tapes, discs, recordings, and cards; computer tapes, discs, recordings, and cards; magnetic tapes, discs, recordings, and cards; diskettes; recordings; computer printouts, reports, and runs and any codes necessary to comprehend such documents; data compilations; statistical compilations;; photographs; films; motion pictures; microfilms; microfiche; books; treatises; studies; all other media, records, data, and sound recordings that are machine-readable or capable of being converted into written form or transcribed; and any other method or nature, however produced or reproduced, by which or through which information is recorded, preserved, or contained, including copies of such documents.  Every draft or non-identical copy

of a "document" is a separate document as defined herein.

The term "document" shall also mean, embrace, and include all documents within your possession, custody, or control or the possession, custody, or control of your agents, representatives, attorneys, associates, or anyone else known to you, where such document has not been previously produced.

9.    The term "date" shall mean the exact day, month, and year, if known to you, or, if the exact date is not known, the best available approximation.

10.    The term "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

## III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All Non-privileged documents and communications that your organization, not the individual attorneys of record, received, sent, or exchanged that discuss or mention the following individuals, entities and subjects in relation to the allegation that the redistricting plan underlying HB 1028 constitutes racial gerrymandering:

    i.    The Action.

    ii.    Georgia HB 1028.

    iii.    The Cobb County redistricting plan underlying HB 1028.

iv.   The map drawing process for the Cobb County School District ("CCSD").

v.   The allegation that the Cobb County School Board ("school board") members initiated a secretive map-drawing process referenced in the Amended Complaint at 1 ¶ 2. (A copy of the Amended Complaint is attached hereto for your convenience and reference).

vi.   The allegation that the school board had a pattern and practice of subjecting its members to racially disparate policies enacted along racial lines referenced in the Am. Complaint at 1 ¶ 2.

vii.   The allegation that the Georgia General Assembly singled out the CCSD's redistricting Plan for atypical treatment referenced in the Am. Complaint at 2 ¶ 5.

viii.   The allegation that the vast majority of county-level plans were referred to the House Intragovernmental Coordination Committee or the Senate State and Local Governmental Operations Committee referenced in the Am. Complaint at 3 ¶ 5.

ix.   The allegation that the Voting Rights Act of 1965 ("VRA") was used as a pretext to separate voters based upon race referenced in the Am. Complaint at 4 ¶ 9.

x.   The allegation that the school board silenced Black board members and

Black and Latinx constituents referenced in the Am. Complaint at 19, Sec. III.

xi.   The allegation that the school board imposed antidemocratic policies that prohibited Black members from raising issues referenced in the Am. Complaint at 19, Sec. III.A.

xii.   The allegation that the school board suppressed efforts to advance issues raised by students and parents referenced in the Am. Complaint at 22, Sec. III.B.

xiii.   The allegation that the school board dissolved a committee tasked with renaming a High School named after a confederate Soldier referenced in the Am. Complaint at 23, Sec. III.B.i.

xiv.   The allegation that the school board banned critical race theory and lessons influenced by the 1619 project referenced in the Am. Complaint at 24, Sec. III.B.ii.

xv.   The allegation that the school board's actions endangered the No Place for Hate program and the Anti-Defamation League initiative referenced in the Am. Complaint at 25 ¶ 76.

xvi.   The allegation that the school board refused requests from parents and students to discuss safety improvements in response to the COVID-19 pandemic referenced in the Am. Complaint at 27, Sec. III.B.iii.

xvii.  The allegation that the school board ignored concerns of students and parents about racism in the schools and on the school board referenced in the Am. Complaint at 29, Sec. III.B.iv

xviii.  The allegation that the school board excluded other members from the redistricting process referenced in the Am. Complaint at 32, Sec. IV.

xix.  The allegation that the school board departed from historical redistricting practice referenced in the Am. Complaint at 32, Sec. IV.

xx.  The school board's hiring of Taylor English Duma LLP for the purpose of drawing new districting maps referenced in the Am. Complaint at 32-36.

xxi.  The Georgia General Assembly's redistricting process referenced in the Am. Complaint at 36-39.

xxii.  The allegation that race predominated the 2021-2022 redistricting process referenced in the Am. Complaint at 39-40.

xxiii.  The allegation that board members and congressional representatives expressed concerns over "packing" referenced in the Am. Complaint at 45 Sec. V.C.

xxiv.  The allegation that the school board and the Georgia General Assembly ignored other identified redistricting criteria referenced in the Am. Complaint at 47, Sec. V.D.

xxv.     The allegations pertaining to Cognia's investigation of the District as alleged in the Am. Complaint at ¶¶66-68.

