IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN FINN, DR. JILLIAN FORD,
HYLAH DALY, JENNE DULCIO,
GALEO LATINO COMMUNITY
DEVELOPMENT FUND, INC., NEW
GEORGIA PROJECT ACTION
FUND, LEAGUE OF WOMEN
VOTERS OF MARIETTA-COBB, and
GEORGIA COALITION FOR THE
PEOPLE'S AGENDA, INC.,
Plaintiffs
-v-
COBB COUNTY BOARD OF
ELECTIONS AND REGISTRATION
and JANINE EVELER, in her official
capacity as Director of the Cobb
County Board of Elections and
Registration, and COBB COUNTY
SCHOOL DISTRICT,
Defendants.

Case No. 1:22-cv-2300-ELR

PLAINTIFF'S NOTICE OF INTENT TO SERVE SUBPOENAS FOR
PRODUCTION OF DOCUMENTS AND DEPOSITIONS

YOU ARE HEREBY NOTIFIED, pursuant to Rule 45 of the Federal Rules of

Civil Procedure, that Plaintiffs intend to serve subpoenas to produce documents

and for deposition upon the Legislative and Congressional Reapportionment

Office.

Copies of the subpoenas are attached hereto and incorporated herein by reference

as Exhibit "A."

Respectfully submitted,

*/s/ Pichaya Poy Winichakul*

Bradley E. Heard (Ga. Bar No. 342209)
Pichaya Poy Winichakul (Ga. Bar No. 246858)
Michael Tafelski (Ga. Bar No. 507007)
Sabrina S. Khan*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org
sabrina.khan@splcenter.org


Jeff Loperfido*
Christopher Shenton*
SOUTHERN COALITION FOR SOCIAL
JUSTICE
1415 West Highway 54, Suite 101
Durham, NC 27707
(919) 323-3380
jeffloperfido@scsj.org
chrisshenton@scsj.org


Rahul Garabadu (Ga. Bar No. 553777)
Cory Isaacson (Ga. Bar No. 983797)
Caitlin May (Ga. Bar No. 602081)
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
(678) 310-3699
cmay@acluga.org
rgarabadu@acluga.org

cisaacson@acluga.org


Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
Sofia Fernandez Gold*†
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org


Douglas I. Koff*
Thomas L. Mott*
Paul Schochet*
Savannah Price*
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Paul.Schochet@srz.com
Savannah.Price@srz.com

* Admitted Pro Hac Vice

† Admitted in New York only. Practice limited to
matters before federal courts.


*Counsel for Plaintiffs Karen Finn, Dr. Jillian
Ford, Hylah Daly, Jenne Dulcio, GALEO Latino
Community Development Fund, Inc., New Georgia*

*Project Action Fund, League of Women Voters of Marietta-Cobb, and Georgia Coalition For The People's Agenda, Inc.*

/s/ *Caren E. Short*

Caren E. Short (Ga Bar No. 990443)
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW, Suite 500
Washington, DC 20036
202-921-2219
cshort@lwv.org

*Counsel for Plaintiff League of Women Voters Marietta-Cobb*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern __ District of __ Georgia __

| | |
|---|---|
| Finn et al. <br> *Plaintiff* | ) <br> ) |
| v. | ) <br> )    Civil Action No. |
| Cobb County Board of Elections & Registration et al. <br> *Defendant* | ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
　　Legislative and Congressional Reapportionment Office

*(Name of person to whom this subpoena is directed)*

　　☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place:    P.O. Box 570738 <br> Atlanta, Georgia <br> 30357 | Date and Time: <br> May 12, 2023 at 5:00 PM |
|---|---|

　　❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __ 4/20/23 __

| CLERK OF COURT | OR | *Caitlin May* |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Finn et al.
Caitlin May, PO Box 570738 Atlanta, GA 30357, cmay@acluga.org, 7704307494, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ❐ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**DEFINITIONS**

Unless otherwise defined, all words and phrases shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these Requests, the words below shall be defined as follows:

1. The term "COMMUNICATION(S)" should be interpreted in its broadest sense to include without limitation all oral or written communications, including any writings, texts, emails, voicemails or other electronically stored information as that term is defined by Federal Rule of Civil Procedure 34(a).

