IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN FINN, DR. JILLIAN FORD, HYLAH DALY, JENNE DULCIO, GALEO LATINO COMMUNITY DEVELOPMENT FUND, INC., NEW GEORGIA PROJECT ACTION FUND, LEAGUE OF WOMEN VOTERS OF MARIETTA-COBB, and GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC., <br><br>   Plaintiffs <br><br> -v- <br><br> COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION and JANINE EVELER, in her official capacity as Director of the Cobb County Board of Elections and Registration, and COBB COUNTY SCHOOL DISTRICT, <br><br>   Defendants. | Case No. 1:22-cv-2300-ELR |

**AMENDED NOTICE TO TAKE VIDEOTAPED DEPOSITION
OF PLAINTIFF LEAGUE OF WOMEN VOTERS OF
MARIETTA-COBB PURSUANT TO RULE 30(b)(6)**

TO: League of Women Voters of Marietta-Cobb

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure, Rules 30, the undersigned counsel for Defendant Cobb County School

District will take the deposition of the corporate representative of Plaintiff **League of Women Voters of Marietta-Cobb** on **June 9, 2023**, beginning at **10:00 a.m**. in the office of Freeman, Mathis & Gary, LLP, 100 Galleria Parkway, Suite 1600, Atlanta, Georgia 30339. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the representative shall give testimony on the topics listed in the attached Exhibit A. The deposition will be taken before a certified court reporter or other officer duly authorized by law and will continue from day to day, excluding Saturdays, Sundays, and holidays, until its completion. This deposition will be taken by means of video and stenographic recording, for all purposes permitted under the Federal Rules of Civil Procedure.

NOTICE IS FURTHER GIVEN that undersigned counsel is willing to conduct this deposition utilizing the secure web-based deposition option or telephonically only to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone.  Please contact the noticing attorney at least five (5) calendar days prior to the deposition to advise that it is your desire to appear via this remote participating means so that the necessary credentials, email addresses, call-in numbers, testing and information, if necessary, can be provided to you prior to the proceeding.

*[See next page for signature]*

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com
Scott Eric Anderson
Georgia Bar No. 105077
scott.anderson@fmglaw.com
Jonathan Crumly
Georgia Bar No. 199466
jonathan.crumly@fmglaw.com

*Attorneys for Defendant*
*Cobb County School District*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

**EXHIBIT A**
**30(B)(6) DEPOSITION TOPICS FOR**
**LEAGUE OF WOMEN VOTERS OF MARIETTA-COBB**

1. Your organization's policies, procedures, and practices for identifying and selecting a redistricting matter to challenge in court, including this Action.

2. Your organization's policies, procedures, and practices for identifying, soliciting, and selecting potential individuals to join as plaintiffs in a redistricting challenge, including in this Action.

3. Your organization's policies, procedures and practices with respect to communicating and recording communications with prospective co-plaintiffs/co-challengers to a redistricting matter.

4. The terms of engagements and joint representation agreements in each redistricting challenge, including this Action.

5. Efforts, policies, practices, and procedures to preserve pre-suit materials related to this Action.

6. Document retention policies, efforts, procedures, and practices to identify potentially responsive documents and materials to defendants' requests for documents and materials, and identification of persons that were responsible for same.

7. Knowledge, understanding, and explanation of Documents produced by Plaintiffs.

8. Knowledge, understanding, and explanation of your organization's interrogatory responses.

9. Pre-suit investigations, communications, steps taken, supporting materials, documents and materials pertaining to, related to, received, sent, or exchanged that discuss or mention or pertain to each of the allegations in the Complaint

(i.e., 174 paragraphs) and the Amended Complaint (i.e, 183 paragraphs), as well as your organization's knowledge, basis, and understanding of the allegations made.

10. Pre-suit investigations, communications, supporting materials, documents and materials pertaining to, related to, received, sent, or exchanged that discuss or mention or pertain to HB 1028.

11. Identify persons and entities in which your organization or its representatives communicated with pertaining to the issues involved in this Action, including but not limited to, Cobb County residents, the parties, Cobb County School District representatives, Georgia legislators, persons referenced in the Complaint or Amended Complaint, other advocacy organizations, and/or identified in the initial disclosures or in the interrogatory responses, and can also discuss those communications.

12. Investigations, documents, and communications relating to analyses or studies performed in connection with redistricting of the Cobb County School District.

13. Knowledge, investigations, documents, communications, and decisions pertaining to the creation, drafting, or utilization of redistricting maps for Cobb County different from the one adopted in the passing of HB 1028.

14. Your organization's news articles, press releases, legislative updates, pamphlets, letters, blog postings, social media posts, literature, grass roots efforts, advocacy efforts, and/or organizing efforts that reference or relate to the topics enumerated in the Complaint and Amended Complaint, the redistricting of Cobb County, or any alleged racial discrimination within the Cobb County School District.

