## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KAREN FINN, *et al.*,<br><br>     Plaintiffs,<br><br>-v-<br><br>COBB COUNTY BOARD OF<br>ELECTIONS AND REGISTRATION,<br>*et al.*<br><br>     Defendants,<br><br>and<br><br>COBB COUNTY SCHOOL<br>DISTRICT,<br><br>     Intervenor. | Case No. 1:22-cv-2300-ELR |

### INTERVENOR'S MOTION TO EXCLUDE PLAINTIFFS' EXPERTS

The Adverse Intervenor, the Cobb County School District ("the District"), respectfully requests that this Court exclude Plaintiffs' anticipated experts due to Plaintiffs' failure to timely disclose them under N.D. GA. L.R. 26.2(C) and Fed. R. Civ. Proc. R. 26(D). Discovery closes on September 5, 2023. As of the date of this motion Plaintiffs have not provided expert disclosures. Plaintiffs merely identified the names of anticipated experts in supplemental disclosures served after close of business at 6:12pm, on Friday, August 18, 2023—11 business days before the close

of discovery on September 5, 2023. In support of exclusion of Plaintiffs' anticipated experts, the District provides the following:

## I.    PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiffs initiated this action against the Cobb County Board of Elections and Registration and its director, Janine Eveler, in her official capacity (the "Election Defendants") on June 9, 2022. [Doc. 1]. The Plaintiffs and the Election Defendants submitted their Joint Preliminary Report and Discovery Plan on October 11, 2022. [Doc. 48]. Therein the Plaintiffs and the Election Defendants expressly requested an eight-month discovery track because of the anticipated need for expert testimony. (Doc. 48 at 8, ¶10). On October 13, 2022, the Court issued its initial scheduling order which granted Plaintiffs' request and assigned this case to an eight (8)-month discovery track. [Doc. 49].

On December 19, 2022, Plaintiffs filed a "Motion to Commence Discovery and Revise Scheduling Order," by which they expressly requested an order to open discovery, even though the Election Defendants' motion to dismiss remained pending, and to reset the eight (8)-month discovery period to run from the date of any such order. [Doc. 51].   Later that day, the District filed its Motion to Intervene to protect its interest in the subject matter of the case pursuant to Fed.R.Civ.P. 24. [Doc. 52].

On December 30, 2022, Plaintiffs filed a response to the District's Motion to Intervene providing their "consent to intervention by the . . . District, with the understanding that the discovery period ha[d already] commenced." [Doc. 54 at 2]. In this regard, Plaintiffs reiterated their insistence to "move this case forward towards a timely resolution." [Doc. 54 at 2 & n.2].

On January 5, 2023, the Court granted Plaintiffs' request to commence discovery and amend the scheduling order, and on that same day the Court issued an Amended Scheduling Order. [Docs. 56, 57]. The Amended Scheduling Order provides: "the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and Local Rules of this Court except as herein modified: per the Parties' request, the Court assigns this case to an eight (8)-month discovery track, to commence as of the date of this order. Discovery shall conclude on September 5, 2023." [Doc. 57] (emphasis added). The District did not have any input on the discovery schedule.

On January 30, 2023, with the consent of all Parties, the Court granted the District's motion to intervene and ordered the District to answer or otherwise respond to Plaintiffs' Amended Complaint within seven (7) days. [Doc. 60]. Shortly thereafter, Plaintiffs provided its Initial Disclosures to the District on February 3, 2023, wherein

Plaintiffs provided that they had not identified any potential expert witnesses and that they would supplement their response "as necessary, and at the time required by the discovery schedule ordered by the Court." [Ex. A at 5, ¶ (4)].

Plaintiffs served their document requests on the District on January 30, 2023 and their interrogatories on the District on February 3, 2033. [Doc. 63]. The District served its responses to Plaintiffs' document requests on March 1, 2023 [Doc. 70] and to Plaintiffs' interrogatories on March 6, 2023. [Doc. 76]. Thereafter, the District began a rolling production of documents. The District produced the first batch of documents—which included the file of Bryan Tyson (the map-drawer retained by the District)—to Plaintiffs on April 28, 2023. [Ex. B].   On May 12, 2023, the District produced expert reports considered by Mr. Tyson in connection with the General Assembly's redistricting process for Congressional and state legislative districts.  [Ex. C].

