UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KAREN FINN, *et al.*<br><br>    Plaintiffs,<br><br>v.<br><br>COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION, *et al.*<br><br>    Defendants. | Civil Action No.<br>1:22-cv-2300-ELR |

**MEMORANDUM IN SUPPORT OF
MOTION TO REVISE THE SCHEDULING ORDER**

Plaintiffs, who are Cobb County voters and four non-profit organizations working to protect the right to vote in Georgia, file this memorandum in support of the motion to revise the Court's January 5, 2023 Scheduling Order (Doc. 57) to ensure that, should Plaintiffs prevail on a motion for preliminary injunction, an interim remedial map can be implemented with sufficient time before the May 21, 2024 primary election.

**I.    Procedural Background**

On December 19, 2022, Plaintiffs moved to extend the time to complete discovery and for a revised scheduling order necessitated by the fact that Election Defendants took the position that discovery should not commence until after the

1

then-pending motion to dismiss was decided (Doc. 51). On January 5, 2023, the Court granted Plaintiffs' unopposed Motion to Commence Discovery and Revise Scheduling Order (Doc. 56) and subsequently entered a separate amended scheduling order that directed discovery to conclude on September 5, 2023 (Doc. 57).

Plaintiffs and Elections Defendants have proceeded in good faith to implement the Court's Amended Scheduling Order, including ongoing good faith discussions of a schedule that, should Plaintiffs prevail on the merits, would allow Election Defendants to make the necessary preparations to implement Cobb County School Board maps in time for the next Cobb County School Board primary election in 2024. (*See* Doc. 51-1 at 4.)

After Plaintiffs were made aware, on Tuesday, August 15, 2023, that the Secretary of State had released the May 21, 2024 state primary election date,[1] Plaintiffs and Election Defendants met and conferred on August 16, 2023, in accordance with the Court's Instructions for Civil Cases (Doc. 4 at 4-6). During that meet and confer, Plaintiffs discussed expert discovery and offered in good faith the

---

[1] *See 2024 Scheduled Elections*, Off. of the Sec. of State Elections Div., https://sos.ga.gov/sites/default/files/2023-07/2024%20SCHEDULED%20ELECTIONS.PR_.1.pdf. The anticipated candidate qualifying date for the May 21, 2024 primary election has not yet been released by the Secretary of State.

names of the experts Plaintiffs were considering using, the anticipated date on which their reports would be disclosed, and the timing that would be needed to facilitate expert depositions or rebuttals by Election Defendants.

In an effort to move forward efficiently with a schedule that would allow for potential relief ahead of the 2024 elections, Plaintiffs also conferred with the Cobb County School District ("School District")[2] on August 18, 2023 regarding the same schedule-related topics discussed with Election Defendants. (*See* Exs. A, B.) Plaintiffs did so as a courtesy to the School District notwithstanding the fact that it is Plaintiffs' position that the Court's order of July 18, 2023—holding that the School District cannot be held liable under *Monell*—means that the School District

---

[2] On December 19, 2022, the School District moved "to intervene and join the [action] as a defendant." (Doc. 52). On January 30, 2023, the Court granted the School District's motion on consent by both Plaintiffs and the Election Defendants and ordered that the School District was "added as a defendant and shall file its answer" to the operative Complaint within 7 days. (Doc. 60). On March 31, 2023, the School District moved for judgment on the pleadings seeking an order dismissing it from the case. (Doc. 83). On July 18, 2023, the Court granted the School District's motion for judgment on the pleadings but denied the Election Defendants' previously filed motion to dismiss (Doc. 136), making it clear that the only remaining defendants were the Election Defendants. Based on that undisputed history, the School District is no longer a party to the action and is therefore not entitled to participate in this action as a party. Nevertheless, the School District continues to ask questions at depositions and issue subpoenas to non-parties, including subpoenas issued in the last week for depositions of non-parties on September 1, 2023 and September 5, 2023. (*See* Docs. 150, 151.)

no longer has a live case and controversy in this matter and is therefore not entitled to propound discovery, or to be involved in decisions regarding the discovery schedule, or to submit expert reports or rebuttal expert reports, or to take expert depositions, or to object to a preliminary injunction motion. As further expression of Plaintiffs' good faith, Plaintiffs agreed to adjust their originally proposed schedule to include deadlines for rebuttal expert disclosures and an extended period for expert discovery at the request of the School District—despite Plaintiffs' position that the School District is not entitled to propound discovery or to submit expert or rebuttal expert reports.

That same day, August 18, 2023, Plaintiffs also supplemented their disclosures to include the names and contact information of Plaintiffs' two experts (Doc. 153), despite having not completed depositions of fact witnesses that could be pertinent to Plaintiffs' expert disclosures and reports. Plaintiffs first asked for dates to take fact depositions as early as June 7, 2023. But the School District could not schedule any depositions until July 14, 2023, with the latest of the depositions requested in the first half of June taking place on August 11, 2023—just one week prior to Plaintiffs' supplemental disclosures.[3] Fact witness depositions are still

---

[3] Plaintiffs deposed Randy Scamihorn on July 14, 2023, the School District's 30(b)(6) designee on August 4, 2023, David Banks on August 9, 2023, and Bryan Tyson on August 11, 2023.

ongoing due to scheduling issues raised by the School District.

Between August 20 and 23, 2023, Plaintiffs continued to confer with the Election Defendants and the School District about a revised schedule that would accommodate the parties to the extent possible. That meet and confer process included an amicable discussion with counsel for the School District less than three hours before the School District, without notice or any acknowledgment of the ongoing negotiations, filed its motion to exclude Plaintiffs' expert reports (Doc. 155).[4] (*See* Exs. C, D, E, F, G.)

