UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KAREN FINN, *et al.*<br><br>    Plaintiffs,<br><br>v.<br><br>COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION, *et al.*<br><br>    Defendants. | Civil Action No.<br>1:22-cv-2300-ELR |

**PLAINTIFFS' EMERGENCY MOTION
TO ENFORCE THE COURT'S JULY 18, 2023 ORDER**

Plaintiffs Karen Finn, Dr. Jillian Ford, Hylah Daly, Jenne Dulcio, GALEO Latino Community Development Fund, Inc., New Georgia Project Action Fund, League of Women Voters of Marietta-Cobb, and Georgia Coalition for the People's Agenda, Inc. (the "Plaintiffs") hereby respectfully request on an emergency basis an order enforcing the Court's July 18, 2023 Order (Doc. 136) (the "Order") that prohibits the Cobb County School District (the "School District"), absent further order of the Court, from participating in this action as a party, an intervenor, or in any other role affording the School District any rights to prosecute any claims or defenses related to this matter in any way, including by: (i) prohibiting the School District from filing motions or responsive briefing as a party, intervenor, or in any other participatory role beyond that of a nonparty; (ii) removing the School District

1

as a party or intervenor on the ECF docket; (iii) striking the motions improperly filed by the School District subsequent to the Order (Docs. 149, 155); and (iv) prohibiting the School District from continuing to participate in discovery in the action except solely as a nonparty, including by: (a) quashing the deposition subpoenas the School District improperly served on Dr. Jaha Howard and Ms. Charisse Davis subsequent to the Order (Docs. 150, 151) and any otherwise pending deposition subpoenas that the School District has refused to withdraw subsequent to the Order, (b) quashing any otherwise pending document discovery previously propounded by the School District, including the document subpoenas served on certain of Plaintiffs' litigation counsel in this action that the School District has refused to withdraw subsequent to the Order, and (c) prohibiting the School District or any of its representatives from participating during any future depositions except solely in the role of a nonparty witness. In support of this Motion and Plaintiffs' request for expedited relief pursuant to Local Rules 7.2(B) and 65.2, Plaintiffs show as follows.

1. As discussed more fully below, the School District sought to intervene in this action solely as a defendant. That request was acceded to by Plaintiffs and accepted by the Court. However, the School District thereafter by its own actions and motion obtained judgment on the pleadings dismissing it from the action. The School District is therefore no longer a party to the action and should not be allowed

to participate as one. Nevertheless, after being dismissed from the action, the School District has improperly filed motions, served subpoenas for the depositions of former School Board Members Dr. Jaha Howard and Ms. Charisse Davis, and otherwise ignored the Order by attempting to remain an active party in this matter. Responding to those motions and participating in those depositions will require Plaintiffs to expend considerable resources that Plaintiffs should not be forced to spend given the School District's nonparty status and Plaintiffs' ongoing and active litigation with the Election Defendants. Accordingly, Plaintiffs make this emergency motion to avoid having to expend any further their resources, and to preclude the School District from continuing to act as a party in this action going forward.

2. On December 19, 2022, the School District moved "to intervene and join the [action] as a defendant." (Doc. 52). The School District did not seek any other rights as an intervenor. The Court granted that motion on January 30, 2023, after both Plaintiffs and the Election Defendants consented to the School District joining as a defendant, and ordered that the School District was to be "added as a defendant and shall file its answer" to the Complaint within 7 days. (Doc. 60).

3. On March 31, 2023, the School District moved for judgment on the pleadings, seeking dismissal from the action. (Doc. 83). On July 18, 2023, the Court granted that motion through the Order. While the Order granted the School District's

3

motion and dismissed it from the action, the Order also denied the Election Defendants' previously filed motion to dismiss (Doc. 43), thereby making the Election Defendants the only remaining defendants to the action. In the Order, the Court specifically noted that the "Election Defendants are 'suited to defend the [claim]' in this case challenging the Map." Order at 25 (quoting *Scott v. Dekalb Cnty. Bd. of Elections & Voter Registration*, 2005 WL 8155742, at *5 (N.D. Ga. Aug. 5, 2005)).

