## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KAREN FINN, et al.             :
                                :
      Plaintiffs,          :         Civil Action File No.:
vs.                       :         22-cv-2300-ELR
                                :
COBB COUNTY BOARD OF    :
ELECTIONS AND REGISTRATION,  :
et al.                      :
                                :
      Defendants.         :
_____:

## COBB COUNTY ELECTION DEFENDANTS'
## RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION
## TO ENFORCE THIS COURT'S JULY 18, 2023 ORDER

Defendants Cobb County Board of Elections and Registration and Janine Eveler, in her former official capacity as Elections Director for Cobb County, (collectively "Elections Defendants") file this response in opposition to Plaintiffs' Emergency Motion to Enforce the Court's July 18, 2023 Order. Plaintiffs' motion should be denied because the Cobb County School District (the "School District") is still an intervenor of right under Fed. R. Civ. P. 24 (a)(2). Nothing in the Court's Order of July 18, 2023 changes that status.

The central premise of Plaintiffs' emergency motion is that the July 18, 2023 Order "prohibits the Cobb County School District (the "School District")…from

participating in this action as a party, an intervenor, or in any other role…" [Doc. 157, pg. 1].  This claim grossly overstates the effect of the Order. Indeed, the only substantive ruling in that Order affecting the School District's status in this case is that it cannot be held liable for damages under § 1983, because it is entitled to municipal immunity under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). [Doc. 136].  The July 18, 2023 Order did not contain any language dismissing the School District from this action or otherwise overriding its Order of January 30, 2023 in which it permitted the School District to intervene by right under Rule 24(a)(2).

In the final conclusion of its July 18, 2023 Court held as follows:

> For the foregoing reasons, the Court DENIES IN PART AND DENIES AS MOOT IN PART Election Defendants' "Motion to Dismiss Plaintiffs' Amended Complaint." The Court DENIES AS MOOT that motion to the extent it argues the District is an indispensable party pursuant to Rule 19 and DENIES the motion in all other respects. The Court GRANTS the District's "Motion for Judgment on the Pleadings." [Doc. 83]. Pursuant to the Court's most recent Amended Scheduling Order dated January 5, 2023, discovery in this case will close after September 5, 2023. [See Doc. 57].

Nowhere in this directive does the Court indicate that the School District is dismissed from the action as a party, only that it granted its motion for judgment on

the pleadings.  The basis of judgment on the pleadings was simply that the School District cannot be held liable under *Monell*.  It did not hold that the District was no longer an interested party entitled to protect its interests in the outcome of this action.

To the contrary, the Court expressly ***denied as moot*** the Election Defendants' motion to dismiss due to failure to join indispensable parties under Rule 19.  The rationale behind this ruling of mootness must necessarily be that an indispensable party – the School District - had been joined and remains as an interested party, otherwise the Court would have ruled the motion was without merit because there are no other indispensable parties besides the Election Defendants.  See, *Crum & Forster Specialty Ins. Co. v. Ard Contracting, Inc.*, No. 16-0185-WS-M, 2016 U.S. Dist. LEXIS 127692, at *10 (S.D. Ala. Sep. 19, 2016) (motion to dismiss for failure to join indispensable party rendered moot by the Court's decision to grant motion for intervention).  And see, *Selective Ins. Co. of Se. v. William P. White Racing Stable, Inc.*, No. 15-21333-CIV-LENARD/GOODMAN, 2015 U.S. Dist. LEXIS 189691, at *14 (S.D. Fla. Dec. 22, 2015).

An indispensable party doesn't become dispensable simply because it can't be held liable for damages.  As a reminder, the School District moved to intervene [Doc. 52] on the basis of Fed. R. Civ. P. 24(a)(2) which states that the Court must permit intervention by right for anyone who "claims an interest relating to the property or

transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."   Plaintiffs specifically consented to the motion to intervene, and while they dropped footnotes regarding the timing and use of Court resources, they did not challenge, or reserve any right to dispute, the School Districts' assertion that it was an entitled to intervene by right.  [Doc. 54].  Likewise, the Election Defendants consented to the intervention with the specific understanding that the School District is an indispensable party under Rule 19 and entitled to intervene under Rule 24 (a). [Doc. 55].

The same interests the School District laid out in its Motion to Intervene still exist even after the July 18, 2023 Order:

> …the gravamen of the Amended Complaint is that the Board unconstitutionally used race as the predominant factor in drawing the district maps it approved and proposed to the General Assembly for adoption. The Board did so, Plaintiffs claim, as part of an ongoing pattern of racial animus.
>
> The redistricted maps comply with the Equal Protection Clause, and the District has an interest in presenting the Court with evidence and law showing that to be true. But the District's interests are not only legal, they are also practical.  Plaintiffs seek to have the district map declared unconstitutional. Plaintiffs' Amended Complaint goes on to request a litany of remedies that, as discussed above, would prejudice the District. Although the sought-after relief is guised in requesting remedies directed to the Board of Elections, the reality is those remedies would primarily affect the District and the Board members. At a minimum, those remedies, if granted, would require the Board to go back to the

proverbial—indeed, literal—drawing board. Doing so would strain the District's resources of time and money, impeding its ability to serve its public function. The result could also require a special election that further stresses county resources (including the Board of Elections), alter the composition of the democratically elected Board, and affect voters throughout the County. [Doc. 52-1, pp. 21-22]

Election Defendants have no doubt that Plaintiffs would prefer to litigate this matter only against a neutral election administrator with minimal connection to this process and even less connection to the alleged facts.  However, the as the Supreme Court noted, "a full consideration of the [government's] practical interests may require the involvement of different voices with different perspectives. To hold otherwise would risk allowing a private plaintiff to pick its preferred defendants and potentially silence those whom the [government] deems essential to a fair understanding of its interests."  *Berger v. N.C. State Conference of the NAACP*, 142 S. Ct. 2191, 2203 (2022).  Allowing the Plaintiffs to proceed only against the Elections Defendants ignores the interests of a necessary party and effectively silences the School District's prospective on maps that it created and submitted pursuant to O.C.G.A. § 28-1-1-4.1.

Likewise, it is still the case that there would be no other party to adequately represent the interests of the District if the Court ordered the School District to stop participating in this litigation.  [Doc. 52-1, pp. 22-24].  "A presumption of adequate representation is inappropriate when a duly authorized state agent seeks to intervene

to defend a state law. "*Id* at 2204 (2022).  The School District's interests in defending the Challenged Maps that it designed and submitted to the State Legislature are not the same as those of the Election Defendants, whose primary interest is simply the ability to administer an election on approved maps.  Accordingly, the School District should still be permitted to remain in this case as an intervenor of right.

For all these reasons the Election Defendants request that the Court deny Plaintiffs' Emergency Motion to Enforce the Order of July 18, 2023.

HAYNIE, LITCHFIELD & WHITE, PC

/s/Daniel W. White
DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Cobb County Election Defendants*

222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2023 I electronically filed the foregoing COBB COUNTY ELECTION DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO ENFORCE THIS COURT'S JULY 18, 2023 ORDER with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record in this matter:

> /s/ *Daniel W. White*
> DANIEL W. WHITE
> Georgia Bar No. 153033
> *Attorney for Cobb County Election*
> *Defendants*

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com