xxvi.    The allegations regarding elections of Cobb School Board members in 2018, 2020 and 2022 as alleged in the Complaint at ¶¶ 56 – 58, 108, and 154;

xxvii.   The following current and former Cobb School board members from the period January 2019 to present concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

    a.   Randy Scamihorn;
    b.   David Chastain;
    c.   David Banks
    d.   Brad Wheeler
    e.   Jaha Howard
    f.   Charisse Davis
    g.   Leroy Tre Hutchins
    h.   Becky Sayler
    i.   Nichelle Davis

xxviii.  The following plaintiffs in the Action concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

    a.   Karen Finn;
    b.   Dr. Jillian Ford;
    c.   Hylah Daly;
    d.   Jenne Dulcio;
    e.   Galeo Latino Community Development Fund, Inc. ("Galeo");
    f.   League of Women Voters of Marietta-Cobb;
    g.   New Georgia Project Action Fund;
    h.   Georgia Coalition for the People's Agenda, Inc. and

    i.    Maxie Kirk-Williams (president of the League of Women Voters of Marietta-Cobb),

    j.    Aklima Khondoker (upon information and belief, technical director at The Carter Center, formerly of The New Georgia Project and the ACLU of Georgia)

    k.    Helen Butler (Executive Director of the Georgia Coalition for the Peoples' Agenda),

    l.    Jerry Gonzalez (CEO of Galeo);

    m.    Gino Nuzzolillo (Common Cause);

    n.    Kevin Pallasch (Southern Poverty Law Center)

    o.    Dorrie Toney (ACLU of Georgia)

    p.    Shannon Augustus (League of Women Voters of the United States),

xxix.    Any employee of the District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

xxx.    The following individuals and entities concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

    a.    Southern Poverty Law Center

    b.    ACLU Foundation of Georgia, Inc

    c.    Lawyers' Committee for Civil Rights Under Law

    d.    Schulte Roth & Zabel, LLP

    e.    League of Women Voters of the United States

    f.    League of Women Voters of Georgia;

    g.    Poy Winichakul

    h.    Caren E. Short

    i.    Cognia, Inc.;

    j.    Stronger Together;

    k.    Jennifer Susko;

    l.    Radiya Ajibade;

    m.    David Morgan

    n.    John Floresta

    o.    Chris Ragsdale

    p.    Solomon Adesanya

    q.    Teri Anulewicz

    r.    Lisa Campbell

     s.    John Carson
     t.    Sharon Cooper
     u.    Terry Cummings
     v.    Ginny Ehrhardt
     w.   Don Parsons
     x.    Jordan Ridley
     y.    Devan Seabaugh
     z.    Michael Smith
    aa.  Doug Stoner
    bb.  David Wilkerson
    cc.  Mary Frances Williams
    dd.  John Albers
    ee.  Jason Esteves
    ff.   Kay Kirpatrick
    gg.  Michael Rhett
    hh.  Ed Setzler
    ii.   Horacena Tate
    jj.   Lucy McBath
    kk.  Jerica Richardson
    ll.   Renitta Shannon

2.    All non-privileged documents and communications relating to analyses or studies performed in connection with redistricting of the Cobb County School District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena, referencing, evaluating, or discussing the following:

    i.    racial demographics of Cobb County;

    ii.   race or ethnicity of Cobb County residents;

    iii.  political or party information or affiliation of Cobb County residents;

    iv.  voters residing in Cobb County, including white voters and voters of color;

    v.   Cobb County voting districts;

     vi.    total population or eligible voter population of Cobb County;

    vii.    race-neutral districting principles;

   viii.    census data;

    ix.    legal compliance;

     x.    compactness scores; and

    xi.    shape of voting districts.

3.    All non-privileged documents and communications that you provided to any person (such as the Cobb County Board of Education) in the creation of redistricting maps for Cobb County different from the one adopted in the passing of HB 1028 by the Georgia legislature.

4.    All reports, studies, data, drawings, maps, graphs, charts, estimates, and analyses, including drafts of each of the foregoing that relate in any way to the topics enumerated in 1(i) to 1(xxvii) in this subpoena, including but not limited to demographics of Cobb County, the political or voting preferences of its residents, including voters of color such as Black and Latinx populations.

5.    All news articles, press releases, legislative updates, pamphlets, letters, blog postings, social media posts, and other that in any way reference or relate to the topics enumerated in 1(i) to 1(xxvii) in this subpoena including but not limited to the Action, the redistricting of Cobb County, or any alleged racial discrimination within the Cobb County School District.