2. The term "DOCUMENT(S)" should be interpreted in its broadest sense to include without limitation any written, printed, typed, recorded, or graphic matter, however produced, reproduced, or stored, including the originals and all nonidentical copies, whether different from the originals by reason of any notations made on such copies or otherwise, or other electronically stored information as defined by the Federal Rules of Civil Procedure.

3. The term "ALTERNATIVE" means and refers to any map to redistrict the Cobb County School Board's election districts other than the SCHOOL BOARD MAP, including drafts, versions, and different options drawn or considered by YOU.

4. The term "SCHOOL BOARD MAP" means and refers to the Cobb County school board map passed by the Georgia General Assembly and signed into law by Governor Kemp, with bill number HB 1028.

5. "REDISTRICTING PROCESS" means any consideration of the alignment of district boundaries for the Cobb County School District.

6. The term "YOU" shall mean the Legislative and Congressional Reapportionment Office and all agents or employees or any other persons acting on that office's behalf (including but not limited to Gina Wright, Tonya Cooper, Brian Knight, Gabe Mesriah, Dan O'Connor, Rob Strangia, and Maggie Wigton).

7. The relevant time-period for each of the requests is from January 1, 2021 to May 24, 2022, unless otherwise stated.

8. The "COBB COUNTY SCHOOL DISTRICT" means the Cobb County School Board, any and all current and former members of the Cobb County School Board, and any agent (including Taylor English Duma, LLP) acting under the direction of the Cobb County School Board.

**DOCUMENTS TO BE PRODUCED**

REQUEST FOR PRODUCTION No. 1: All DOCUMENTS evidencing any and all ALTERNATIVES to the SCHOOL BOARD MAP YOU drew, received from any source, reviewed or otherwise considered.

REQUEST FOR PRODUCTION No. 2: All DOCUMENTS and COMMUNICATIONS relating to or referencing the REDISTRICTING PROCESS and/or SCHOOL BOARD MAP for the Cobb County School District that YOU sent to or received from non-legislator third parties or the Cobb County School District containing a term referencing race, including but not limited to "Black", "African American", "brown", "Latino", "Hispanic", "Asian American."

REQUEST FOR PRODUCTION No. 3: All DOCUMENTS and COMMUNICATIONS relating to or referencing the REDISTRICTING PROCESS and/or SCHOOL BOARD MAP for the Cobb County School District that YOU sent to or received from non-legislator third parties or the Cobb County School District containing the terms "racially polarized voting" or "RPV," addressing traditional redistricting criteria (including but not limited to communities of interest, compactness, contiguity, preservation of prior districts, and protection of incumbents), or containing a functional analysis of voting by race in Cobb County.

REQUEST FOR PRODUCTION No. 4: All DOCUMENTS relating to or referencing the REDISTRICTING PROCESS and/or SCHOOL BOARD MAP for Cobb County School District that contain a term referencing race, including but not limited to "Black", "African American", "brown", "Latino", "Hispanic", "Asian American."

REQUEST FOR PRODUCTION No. 5: All DOCUMENTS referencing any demographic changes in Cobb County, including, but not limited to, the population growth, movement, or decline of communities of color, whether those changes occurred within Cobb County as a whole, or within certain smaller areas of Cobb County, such as any specific city, district, or neighborhood.

REQUEST FOR PRODUCTION No. 6: All COMMUNICATIONS and DOCUMENTS that YOU sent or received from any member of the Reapportionment and Redistricting Committee of the State Senate or the Committee itself, any member of the Committee on Legislative and Congressional Reapportionment of the State House or the Committee itself, or any member of the State of Georgia General Assembly regarding the REDISTRICTING PROCESS and/or SCHOOL BOARD MAP for the Cobb County School District.

REQUEST FOR PRODUCTION No. 7: All DOCUMENTS and COMMUNICATIONS shared between YOU and any current and former Cobb County elected official(s) and any other elected officials (including the local delegation of the Georgia General Assembly and the Cobb County School Board) regarding the REDISTRICTING PROCESS and/or SCHOOL BOARD MAP for the Cobb County School District.