15. Identify Latinx/Hispanic/Black members of your organization that are residents in a "Challenged District".

16. The nature of membership in the organization, including how individuals become members, any member obligations, application process, member qualifications, and any benefits offered to its members.

17. How the organization determined if any of its members were or are impacted by the redistricting challenged in this Action.

18. Knowledge and explanation of your organization's creation, purpose, mission, objectives, advocate efforts, organizing efforts, grass roots efforts, endorsements, affiliates, sponsors, and partners, redistricting and voting literature, redistricting and voting campaigns, Phone/Text banking scripts, policies, and procedures, and issues and candidates upon which it decides to support or endorse.

19. The organization's exempt purpose and activities it undertakes in accordance with its exempt purpose.

20. Each voting or redistricting case in which your organization has joined as a party, and the basis for joining each case, as well as identification of each voting or redistricting case in which your organization chose not to join as a party, and the basis for not joining in each case.

21. Your organization's contributions to candidates for the Cobb County School Board beginning 1/1/18 through present.

22. Your organization's endorsements of Cobb County School Board candidates beginning 1/1/18 through present.

23. Your organization's financial disclosures.

24. Your organization's officers and directors and their contributions to and endorsement of Cobb County School Board candidates.

25. Knowledge, understanding and explanation of the organization's tax returns, funding sources, contributions, income sources, expenses, and the organization's allocation of resources and budgetary decisions from January 1, 2019 through present that reflect the diversion of funds and resources that the organization alleges it diverted for pursuit of this Action.

26. The organization's organizational structure, including individuals who have the authority to make funding and resource-allocation decisions and can explain the specific ways in which the actions of the Defendant that form the basis of this Action caused the organization to divert resources away from its organizational activities to activities in which it had not previously engaged, and the amount of the resources diverted to activities related to this Action since the organization.

27. The activities and projects the organization was unable to engage in due to the diversion of resources to pursue this Action.

28. Explain and identify educational materials that your organization provided to Cobb County voters on the redistricting process or advocating for fair and constitutional maps.

29. Has knowledge and can identify and discuss the information included within your organization's website and posts by your organization to your organization's social media sites.

4

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the within and foregoing AMENDED NOTICE TO TAKE VIDEOTAPED DEPOSITION OF PLAINTIFF LEAGUE OF WOMEN VOTERS OF MARIETTA-COBB PURSUANT TO RULE 30(B)(6) with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following counsel of record:

| | |
|---|---|
| Bradley E. Heard<br>Pichaya Poy Winichakul<br>Michael Tafelski<br>SOUTHERN POVERTY LAW CENTER<br>150 E. Ponce de Leon Avenue<br>Suite 340<br>Decatur, GA 30030<br>bradley.heard@splcenter.org<br>poy.winichakul@splcenter.org<br>michael.tafelski@splcenter.org | Rahul Garabadu<br>Cory Isaacson<br>Caitlin May<br>ACLU FOUNDATION OF GEORGIA, INC.<br>P.O. Box 570738<br>Atlanta, Georgia 30357<br>rgarabadu@acluga.org<br>cisaacson@acluga.org<br>cmay@acluga.org |
| Jeff Loperfido<br>Christopher Shenton<br>SOUTHERN COALITION FOR SOCIAL JUSTICE<br>1415 West Highway 54<br>Suite 101<br>Durham, NC 27707<br>jeffloperfido@scsj.org<br>chrisshenton@scsj.org | Jon Greenbaum<br>Ezra D. Rosenberg<br>Julie M. Houk<br>Sofia Fernandez Gold<br>LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW<br>1500 K Street, Suite 900<br>Washington, DC 20005<br>jgreenbaum@lawyerscommittee.org<br>erosenberg@lawyerscommittee.org<br>jhouk@lawyerscommittee.org<br>sfgold@lawyerscommittee.org |

| | |
|---|---|
| Caren E. Short<br>LEAGUE OF WOMEN VOTERS<br>OF THE UNITED STATES<br>1233 20th Street NW<br>Suite 500<br>Washington, DC 20036<br>cshort@lwv.org | Daniel W. White<br>HAYNIE, LITCHFIELD<br>& WHITE, PC<br>222 Washington Avenue<br>Marietta, GA 30060<br>dwhite@hlw-law.com |

Douglas I. Koff
Thomas L. Mott
Paul Schochet
Savannah Price
Matthew J. Sunday
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Paul.Schochet@srz.com
Savannah.Price@srz.com
Matthew.Sunday@srz.com

This 25th day of May, 2023.

                                   */s/ Philip W. Savrin*
                                   Philip W. Savrin
                                   Georgia Bar No. 627836
                                   psavrin@fmglaw.com
                                   *Attorney for Defendant*
                                   *Cobb County School District*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)