In the meantime, the District served its interrogatories and document requests on Plaintiffs on February 9, 2023. [Doc. 65]. Most Plaintiffs served their responses and objections to the District's discovery requests on March 13, 2023, with the remainder serving their responses and objections on March 20, 2023. [Doc. 81]. In response to a number of document requests, Plaintiffs asserted objections (among others) that the requests were **"premature expert discovery"** and that Plaintiffs thus

"**will not produce documents.**"  [See Pl. Finn's responses and objections to Request

Nos. 14-18, 24; Pl. GALEO's responses and objections to Request Nos. 10, 13-18,

24) (relevant portions of Plaintiff Finn's and Plaintiff GALEO's responses and

objections are attached hereto as Exs. D and E, respectively)] [emphasis added]. In

their supplemental discovery responses served on May 11 and 30, 2023, Plaintiffs

reasserted their premature-expert-discovery objections to these document requests.[1]

[See Pl. GALEO's supplemental responses and objections attached hereto as Exhibit

F.][2]

     Discovery progressed, and on July 18, 2023 the Court entered an Order wherein

it granted the District's motion for judgment on the pleadings and reiterated that

"discovery in this case will close after September 5, 2023." [Doc. 136]. The July 18,

---

[1] Plaintiff Finn's responses and objections to these document requests are the same as the ones served by the other individual Plaintiffs. Plaintiff GALEO Latino Community Development Fund, Inc.'s responses and objections to Request Nos. 14-18 and 24 are the same as that of Plaintiff's Finn and the other organizational Plaintiffs. Plaintiff GALEO and Plaintiff Georgia Coalition for the People's Agenda, Inc. also asserted the "premature expert discovery" objection to Request Nos. 10 and 13.  For the sake of brevity, the District only has attached the responses and objections of Plaintiff Finn and Plaintiff GALEO as representative of the responses and objections of all Plaintiffs to these document requests.  The District will make available the full responses and objections of all Plaintiffs to these document requests available to the Court upon its request.

[2] The Individual Plaintiffs marked their supplemental responses as "confidential" and thus the District has not attached Plaintiff Finn's supplemental responses hereto. The District will submit Plaintiff Finn's supplemental responses to the Court upon request.

2023 Order by this Court did not dismiss the District, did not change the District's status as an intervenor, nor did the Court limit the scope of the District's right to discovery. [Doc. 136].

435 days after Plaintiffs filed the lawsuit, 225 days after discovery commenced on January 5, 2023, and 18 days prior to the close of discovery on September 5, 2023, the Plaintiffs for the very first time identified potential experts by way of its August 18, 2023 First Supplemental Disclosures. [See Ex. G at p. 15, Attach. B]. Therein Plaintiffs merely identified two persons: Dr. Kassra Oskooii and Tony Fairfax. However, rather than produce any expert reports, Plaintiffs instead stated that they "will supplement the response as necessary in accordance with Federal Rule of Civil Procedure and at the time required by the discovery schedule ordered by the Court." [Ex. G at 15, and Doc. 153]. As of the date of this Motion, Plaintiffs have not provided the expert witness disclosures or expert reports required by Fed. R. Civ. P. 26(a)(2)(A). Moreover, the identification of experts by Plaintiffs was made knowing that depositions are currently scheduled for six of the 11 business days before the close of discovery, with depositions on August 22, 29, 30, 31, and on September 1 and September 5, 2023. [See Docs. 143, 150-152].