## II. Proposed Revised Schedule

To ensure that any relief obtained by Plaintiffs can be implemented before the 2024 election cycle, should Plaintiffs prevail, Plaintiffs now request the adjustment of the Amended Scheduling Order as follows (*see also* Doc. 48 at 8):

| Event | Proposed Deadline |
|---|---|
| Plaintiffs' expert disclosure deadline | August 30, 2023 |
| Close of fact discovery | September 5, 2023 |
| Rebuttal expert disclosure deadline, if necessary | September 13, 2023 |
| Depositions of experts | September 13-October 4, 2023 |

---

[4] Despite ongoing good faith efforts of Plaintiffs and Election Defendants to come to an agreement on a proposed revised schedule, Election Defendants were not prepared to take a position on this Motion as of the date of this filing. Given the current close of discovery and Plaintiffs' previously stated desire to put forth a revised schedule to the Court no later than August 22, 2023, Plaintiffs filed the present Motion to Revise the Scheduling Order without a position from the Election Defendants at this time.

| | |
|---|---|
| Deadline for motion for preliminary injunction[5] | September 18, 2023 |
| Close of expert discovery | October 4, 2023 |
| Responses to motion for preliminary injunction | October 6, 2023 |
| Reply in support of motion for preliminary injunction | October 12, 2023 |

Should Plaintiffs prevail on their motion for preliminary injunction, Plaintiffs also propose an interim remedial process spanning from November 18, 2023 to December 29, 2023.[6] Specifically, Plaintiffs propose that the following deadlines for the interim remedial process, should one be required, be included in a revised scheduling order:

| **Event** | **Proposed Deadline** |
|---|---|
| Deadline for State Legislature to adopt interim remedial map | December 7, 2023 |
| If School Board/State Legislature adopts an interim remedial map, Plaintiffs' deadline to enter objections<br><br>If School Board/State Legislature fails to adopt an interim remedial map, deadline for both parties to propose | December 18, 2023 |

---

[5] Plaintiffs' forthcoming motion for preliminary injunction will request a hearing, at the Court's discretion, between October 18-19, or October 23-27, 2023. These hearing dates are calculated based on the adoption of an interim remedial map by January 22, 2024.

[6] Plaintiffs are prepared to provide briefing on an interim remedial process at the conclusion of a hearing on the motion for preliminary injunction or at the Court's discretion.

| | |
|---|---|
| interim remedial map | |
| Reply to Plaintiffs' objections/parties' proposal of interim remedial map | December 29, 2023 |

This proposed revised schedule contemplates the adoption of an interim remedial map by January 22, 2024, six weeks prior to the anticipated candidate qualifying deadline and the first day to request absentee ballots for the May 21, 2024 state primary election. This six-week map implementation period is in accordance with the Election Defendants' representations that, in the past, the Election Defendants have implemented county-wide maps within a period of four to six weeks prior to the relevant candidate qualifying deadline (Exs. G, H, I).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court grant the Motion to revise the scheduling order as proposed.

Respectfully submitted this 22nd day of August, 2023,

/s/ *Pichaya Poy Winichakul*
Bradley E. Heard (Ga. Bar No. 342209)
Pichaya Poy Winichakul (Ga. Bar No. 246858)
Michael Tafelski (Ga. Bar No. 507007)
Sabrina S. Khan*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org
sabrina.khan@splcenter.org

Jeff Loperfido*
Christopher Shenton*
SOUTHERN COALITION FOR SOCIAL JUSTICE
1415 West Highway 54, Suite 101
Durham, NC 27707
(919) 323-3380
jeffloperfido@scsj.org
chrisshenton@scsj.org

Rahul Garabadu (Ga. Bar No. 553777)
Cory Isaacson (Ga. Bar No. 983797)
Caitlin May (Ga. Bar No. 602081)
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
(678) 310-3699

8

rgarabadu@acluga.org
cisaacson@acluga.org
cmay@acluga.org

Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
Sofia Fernandez Gold*
Heather Szilagyi*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org
hszilagyi@lawyerscommittee.org

Douglas I. Koff*
Thomas L. Mott*
Jacqueline Maero Blaskowski*
Paul Schochet*
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Jacqueline.Maeroblaskowski@srz.com
Paul.Schochet@srz.com

*Admitted Pro Hac Vice

*Counsel for Plaintiffs Karen Finn, Dr. Jillian Ford, Hylah Daly, Jenne Dulcio, GALEO Latino Community Development*

9

*Fund, Inc., New Georgia Project Action Fund, League of Women Voters of Marietta-Cobb, and Georgia Coalition For the People's Agenda, Inc.*

/s/ *Caren E. Short*
Caren E. Short (Ga Bar No. 990443)
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW, Suite 500
Washington, DC 20036
202-921-2219
cshort@lwv.org

*Counsel for Plaintiff League of Women Voters Marietta-Cobb*

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 7.1, the undersigned counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.

Dated this 22nd day of August, 2023.

> */s/ Pichaya Poy Winichakul*
> Pichaya Poy Winichakul (Ga. Bar No. 246858)
> SOUTHERN POVERTY LAW CENTER
> 150 E. Ponce de Leon Ave., Suite 340
> Decatur, Georgia 30030
> (404) 521-6700
> poy.winichakul@splcenter.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

*/s/ Pichaya Poy Winichakul*
Pichaya Poy Winichakul (Ga. Bar No. 246858)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
poy.winichakul@splcenter.org