4.  On August 16, 2023, the day after the 28-day window to move to reconsider the Order had expired pursuant to Local Rule 7.1(E), the School District filed its Supplemental Motion for Judgment on the Pleadings or Alternatively a Motion for Summary Judgment (Doc. 149) (the "Supplemental Motion"). Due to its nonparty status as a result of the Order, the School District does not have standing or otherwise have the right to file the Supplemental Motion. Additionally, the Supplemental Motion is an improper "successive Rule 12 motion," which are "specifically prohibit[ed]" under the Federal Rules. *CGHH, LLC v. Cesta Punta Deportes, S.A. de C.V.*, 2006 WL 8430970, at *3 n.8 (N.D. Ga. Mar. 31, 2006).

5.  Responding to the Supplemental Motion will require Plaintiffs to expend significant resources over the next one or two weeks.[1]

---

[1] In an effort to cut down on briefing, on August 22, 2023, Plaintiffs filed an

4

6. Two days after filing the Supplemental Motion, on August 18, 2023, the School District improperly served subpoenas to depose former School Board Members Dr. Jaha Howard and Ms. Charisse Davis, both of whom are among the three Black members of the Cobb County School Board, as listed in the Complaint. As the School District is no longer a party, however, it does not have authority to serve subpoenas on behalf of the Court in this Action.

7. Participating in the depositions of Dr. Howard and Ms. Davis, which are scheduled for September 1, 2023, and September 5, 2023, respectively, including to object to the depositions being held in the first place, will require Plaintiffs to expend significant resources over the next two weeks.[2]

---

unopposed motion (Doc. 155) to consolidate their briefing in opposition to the Supplemental Motion with their briefing in opposition to the Election Defendants' Motion for Reconsideration of the Order (Doc. 148), with an extension of their deadline to respond from August 30, 2023 to September 8, 2023. That unopposed motion is pending.

[2] In addition to improperly serving the deposition subpoenas, subsequent to the July 18 Order, the School District has also refused to withdraw its document subpoenas to certain of Plaintiffs' litigation counsel in this action. As recently as August 3, 2023, the School District has refused to withdraw its Rule 45 subpoena of the Lawyers' Committee for Civil Rights Under Law, Plaintiffs' counsel in this very case, on the basis that it has "the right to serve and enforce subpoenas" as an "Adverse Intervenor." (Exs. A, B.) The Lawyers' Committee for Civil Rights Under Law thus had to expend unnecessary resources to preserve its objections against a document subpoena the School District had no standing to propound. (Ex. C.)

8. Initially, upon learning of the School District's improper activity last week, Plaintiffs intended to assert their objections on the record of the improper depositions, and to wait until their opposition brief in response to the Supplemental Motion to argue it was improperly filed due to the School District's nonparty status. However, after the School District's latest instance of procedural overreach, which came to Plaintiffs' attention only yesterday, it has become clear the School District will continue to force Plaintiffs to needlessly expend resources through improper motion practice and potentially other means, necessitating this emergency Motion.

9. Specifically, as detailed more fully in Plaintiffs' Motion to Revise the Scheduling Order (Doc. 156-2),[3] Plaintiffs had been meeting and conferring in good faith with the Election Defendants and—as a courtesy and to move the case forward efficiently while reserving all rights—the School District concerning a proposed extension of the amended scheduling order (Doc. 57). Plaintiffs' proposal, with the Court's approval, would allow for completion of expert discovery after the close of fact discovery on a timeline that would allow Election Defendants to make the necessary preparations to implement a new electoral map in time for the 2024

---

[3] As set forth below, Plaintiffs are available at the Court's convenience for a conference, whether telephonic or in-person, to discuss Plaintiffs' Motion to Revise the Scheduling Order and/or this emergency Motion, should the Court determine such a conference would be useful.

primary election. During the meet and confer process, unbeknownst to Plaintiffs, the School District had been preparing its Motion to Exclude Plaintiffs' Expert Reports (Doc. 155) (the "Motion to Exclude"), which the School District filed yesterday afternoon, without notice or any acknowledgement of the ongoing negotiations.

10. Pursuant to the July 18 Order, the School District cannot be held liable under *Monell* and thus no longer has a live case and controversy in this matter. Therefore, the School District has no authority to move to strike Plaintiffs' expert witnesses, or to otherwise object to Plaintiffs' proposed schedule for completing expert discovery and preliminary injunction motion practice, as set forth in Plaintiffs' Motion to Revise the Scheduling Order.