6.     All non-privileged documents and communications from January 1, 2019 to the present concerning the topics enumerated in 1(i) to 1(xxvii)  in this subpoena that reflect or evidence any agreement, contract, discussions, or negotiations between you and the plaintiffs in the Action such as press relations or advocacy efforts.

7.     Any joint representation agreement or engagement agreement with any Plaintiff or counsel in this Action relating to the Complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAREN FINN, DR. JILLIAN FORD, HYLAH DALY, JENNE DULCIO, GALEO LATINO COMMUNITY DEVELOPMENT FUND, INC., NEW GEORGIA PROJECT ACTION FUND, LEAGUE OF WOMEN VOTERS OF MARIETTA-COBB, and GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC., | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 1:22-CV-02300-ELR |
| v. | ) ) | |
| COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION and JANINE EVELER, in her official capacity as Director of the Cobb County Board of Elections and Registration, and COBB COUNTY SCHOOL DISTRICT, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF AUTHENTICATION OF RECORDS PURSUANT TO FRE 803(6) AND 902(11)

THE UNDERSIGNED certifies (1) that he/she is the custodian or other qualified person responsible for keeping the records for LEAGUE OF WOMEN VOTERS OF THE UNITED STATES; (2) that the attached records are true and accurate copies of the records of LEAGUE OF WOMEN VOTERS OF THE

UNITED STATES which were kept by/for LEAGUE OF WOMEN VOTERS OF THE UNITED STATES; (3) that the records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of such matters; (4) that the records were kept in the course of the regularly conducted activity; (5) that the records were made by the regularly conducted activity as a regular practice of LEAGUE OF WOMEN VOTERS OF THE UNITED STATES.

THIS CERTIFICATE is given pursuant to Georgia laws and in compliance with F.R.C.P. Rule 45 and FRE 803(6) and 902(11) in lieu of the personal appearance of the person certifying hereto.

THE UNDERSIGNED further certifies that said records with this certificate were delivered to Philip W. Savrin, attorney for defendant, who sought production of these records.  It is further certified that no objection to this production has been served upon the undersigned by or on behalf of any other party involved in said lawsuit.

This _____ day of _____, 2023.

_____
Custodian of records for
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES

2

Sworn to and subscribed before me
this _____ day of _____, 2023.

_____
Notary Public
My commission expires:_____

      (NOTARIAL SEAL)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served the within and foregoing **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to counsel of record:

Bradley E. Heard
Pichaya Poy Winichakul
Michael Tafelski
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon Avenue
Suite 340
Decatur, GA 30030
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org

Rahul Garabadu
Cory Isaacson
Caitlin May
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
rgarabadu@acluga.org
cisaacson@acluga.org
cmay@acluga.org

Jeff Loperfido
Christopher Shenton
SOUTHERN COALITION FOR
SOCIAL JUSTICE
1415 West Highway 54
Suite 101
Durham, NC 27707
jeffloperfido@scsj.org
chrisshenton@scsj.org

Jon Greenbaum
Ezra D. Rosenberg
Julie M. Houk
Sofia Fernandez Gold
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org

Caren E. Short
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW
Suite 500
Washington, DC 20036
cshort@lwv.org

Douglas I. Koff
Thomas L. Mott
Paul Schochet
Savannah Price
Matthew J. Sunday
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Paul.Schochet@srz.com
Savannah.Price@srz.com
Matthew.Sunday@srz.com

This 6th day of April, 2023.

Daniel W. White
HAYNIE, LITCHFIELD
& WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlw-law.com

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com
*Attorneys for Defendant*
*Cobb County School District*

2

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)



100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948

**Tina D'Agostino**
**Paralegal**

D: 770.818.1283

Tel: 770.818.0000
Fax: 833.330.3669

tdagostino@fmglaw.com

**www.fmglaw.com**

April 6, 2023

<u>**VIA HAND DELIVERY**</u>
Lawyers' Committee for Civil Rights Under Law
Attn:  Incorp Services, Inc., Registered Agent
1100 H. Street, NW
Suite 840
Washington, DC 20005

      Re:     *Karen Finn, et al. v. Cobb County Board of Elections and Registration, et al.*
              United States District Court, Northern District of Georgia, Atlanta Division
              Civil Action File No. 1:22-CV-02300-ELR

Dear Records Custodian:

      Enclosed is a Subpoena for the Production of Documents for certified copies of any and all records kept by you relative to the above referenced matter.  This subpoena requires you to forward a copy of your entire file as set forth therein.  Pursuant to federal law (Fed. R. Civ. P. 34(c)), this method of obtaining documents applies to persons or entities not involved in the lawsuit.