REQUEST FOR PRODUCTION No. 8: All DOCUMENTS and COMMUNICATIONS that relate to the SCHOOL BOARD MAP or any ALTERNATIVES, including, but not limited to, any notes,

requests, opinions, thoughts, or views about the maps, the lines drawn, or the district shapes, as well as any agreements with any person or entity.

REQUEST FOR PRODUCTION No. 9: All DOCUMENTS and COMMUNICATIONS that relate to any factor considered when drawing the SCHOOL BOARD MAP or any ALTERNATIVES, including, but not limited to, the use of race, the use of political or party information, traditional redistricting principles, or compliance with the U.S. Constitution or the Voting Rights Act of 1965.

REQUEST FOR PRODUCTION No. 10: All data considered or relied on to draw the SCHOOL BOARD MAP or any ALTERNATIVES, including, but not limited to, any statistical or mathematical analysis, spreadsheets or diagrams, or census results.

REQUEST FOR PRODUCTION No. 11: All DOCUMENTS evidencing any and all maps, drawings, overlays, schematics, power points, excel documents, plans, demographic data, and other DOCUMENTS and TANGIBLE materials proposed, reviewed, created, or otherwise considered by YOU concerning the COBB COUNTY SCHOOL BOARD MAP or any ALTERNATIVES.

REQUEST FOR PRODUCTION No. 12: All DOCUMENTS evidencing any and all precinct changes proposed, suggested, drawn, reviewed or otherwise considered by YOU concerning the COBB COUNTY SCHOOL BOARD MAP or ALTERNATIVES.

REQUEST FOR PRODUCTION No. 13: All DOCUMENTS evidencing any and all block equivalency files proposed, suggested, created, considered, or otherwise reviewed by YOU related to the COBB COUNTY SCHOOL BOARD MAP or ALTERNATIVES.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN FINN, DR. JILLIAN FORD,
HYLAH DALY, JENNE DULCIO,                  Case No. 1:22-cv-2300-ELR
GALEO LATINO COMMUNITY
DEVELOPMENT FUND, INC., NEW
GEORGIA PROJECT ACTION
FUND, LEAGUE OF WOMEN
VOTERS OF MARIETTA-COBB, and
GEORGIA COALITION FOR THE
PEOPLE'S AGENDA, INC.,
Plaintiffs
-v-
COBB COUNTY BOARD OF
ELECTIONS AND REGISTRATION
and JANINE EVELER, in her official
capacity as Director of the Cobb
County Board of Elections and
Registration, and COBB COUNTY
SCHOOL DISTRICT,
Defendants.

## DECLARATION OF AUTHENTICATION OF RECORDS PURSUANT TO FRE 803(6) AND 902(11)

THE UNDERSIGNED certifies (1) that he/she is the custodian or other

qualified person responsible for keeping the records for the Legislative and

Congressional Reapportionment Office; (2) that the attached records are true and

accurate copies of the records of the Legislative and Congressional

Reapportionment Office which were kept. by/for the Legislative and Congressional

Reapportionment Office; (3) that the records were made at or near the time of the

occurrence of the matters set forth by, or from information transmitted by, a person

with knowledge of such matters; (4) that the records were kept in the course of the

regularly conducted activity; (5) that the records were made by the regularly

conducted activity as a regular practice of the Legislative and Congressional

Reapportionment Office.

    THIS CERTIFICATE is given pursuant to Georgia laws and in compliance

with F.R.C.P. Rule 45 and FRE 803(6) and 902(11) in lieu of the personal

appearance of the person certifying hereto.

    THE UNDERSIGNED further certifies that said records with this certificate

were delivered to CAITLIN MAY, attorney for plaintiffs, who sought production

of these records. It is further certified that no objection to this production has been

served upon the undersigned by or on behalf of any other party involved in said

lawsuit.

This _____ day of _____, 2023.

_____
Custodian of records for
the Legislative and
Congressional
Reapportionment Office

Sworn to and subscribed before me
this ____ day of _____, 2023.
_____
Notary Public
My commission expires:_____
(NOTARIAL SEAL)