## II.    <u>ARGUMENT AND CITATION OF AUTHORITY</u>

A party must disclose the identity of any expert whose testimony the party will use at trial. Fed. R. Civ. P. 26(a)(2)(A). The parties must make their expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). The Eleventh Circuit has held that expert disclosure "contemplates not only the identification of the expert, but also the provision of a written report." <u>Reese v. Herbert</u>, 527 F.3d 1253, 1265 (11th Cir. 2008) (citing Fed. R. Civ. P. 26(a)(2)(B)). A party that "fails to provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

With regard to establishing the expert disclosure timeline by court order, the Instructions for Cases Assigned to the Honorable Eleanor L. Ross provides that the case shall be governed "in combination with the Northern District's Local Rules and the Federal Rules of Procedure. . . ." [Doc. 4 at 1]. The Court's Local Rules expressly provide the following in relation to the disclosure of experts:

> Any party who desires to use the testimony of an experts witness <u>shall</u> designate the expert <u>sufficiently early</u> in the discovery period <u>to permit the opposing party the opportunity to depose the expert **and**</u>, if desired, <u>to name its own expert witness</u> sufficiently in advance of the close of discovery so that a similar discovery

deposition of the second expert might also be conducted prior to the close of discovery.

Any party who does not comply with the provisions of the foregoing paragraph <u>shall not</u> be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

Local Rule 26.2(C) (emphasis added).

The Eleventh Circuit held that Rule 26(a)(2) "correlates with local rule 26.2, which <u>mandates</u> that expert opinions must be disclosed sufficiently early in the discovery period to allow the opposing party to react before the close of discovery, under penalty of exclusion." <u>Mann v. Taser Intern., Inc.</u>, 588 F.3d 1291, 1310 (11th Cir. 2009) (emphasis added). And, compliance with the requirements of Rule 26 is not merely aspirational, "[b]ecause the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise." <u>Reese</u>, 527 F.3d at 1266. Indeed, the expert-disclosure rules are designed to allow the opposing party an adequate opportunity to depose the expert and name its own counter-expert. <u>Durkin v. Platz</u>, 920 F. Supp. 2d 1316, 1328 (N.D. Ga. 2013).

In addition, the Eleventh Circuit held that district courts have broad discretion to exclude untimely expert testimony. <u>Guevara v. NCL (Bahamas) Ltd.</u>, 920 F.3d 710, 718 (11th Cir. 2019). Accordingly, this Court, as well as others in this District, have routinely exercised this discretion and excluded expert testimony when expert

reports were not timely disclosed. (See e.g., Cable Broadband & Telecommunications, LLC v. Depositors Ins. Co., No. 1:16-CV-04006-ELR, 2018 WL 10647207, at *8 (N.D. Ga. Feb. 28, 2018) (Ross, J.) (holding, the "Federal Rule of Civil Procedure 26's expert disclosure requirements are designed 'to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses.'") (citing, Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008)); Doe v. Gwinnett County Public Schools, Civil Action No. 1:18-cv-05278-SCJ (Order of July 22, 2021, at 12-22)(Jones, J.) (excluding expert testimony due to untimely expert disclosure and citing numerous cases) (Ex. H).

This very Court has also recognized that Local Rule 26.2(C) is self-executing without a need to show prejudice by the challenging party. Bosire v. Kroger Co., 2016 WL 7510233 (N.D. Ga. March 17, 2016) (Ross, J.) Indeed, "Where a party fails to comply with Local Rule 26.2(C) in designating its expert witness . . . the Court may exclude these witnesses even without a showing by [the opposing party] that it was prejudiced by the untimely disclosure (although it is clear here that [the opposing party's] inability to fully depose either expert prior to the close of discovery and to retain rebuttal experts constitutes prejudice)". Cable Broadband & Telecommunications, LLC, 2018 WL 10647207, at *9 (internal citations omitted).

Here, it is appropriate to exclude Plaintiffs' experts for the intentional untimely identification of their experts. Plaintiffs filed this case in June 2022 and insisted on an expedited discovery track. Plaintiffs coordinated the expedited track without input from the District and have pushed relentlessly for a quick decision by this Court. It is undeniable that the Plaintiffs violated the unambiguous terms of this Court's Local Rule 26.2(C) given that Plaintiffs did not even identify the names of any expert until the very end of the discovery period, have still not provided the requisite expert disclosures, and did not leave time for their experts to be deposed within the discovery period, let alone for the District to name its rebuttal experts "sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery."