11. Plaintiffs' opposition to the School District's improperly filed Motion to Exclude is currently due on September 6, 2023, and will require Plaintiffs to expend a significant amount of resources in order to respond to it.

12. In order to prevent any further misuse of the parties' or the Court's resources, and in light of the imminent deadlines set forth above, Plaintiffs respectfully request that the Court rule on this Motion on an expedited basis, pursuant to Local Rule 7.2(B) and 65.2.

13. Should the Court determine that a conference would be helpful to

discuss this emergency Motion and/or the Motion to Revise the Scheduling Order, Plaintiffs are available to participate, whether telephonically or in-person, at the Court's convenience.

WHEREFORE, Plaintiffs respectfully request that the Court enforce its July 18 Order and prohibit the School District, absent further order of the Court, from participating in this action as a party, an intervenor, or in any other role affording the School District any rights to prosecute any claims or defenses related to this matter in any way, including by: (i) prohibiting the School District from filing motions or responsive briefing as a party, intervenor, or in any other participatory role beyond that of a nonparty; (ii) removing the School District as a party or intervenor on the ECF docket; (iii) striking the Supplemental Motion (Doc. 149) and the Motion to Exclude (Doc. 155) from the docket; (iii) prohibiting the School District from continuing to participate in discovery in the action except solely as a nonparty, including by: (a) quashing the deposition subpoenas the School District improperly served on Dr. Jaha Howard and Ms. Charisse Davis (Docs. 150, 151), and any otherwise pending deposition subpoenas that the School District has refused to withdraw subsequent to the Order, (b) quashing any otherwise pending document discovery previously propounded by the School District, including the document subpoenas served on certain of Plaintiffs' litigation counsel in this action that the

School District has refused to withdraw subsequent to the Order, and (c) prohibiting the School District or any of its representatives from participating during any future depositions except solely in the role of a nonparty witness.

Respectfully submitted this 23rd day of August 2023.

/s/ *Pichaya Poy Winichakul*
Bradley E. Heard (Ga. Bar No. 342209)
Pichaya Poy Winichakul (Ga. Bar No. 246858)
Michael Tafelski (Ga. Bar No. 507007)
Sabrina S. Khan*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org
sabrina.khan@splcenter.org

Jeff Loperfido*
Christopher Shenton*
SOUTHERN COALITION FOR SOCIAL JUSTICE
1415 West Highway 54, Suite 101
Durham, NC 27707
(919) 323-3380
jeffloperfido@scsj.org
chrisshenton@scsj.org

Rahul Garabadu (Ga. Bar No. 553777)

Cory Isaacson (Ga. Bar No. 983797)
Caitlin May (Ga. Bar No. 602081)
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
(678) 310-3699
rgarabadu@acluga.org
cisaacson@acluga.org
cmay@acluga.org


Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
Sofia Fernandez Gold*
Heather Szilagyi*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org
hszilagyi@lawyerscommittee.org


Douglas I. Koff*
Thomas L. Mott*
Tara Lederer*
Paul Schochet*
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000
Douglas.Koff@srz.com

10

Thomas.Mott@srz.com
Tara.Lederer@srz.com
Paul.Schochet@srz.com

\* Admitted Pro Hac Vice

*Counsel for Plaintiffs Karen Finn, Dr. Jillian Ford, Hylah Daly, Jenne Dulcio, GALEO Latino Community Development Fund, Inc., New Georgia Project Action Fund, League of Women Voters of Marietta-Cobb, and Georgia Coalition for the People's Agenda, Inc.*


/s/ *Caren E. Short*
Caren E. Short (Ga Bar No. 990443)
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW, Suite 500
Washington, DC 20036
202-921-2219
cshort@lwv.org

*Counsel for Plaintiff League of Women Voters Marietta-Cobb*

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 7.1, the undersigned counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.

Dated this 23rd day of August 2023.

*/s/ Pichaya Poy Winichakul*
Pichaya Poy Winichakul (Ga. Bar No. 246858)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
poy.winichakul@splcenter.org

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case. After filing the foregoing with the Clerk of Court using the CM/ECF system, I will provide courtesy copies to the Court and otherwise comply with the requirements of Local Rule 7.2(B).

Dated this 23rd day of August 2023.

*/s/ Pichaya Poy Winichakul*
Pichaya Poy Winichakul (Ga. Bar No. 246858)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
poy.winichakul@splcenter.org