      <u>**To respond to this Subpoena and in lieu of appearance, you are required to mail copies of the requested documents, along with the properly executed verification to the undersigned by the date indicated on the Subpoena**</u>.

      We will, of course, reimburse you for any reasonable expenses incurred in responding to the request, in advance, if necessary.  Should the cost of copying the requested records exceed $100.00, you must contact me in advance for fee approval.  If prepayment is required, you may email your invoice to tdagostino@fmglaw.com or fax to my attention at (833) 330-3669 **ALONG WITH A COPY OF YOUR W-9.**

      Thank you for your assistance with this matter.  If you have any questions, please do not hesitate to contact me.



Lawyers' Committee for Civil Rights Under Law
April 6, 2023
Page 2

Very truly yours,

**FREEMAN MATHIS & GARY, LLP**

Tina D'Agostino
Paralegal

Enclosures
cc:      Bradley E. Heard, Esq. (w/ enclosures)
         Pichaya Poy Winichakul, Esq. (w/ enclosures)
         Michael Tafelski, Esq. (w/ enclosures)
         Rahul Garabadu, Esq.  (w/ enclosures)
         Cory Isaacson, Esq.  (w/ enclosures)
         Caitlin May (w/ enclosures)
         Jeff Loperfido, Esq.  (w/ enclosures)
         Christopher Shenton, Esq. (w/ enclosures)
         Jon Greenbaum, Esq. (w/ enclosures)
         Ezra D. Rosenberg, Esq. (w/ enclosures)
         Julie M. Houk, Esq. (w/ enclosures)
         Sofia Fernandez Gold, Esq. (w/ enclosures)
         Caren E. Short, Esq. (w/ enclosures)
         Douglas I. Koff, Esq. (w/ enclosures)
         Thomas L. Mott, Esq. (w/ enclosures)
         Paul Schochet, Esq. (w/ enclosures)
         Savannah Price, Esq. (w/ enclosures)
         Matthew J. Sunday, Esq. (w/ enclosures)
         Daniel W. White, Esq. (w/ enclosures)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| KAREN FINN, ET AL., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:22-CV-02300-ELR |
| COBB COUNTY BOARD OF ELECTIONS AND | ) | |
| REGISTRATION, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Lawyers' Committee for Civil Rights Under Law
      Incorp Services, Inc., Registered Agent, 1100 H. Street NW, Suite 840, Washington, D.C. 20005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   Please see Exhibit A attached hereto and incorporated herein by reference for a complete description of the documents requested.

| Place:   Olender Reporting, Inc.<br>1100 Connecticut Avenue, NW, Suite 810<br>Washington, DC 20036 | Date and Time:<br><br>04/28/2023 11:15 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/06/2023

| CLERK OF COURT | OR | *Philip W. Savrin* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Georgia Bar No. 627836 |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Cobb County School District _____, who issues or requests this subpoena, are:

Philip W. Savrin, Freeman Mathis & Gary, LLP, 100 Galleria Parkway, Suite 1600, Atlanta, GA 30339, psavrin@fmglaw.com, 770.818.1405

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    1:22-CV-02300-ELR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A
## SUBSTITUTE SUBPOENA UPON LAWYERS'
## COMMITTEE  FOR CIVIL RIGHTS UNDER LAW

## I.   INSTRUCTIONS

1.     The following requests are to be answered to the extent of all information that is or may be available to you or to any other person or entity who has acted or is now acting on your behalf.

2.     The following requests do not seek any materials from individual counsel of record in the underlying case.

3.     The following requests do not seek materials that are protected by the attorney-client privilege or the work-product doctrine.

4.     Unless otherwise specified, all document requests concern the period of time from January 1, 2019 to June 9, 2022, that pre-date the formation of an attorney-client relationship or joint representation agreement.

5.     If refusing to identify and/or withholding of any document requested herein is made on the ground of privilege, set forth an identification of each such document, specifying its author(s) and addressee(s), the person to whom copies were furnished, its date, its general subject matter, and the exact basis of your claim of privilege.  As to any claim by you that information requested may be contained in a requested document is confidential, the undersigned counsel is prepared to discuss a stipulation of consent order providing adequate protection. This instruction seeks the

identity of persons with whom alleged protected materials and communications were exchanged so that the Cobb County School District may seek those materials and communications directly from the identified individual or entity.