Plaintiffs' failure to make their expert disclosures in a timely manner is especially inexcusable in this case.  Plaintiffs have an army of at least 23 lawyers representing them, and they have substantial experience in redistricting litigation not only in this District, but also throughout the county.  As discussed in other briefs, many of the organizational Plaintiffs and many of Plaintiffs' counsel are currently pursuing a multitude of other redistricting cases in the Northern District of Georgia, all of which have featured extensive use of expert testimony.  Thus, this is not the

first rodeo for most (if not all) of the organizational Plaintiffs or counsel for Plaintiffs in the Northern District, nor in redistricting cases challenging Republican-drawn maps. Plaintiffs are fully aware of the Local Rules. Plaintiffs have known from even before they filed this lawsuit that experts would be needed on their affirmative claims, and that the District would require multiple rebuttal experts. [See Doc. 48, calling for the use of multiple experts].  See Jones (Jones, J.), at 20 (the fact that plaintiff appears to have known from early in the case that this expert was going to be an important part of case and yet did not timely disclose her weighs in favor of excluding the expert) (citing Morrison v. Mann, 244 F.R.D. 668, 673-74) (N.D. Ga. 2007)).  Yet here we are, approximately two weeks prior to the close of discovery, with 6 depositions of fact witnesses on the calendar, and Plaintiffs still have not made their required expert disclosures.[3]  Although Plaintiffs suggest that they might make their expert disclosures on August 30, 2023, even if they did so, there would be no time to conduct expert witness discovery.

---

[3] Plaintiffs' identification of the names of their putative expert witnesses after hours on August 18 is not only untimely, but also is meaningless. (Doe (Jones, J.), at 17-18 n. 5 ("While Plaintiff attempts to deemphasize this issue by stating that she had earlier identified Dr. Stein … the relevant concern is not whether the expert has been identified but rather whether the expert has been *disclosed*, i.e., whether the party has produced the expert's report." (citing cases) (emphasis in original).

Lastly, Plaintiffs have not and cannot provide any justification for their last-minute expert identifications and refusal to provide expert reports.  Indeed, based on the very detailed allegations in Plaintiffs' Amended Complaint, as well as their involvement in other redistricting cases in this District, Plaintiffs could have made expert disclosures soon after filing the Amended Complaint on August 19, 2022. (See, e.g., Doc. 37, ¶¶ 156-176).    To the extent that Plaintiffs contend that they needed to review Mr. Tyson's file before preparing expert reports, the District produced his file to Plaintiffs on April 28, 2023 (Ex. B) and provided expert reports that Mr. Tyson considered on May 12, 2023 (Ex. C).  At a bare minimum, Plaintiffs could have made timely expert disclosures based on the information available and then supplemented their reports as more information became available.  Guevara, 920 F.3d at 718; Doe (Jones, J.), at 21.   Thus, it is readily apparent to the District that Plaintiffs  intentionally disregarded this Court's rules with bad-faith motives to manipulate the judicial system (as has been asserted since the onset) to prevent the defense of the case on the merits.

### III.    CONCLUSION

Plaintiffs' tactics are the very reason why Local Rule 26.2(C) was put in place. Thus, the District respectfully requests that the Court exclude Plaintiffs' expert

witnesses for Plaintiffs' failure to disclose their expert witnesses in a timely fashion as required under Local Rule 26.2(C).

This 22nd day of August 2023.

/s/Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Jonathan D. Crumly
Georgia Bar No. 199466
jonathan.crumly@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
Scott Eric Anderson
Georgia Bar No. 105077
scott.anderson@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com
*Attorneys for Adverse Intervenor*
*Cobb County School District*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833)330-3669 (facsimile)

## **LOCAL RULE 7.1 CERTIFICATION**

The undersigned does hereby certify that the foregoing has been prepared with

Times New Roman 14-point font in compliance with Local Rule 5.1.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Philip W. Savrin*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com

14

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing to the Clerk of Court using the Court's E-file system, which will automatically send electronic mail notification of such filing to all parties who have appeared in the action.

This 22nd day of August 2023.

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836