6.     If you formally object to any portion or aspect of any request, please answer or respond to the remainder.  If you object on the grounds that the request is overly burdensome or requests information which is not relevant to the subject matter of this litigation, please provide such information which would not be overly burdensome and which you do not object to as irrelevant to the subject matter. If you object on the basis of the request being overly burdensome, please provide an understanding of the burden and provide a process or step that the Cobb County School District could take that would reasonably alleviate the burden. The District agrees to undertake reasonable steps to lessen any purported burden or expense.

7.     If you are unable to answer any of the following requests fully and completely after exercising reasonable effort and due diligence to secure the requested documents and things, so state and answer each such request to the fullest extent possible, specify the portion of the request that you claim you are unable to answer fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of the request.  If the requested documents or things are in the possession, custody, or control of a person other than you, identify that person.

8.      If any document(s) requested to be produced was, but is no longer, in existence, state whether it is:

      (1)      missing or lost;

      (2)      destroyed;

      (3)      transferred voluntarily or involuntarily to others and, if so, to whom; or

      (4)      otherwise disposed of and, in each instance, explain the circumstances surrounding an authorization for such disposition, and state the approximate date thereof.

## II.   <u>DEFINITIONS</u>

1.      The terms "and" and "or" shall have both conjunctive and disjunctive meanings.

2.      The terms "you" and "your" shall mean Lawyers' Committee for Civil Rights Under Law and person(s) or entity(ies) acting or purporting to act in any manner on your behalf.

3.      "Action" shall mean the lawsuit styled *Karen Finn et al. v. Cobb County Board of Elections and Registration et al.*, Case No. 1:22-cv-2300-ELR, that is currently pending in the United States District Court for the Northern District of Georgia.

4.       "HB 1028" shall mean Georgia House Bill 1028.

5.     "District or CCSD" means the Cobb County School District in Georgia and its past or present superintendents, employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, or agents, and any other persons or entities acting or purporting to act on the Cobb County School District's behalf.

6.     "Board of Education" or "Board" means the seven-member board that is the governing authority for the District, including its past or present employees, staff, interns, representatives, designees, attorneys, advisors, consultants, contractors, agents, or other persons or entities acting or purporting to act on its behalf or subject to its control or on behalf of any committee or other body associated with the Board.

7.     The term "person" shall mean any natural person, corporation, partnership, sole proprietorship, association, institute, joint venture, firm, governmental body, or any other legally cognizable entity, for profit or not for profit, whether privately or publicly owned or controlled or partially or fully owned or controlled by a government, including the person's representatives, employees, attorneys, and affiliates.

8.     The term "document" shall mean, embrace, and include, but shall not be limited to, any tangible thing upon which information is or has been stored, recorded, or communicated that is in your custody, control, or possession or of which

you have knowledge, whether prepared by you or any other person, including but not limited to the following: social media posts and messages; letters; correspondence; memoranda; handwritten, typed, and stenographic notes; telegrams; telefaxes; teletypes; messages; facsimiles; records; invoices; contracts; agreements; purchase orders; financial records; financial statements; summaries; studies; analyses; reports; brochures; bulletins; notices; leaflets; pamphlets; lists; indexes; circulars; manuals; maps; drawings; sketches; charts; graphs; schedules; calendars; agenda; diaries; journals; newspapers; periodicals; memoranda; notes of telephone and personal conversations and conferences; records of communications; audio tapes, discs, recordings, and cards; data processing tapes, discs, recordings, and cards; audio data processing tapes, discs, recordings, and cards; video tapes, discs, recordings, and cards; computer tapes, discs, recordings, and cards; magnetic tapes, discs, recordings, and cards; diskettes; recordings; computer printouts, reports, and runs and any codes necessary to comprehend such documents; data compilations; statistical compilations;; photographs; films; motion pictures; microfilms; microfiche; books; treatises; studies; all other media, records, data, and sound recordings that are machine-readable or capable of being converted into written form or transcribed; and any other method or nature, however produced or reproduced, by which or through which information is recorded, preserved, or contained, including copies of such documents.  Every draft or non-identical copy

of a "document" is a separate document as defined herein.

The term "document" shall also mean, embrace, and include all documents within your possession, custody, or control or the possession, custody, or control of your agents, representatives, attorneys, associates, or anyone else known to you, where such document has not been previously produced.

9.     The term "date" shall mean the exact day, month, and year, if known to you, or, if the exact date is not known, the best available approximation.

10.     The term "communication" shall include any oral utterance made, heard, or overheard, whether in person or by telephone or otherwise, as well as every document and every other mode of intentionally conveyed meaning.

## III.     REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All Non-privileged documents and communications that your organization, not the individual attorneys of record, received, sent, or exchanged that discuss or mention the following individuals, entities and subjects in relation to the allegation that the redistricting plan underlying HB 1028 constitutes racial gerrymandering:

    i.     The Action.

    ii.     Georgia HB 1028.

    iii.     The Cobb County redistricting plan underlying HB 1028.

iv.   The map drawing process for the Cobb County School District ("CCSD").

v.    The allegation that the Cobb County School Board ("school board") members initiated a secretive map-drawing process referenced in the Amended Complaint at 1 ¶ 2. (A copy of the Amended Complaint is attached hereto for your convenience and reference).

vi.   The allegation that the school board had a pattern and practice of subjecting its members to racially disparate policies enacted along racial lines referenced in the Am. Complaint at 1 ¶ 2.

vii.  The allegation that the Georgia General Assembly singled out the CCSD's redistricting Plan for atypical treatment referenced in the Am. Complaint at 2 ¶ 5.

viii. The allegation that the vast majority of county-level plans were referred to the House Intragovernmental Coordination Committee or the Senate State and Local Governmental Operations Committee referenced in the Am. Complaint at 3 ¶ 5.

ix.   The allegation that the Voting Rights Act of 1965 ("VRA") was used as a pretext to separate voters based upon race referenced in the Am. Complaint at 4 ¶ 9.

x.    The allegation that the school board silenced Black board members and

Black and Latinx constituents referenced in the Am. Complaint at 19, Sec. III.

xi.   The allegation that the school board imposed antidemocratic policies that prohibited Black members from raising issues referenced in the Am. Complaint at 19, Sec. III.A.

xii.   The allegation that the school board suppressed efforts to advance issues raised by students and parents referenced in the Am. Complaint at 22, Sec. III.B.

xiii.   The allegation that the school board dissolved a committee tasked with renaming a High School named after a confederate Soldier referenced in the Am. Complaint at 23, Sec. III.B.i.

xiv.   The allegation that the school board banned critical race theory and lessons influenced by the 1619 project referenced in the Am. Complaint at 24, Sec. III.B.ii.

xv.   The allegation that the school board's actions endangered the No Place for Hate program and the Anti-Defamation League initiative referenced in the Am. Complaint at 25 ¶ 76.

xvi.   The allegation that the school board refused requests from parents and students to discuss safety improvements in response to the COVID-19 pandemic referenced in the Am. Complaint at 27, Sec. III.B.iii.

xvii.   The allegation that the school board ignored concerns of students and parents about racism in the schools and on the school board referenced in the Am. Complaint at 29, Sec. III.B.iv

xviii.   The allegation that the school board excluded other members from the redistricting process referenced in the Am. Complaint at 32, Sec. IV.

xix.   The allegation that the school board departed from historical redistricting practice referenced in the Am. Complaint at 32, Sec. IV.

xx.   The school board's hiring of Taylor English Duma LLP for the purpose of drawing new districting maps referenced in the Am. Complaint at 32-36.

xxi.   The Georgia General Assembly's redistricting process referenced in the Am. Complaint at 36-39.

xxii.   The allegation that race predominated the 2021-2022 redistricting process referenced in the Am. Complaint at 39-40.

xxiii.   The allegation that board members and congressional representatives expressed concerns over "packing" referenced in the Am. Complaint at 45 Sec. V.C.

xxiv.   The allegation that the school board and the Georgia General Assembly ignored other identified redistricting criteria referenced in the Am. Complaint at 47, Sec. V.D.

xxv.    The allegations pertaining to Cognia's investigation of the District as alleged in the Am. Complaint at ¶¶66-68.

xxvi.    The allegations regarding elections of Cobb School Board members in 2018, 2020 and 2022 as alleged in the Complaint at ¶¶ 56 – 58, 108, and 154;

xxvii.    The following current and former Cobb School board members from the period January 2019 to present concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

        a.   Randy Scamihorn;
        b.   David Chastain;
        c.   David Banks
        d.   Brad Wheeler
        e.   Jaha Howard
        f.   Charisse Davis
        g.   Leroy Tre Hutchins
        h.   Becky Sayler
        i.   Nichelle Davis

xxviii.    The following plaintiffs in the Action concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

        a.   Karen Finn;
        b.   Dr. Jillian Ford;
        c.   Hylah Daly;
        d.   Jenne Dulcio;
        e.   Galeo Latino Community Development Fund, Inc. ("Galeo");
        f.   League of Women Voters of Marietta-Cobb;
        g.   New Georgia Project Action Fund;
        h.   Georgia Coalition for the People's Agenda, Inc. and

    i.    Maxie Kirk-Williams (president of the League of Women Voters of Marietta-Cobb),

    j.    Aklima Khondoker (upon information and belief, technical director at The Carter Center, formerly of The New Georgia Project and the ACLU of Georgia)

    k.    Helen Butler (Executive Director of the Georgia Coalition for the Peoples' Agenda),

    l.    Jerry Gonzalez (CEO of Galeo);

    m.    Gino Nuzzolillo (Common Cause);

    n.    Kevin Pallasch (Southern Poverty Law Center)

    o.    Dorrie Toney (ACLU of Georgia)

    p.    Shannon Augustus (League of Women Voters of the United States),

xxix.    Any employee of the District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

xxx.    The following individuals and entities concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena:

    a.    Southern Poverty Law Center

    b.    ACLU Foundation of Georgia, Inc

    c.    Lawyers' Committee for Civil Rights Under Law

    d.    Schulte Roth & Zabel, LLP

    e.    League of Women Voters of the United States

    f.    League of Women Voters of Georgia;

    g.    Poy Winichakul

    h.    Caren E. Short

    i.    Cognia, Inc.;

    j.    Stronger Together;

    k.    Jennifer Susko;

    l.    Radiya Ajibade;

    m.    David Morgan

    n.    John Floresta

    o.    Chris Ragsdale

    p.    Solomon Adesanya

    q.    Teri Anulewicz

    r.    Lisa Campbell

s.  John Carson
t.  Sharon Cooper
u.  Terry Cummings
v.  Ginny Ehrhardt
w.  Don Parsons
x.  Jordan Ridley
y.  Devan Seabaugh
z.  Michael Smith
aa.  Doug Stoner
bb.  David Wilkerson
cc.  Mary Frances Williams
dd.  John Albers
ee.  Jason Esteves
ff.  Kay Kirpatrick
gg.  Michael Rhett
hh.  Ed Setzler
ii.  Horacena Tate
jj.  Lucy McBath
kk.  Jerica Richardson
ll.  Renitta Shannon

2.    All non-privileged documents and communications relating to analyses or studies performed in connection with redistricting of the Cobb County School District concerning the topics enumerated in 1(i) to 1(xxvii) in this subpoena, referencing, evaluating, or discussing the following:

i.    racial demographics of Cobb County;

ii.    race or ethnicity of Cobb County residents;

iii.    political or party information or affiliation of Cobb County residents;

iv.    voters residing in Cobb County, including white voters and voters of color;

v.    Cobb County voting districts;

    vi.    total population or eligible voter population of Cobb County;

    vii.    race-neutral districting principles;

    viii.    census data;

    ix.    legal compliance;

    x.    compactness scores; and

    xi.    shape of voting districts.

3.    All non-privileged documents and communications that you provided to any person (such as the Cobb County Board of Education) in the creation of redistricting maps for Cobb County different from the one adopted in the passing of HB 1028 by the Georgia legislature.

4.    All reports, studies, data, drawings, maps, graphs, charts, estimates, and analyses, including drafts of each of the foregoing that relate in any way to the topics enumerated in 1(i) to 1(xxvii) in this subpoena, including but not limited to demographics of Cobb County, the political or voting preferences of its residents, including voters of color such as Black and Latinx populations.

5.    All news articles, press releases, legislative updates, pamphlets, letters, blog postings, social media posts, and other that in any way reference or relate to the topics enumerated in 1(i) to 1(xxvii) in this subpoena including but not limited to the Action, the redistricting of Cobb County, or any alleged racial discrimination within the Cobb County School District.

6.      All non-privileged documents and communications from January 1, 2019 to the present concerning the topics enumerated in 1(i) to 1(xxvii)  in this subpoena that reflect or evidence any agreement, contract, discussions, or negotiations between you and the plaintiffs in the Action such as press relations or advocacy efforts.

7.      Any joint representation agreement or engagement agreement with any Plaintiff or counsel in this Action relating to the Complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAREN FINN, DR. JILLIAN FORD, HYLAH DALY, JENNE DULCIO, GALEO LATINO COMMUNITY DEVELOPMENT FUND, INC., NEW GEORGIA PROJECT ACTION FUND, LEAGUE OF WOMEN VOTERS OF MARIETTA-COBB, and GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC., | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 1:22-CV-02300-ELR |
| v. | ) ) | |
| COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION and JANINE EVELER, in her official capacity as Director of the Cobb County Board of Elections and Registration, and COBB COUNTY SCHOOL DISTRICT, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF AUTHENTICATION OF RECORDS PURSUANT TO FRE 803(6) AND 902(11)

THE UNDERSIGNED certifies (1) that he/she is the custodian or other qualified person responsible for keeping the records for LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW; (2) that the attached records are true and accurate copies of the records of LAWYERS' COMMITTEE FOR CIVIL RIGHTS

UNDER LAW which were kept by/for LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW; (3) that the records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of such matters; (4) that the records were kept in the course of the regularly conducted activity; (5) that the records were made by the regularly conducted activity as a regular practice of LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW.

THIS CERTIFICATE is given pursuant to Georgia laws and in compliance with F.R.C.P. Rule 45 and FRE 803(6) and 902(11) in lieu of the personal appearance of the person certifying hereto.

THE UNDERSIGNED further certifies that said records with this certificate were delivered to Philip W. Savrin, attorney for defendant, who sought production of these records.  It is further certified that no objection to this production has been served upon the undersigned by or on behalf of any other party involved in said lawsuit.

This _____ day of _____, 2023.

_____
Custodian of records for
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW

Sworn to and subscribed before me
this _____ day of _____, 2023.

_____
Notary Public
My commission expires:_____

    (NOTARIAL SEAL)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served the within and foregoing **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** to counsel of record:

Bradley E. Heard
Pichaya Poy Winichakul
Michael Tafelski
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon Avenue
Suite 340
Decatur, GA 30030
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org

Rahul Garabadu
Cory Isaacson
Caitlin May
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
rgarabadu@acluga.org
cisaacson@acluga.org
cmay@acluga.org

Jeff Loperfido
Christopher Shenton
SOUTHERN COALITION FOR
SOCIAL JUSTICE
1415 West Highway 54
Suite 101
Durham, NC 27707
jeffloperfido@scsj.org
chrisshenton@scsj.org

Jon Greenbaum
Ezra D. Rosenberg
Julie M. Houk
Sofia Fernandez Gold
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org

Caren E. Short
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW
Suite 500
Washington, DC 20036
cshort@lwv.org

Douglas I. Koff
Thomas L. Mott
Paul Schochet
Savannah Price
Matthew J. Sunday
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Paul.Schochet@srz.com
Savannah.Price@srz.com
Matthew.Sunday@srz.com

This 6th day of April, 2023.

Daniel W. White
HAYNIE, LITCHFIELD
& WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlw-law.com

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com
*Attorneys for Defendant*
*Cobb County School District*

2

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the within and foregoing **DEFENDANT'S NOTICE OF INTENT TO SERVE SUBSTITUTE SUBPOENAS FOR PRODUCTION OF DOCUMENTS** to the Clerk of Court using the Court's E-file system which will automatically send an electronic mail notification of such filing to counsel of record as follows:

| | |
|---|---|
| Bradley E. Heard<br>Pichaya Poy Winichakul<br>Michael Tafelski<br>SOUTHERN POVERTY LAW CENTER<br>150 E. Ponce de Leon Avenue<br>Suite 340<br>Decatur, GA 30030<br>bradley.heard@splcenter.org<br>poy.winichakul@splcenter.org<br>michael.tafelski@splcenter.org | Rahul Garabadu<br>Cory Isaacson<br>Caitlin May<br>ACLU FOUNDATION OF GEORGIA, INC.<br>P.O. Box 570738<br>Atlanta, Georgia 30357<br>rgarabadu@acluga.org<br>cisaacson@acluga.org<br>cmay@acluga.org |
| Jeff Loperfido<br>Christopher Shenton<br>SOUTHERN COALITION FOR SOCIAL JUSTICE<br>1415 West Highway 54<br>Suite 101<br>Durham, NC 27707<br>jeffloperfido@scsj.org<br>chrisshenton@scsj.org | Jon Greenbaum<br>Ezra D. Rosenberg<br>Julie M. Houk<br>Sofia Fernandez Gold<br>LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW<br>1500 K Street, Suite 900<br>Washington, DC 20005<br>jgreenbaum@lawyerscommittee.org<br>erosenberg@lawyerscommittee.org<br>jhouk@lawyerscommittee.org<br>sfgold@lawyerscommittee.org |

Caren E. Short
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW
Suite 500
Washington, DC 20036
cshort@lwv.org

Daniel W. White
HAYNIE, LITCHFIELD
& WHITE, PC
222 Washington Avenue
Marietta, GA 30060
dwhite@hlw-law.com

Douglas I. Koff
Thomas L. Mott
Paul Schochet
Savannah Price
Matthew J. Sunday
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Paul.Schochet@srz.com
Savannah.Price@srz.com
Matthew.Sunday@srz.com

This 6th day of April, 2023.

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

*Attorney for Defendant*
*Cobb County School District*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)