UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KAREN FINN, *et al.*<br><br>    Plaintiffs,<br>v.<br><br>COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION, *et al.*<br><br>    Defendants. | Civil No. 1:22-cv-2300-ELR |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO COBB COUNTY SCHOOL DISTRICT'S MOTION FOR <u>RECONSIDERATION AND SUPPLEMENT</u>**

Plaintiffs respectfully submit this response in opposition to the Cobb County School District's ("District") Emergency Motion for Reconsideration filed September 21, 2023 ("Emergency Motion") (ECF No. 178), and Supplement to its Emergency Motion filed September 25, 2023 ("Emergency Supplement," and along with the Emergency Motion, the "Motions") (ECF No. 181).

<u>**PRELIMINARY STATEMENT**</u>

In its Motions, the District asks the Court to reconsider its September 12, 2023 "verbal decision to exclude the District from the case, effective July 18, 2023." (ECF No. 178 at 1; *see* ECF No. 181.) The District argues that it is entitled to participate in this case as an "intervenor" for three reasons:  1) a case or controversy remains as to the Election Defendants (ECF No. 178 at 6-7); 2) the District's interest in opposing Plaintiffs' claims is aligned with the Election Defendants' interest (ECF

1

Nos. 178 at 8-9); and 3) the Election Defendants are purportedly refusing to defend the merits of the case (ECF No. 181). As demonstrated below, all of the District's arguments fail.

At the outset, the Motions suffer from procedural defects. Most importantly, they were made well past the deadline to seek reconsideration. The District's framing of the Motions as requesting reconsideration of the "verbal decision" at the September 12, 2023 telephonic conference ("September 12 Conference") is inaccurate, and an attempt to make an end-run around the Local Rules. The Court made no "verbal decision," or any decision, at the September 12 Conference with respect to the District' legal status as a defendant or intervenor. The Court merely stated the effect of its July 18, 2023 Order ("July 18 Order") (ECF No. 136). Ex. A, Tr. 5:5-10 (ECF No. 182). Under these circumstances, the Motions fail because they were brought 65 days after the District was dismissed from the case, weeks more than they are allowed under the Local Rules to request reconsideration of that order. N.D. Ga. Civ. L.R. 7.2(e). The fact that the District ignored the Court's decision and masqueraded as a party for two months thereafter does not excuse its failure to comply with this Court's rules.

Moreover, even if the Motions were timely (which they are not), they fail because the District offers no newly discovered evidence, intervening developments, or changes in controlling law that meet the standard for reconsideration. The

District's *first* and *second* arguments—that there is a case or controversy as to the Election Defendants, and that the District's and Election Defendants' interests align—have no relevance to the standard of review for reconsideration motions. Likewise, the District's *third* argument—that the Election Defendants are purportedly refusing to defend the merits of the case—does not justify reconsideration because how the Election Defendants might choose to litigate the case going forward has no bearing on whether the Court correctly decided the District's prior Rule 12(c) motion months ago. Fed. R. Civ. P. Rule 12(c).

Nothing that has occurred in this case since the July 18 Order can change the facts that the District: (i) previously moved to intervene solely as a **party defendant** (ECF No. 52); (ii) was joined in this case through consent order as a **party defendant** (ECF No. 60)—not as an any other type of intervenor; and (iii) then successfully obtained a judgment on the pleadings dismissing it from the case on the grounds that Plaintiffs had not adequately alleged Section 1983 liability against the District, (ECF No. 83). From that point on, the District was dismissed from this case and had no party or intervenor rights.

The District intervened as a defendant only and has been dismissed as a result of its own strategic decisions. As such, the District is dealing with a problem of its own making and doing so in a manner that is causing the parties and this Court to expend considerable time and resources in response to its numerous filings. But

parties and attorneys make tactical decisions in litigation all the time, and parties are bound by those decisions and their consequences. Those consequences, even if unintended, are not grounds for reconsideration. For that reason, and for those further described below, the Motions should be denied.

## **PROCEDURAL HISTORY**

On June 9, 2022, Plaintiffs filed a complaint against the Election Defendants, well in advance of, and with the openly stated goal of gaining relief before, Cobb County's 2024 Board of Education elections. The District was aware of this suit the same week that it was filed. (ECF No. 52-1 at 11 (admitting the District learned of the lawsuit on June 9, 2022).) But the District waited six months after Plaintiffs commenced this lawsuit before moving "to intervene and join the [action] as a defendant." (ECF No. 52-1 at 1.) All parties consented to the District's motion (ECF Nos. 54, 55), and the Court entered a consent order that the District be "added as a defendant" on January 30, 2023 (ECF No. at 60 at 3).

On March 31, 2023, the District filed a Motion for Judgment on the Pleadings seeking, *inter alia*, to be dismissed from this action. (ECF No. 83.) The Election Defendants did not join that motion. The July 18 Order granted the District's Motion for Judgment on the Pleadings and dismissed the sole claim against it. (ECF No. 136.) After the July 18 Order, the Election Defendants were the only remaining defendants in the action. From that point forward, Plaintiffs took the position that

the District was no longer a party to the case because the Court had dismissed any claim of liability against it in the July 18 Order.

On September 12, 2023, the Court held a telephonic conference during which it "discussed outstanding issues and addressed scheduling." (ECF No. 175.) In the September 12 Conference, the Court re-stated that the July 18 Order dismissed the District from the case, and as a result the District was now a non-party. The Court "allowed the [District] to intervene as a party defendant upon consent motion of the parties" on January 30, 2023. (Ex. A, Tr. 4:23-25.) As a result, the District "became functionally equivalent to an original party at that time." (Ex. A, Tr. 5:3-4.) The Court then "grant[ed] the [District's] Motion for Judgment on the Pleadings in the [July 18 Order]. And although that [July 18] Order didn't explicitly direct the Clerk of Court to enter the judgment and terminate the [District] from the docket, that was the intended effect of granting the [District's] Motion for Judgment on the Pleadings." (Ex. A, Tr. 5:5-10.)

The Court then made clear: "It's the Court's position that, as of July 18th, 2023, the [District] was dismissed from the case and has not been a party defendant since that time." (Ex. A, Tr. 5:11-13.) As a result, the District's outstanding Supplemental Motion for Judgment on the Pleadings or Alternatively for Summary Judgment was "improperly raised," since the Court could find "no support" for the District's "proposition that it should be able to participate in this case as an adverse

5

intervenor." (Ex. A, Tr. 5:12-25.) Indeed, the Court remarked that it had not "even been able to find that term ['adverse intervenor'] anywhere" and that the District is a "nonparty." (Ex. A, Tr. 6:1-3.)

On September 21, 2023, the District filed the Emergency Motion asking the Court to reconsider its September 12, 2023 "verbal decision to exclude the District from the case, effective July 18, 2023" from "participating fully as an Intervenor," making arguments related to its interest in intervention rather than any new grounds to reconsider the grant of the District's Motion for Judgment on the Pleadings. (ECF No. 178 at 1-2.) On September 25, 2023, the District filed its Emergency Supplement and requested an emergency hearing to "inform the Court of new information." (ECF No. 181 at 1.)[1]

## ARGUMENT

### I. THERE IS NO JUDGMENT SUBJECT TO RECONSIDERATION

#### A. There Is No "Verbal Decision" From The September 12 Conference To Be Reconsidered.

The District styled the Motions to request reconsideration of the Court's "verbal decision" from the September 12 Conference; however, at that September 12 Conference the Court did not render any decision (much less a new one)

---

[1] Additionally, on September 29, 2023, the District filed notice of a Petition for Writ of Mandamus in the Eleventh Circuit Court of Appeals on the same issue. (ECF No. 183.)

6

concerning the District's intervention rights. Rather, the Court merely reconfirmed what was obvious: the July 18 Order dismissed the sole claim against the District, and therefore dismissed the District from the case. (Ex. A, Tr. 5:5-25.) Reiteration at the September 12 Conference was only necessitated by the District's continued filing of "improperly raised" motions after its dismissal. (Ex. A, Tr. 5:5-25.)

It was clear that the July 18 Order dismissed the District as a party in the case. The District joined this case through consent order as a party defendant (not as any other type of party). The July 18 Order dismissed the only claim against the District via a final judgment, with prejudice, on the merits, which terminated the District's status as a party defendant. Other courts within this District have recognized that a judgment on the pleadings—like the July 18 Order—acts as a "judgment, with prejudice, on the merits." *WESI, LLC*, 509 F. Supp. 2d at 1359, n.4 (N.D. Ga. 2007); *accord Judgment on the Pleadings — In General*, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.) ("The motion for judgment on the pleadings under Federal Rule 12(c) has its historical roots in common law practice, which permitted either party, at any point in the proceeding, to demur to his opponent's pleading and secure a dismissal or final judgment on the basis of the pleadings."). Despite many pages of filings, the District has yet to point to any case where a former party defendant continued to participate in a litigation after the sole claim against it was dismissed by a 12(c) motion or otherwise. Indeed, the Court was also unable to "find any support" for

7

the "District's proposition that it should be able to participate in this case as an adverse intervenor"—a term the Court noted it had "not even been able to find . . . anywhere." (Ex. A, Tr. 5:22-6:3.)

The District erroneously and disingenuously argues that "all the parties continued to treat the District as an Intervenor" (ECF No. 178 at 4), which is demonstrably false—but even if true (which it is not), does not change the fact that the District is no longer a party in this case. Specifically, the Plaintiffs have continually communicated to the District in every filing, email, and deposition since the July 18 Order that they understood the District had been dismissed from the case and was not a party, and any subsequent cooperation with the District was gratuitous and for the sake of efficiency during the discovery process, including during the pendency of the Election Defendants' motion for reconsideration. (*See e.g.*, ECF Nos. 156-3 at 2; 157-1 at 3; 157; 157-3.)

The Election Defendants also understood that the District was no longer a party, as illustrated by their assertion in the Consolidated Joint Discovery Statement filed July 28, 2023 that the Board of Elections and Registration was the "only remaining defendant after the entry of the [July 18] Order." (ECF No. 140 at 6.) Indeed, even the District admitted in the Consolidated Joint Discovery Statement that its "continued involvement is peripheral" as a result of the July 18 Order. (ECF No. 140 at 3.) Most importantly, setting aside the evidence that the parties were in

fact treating the District as a nonparty following the July 18 Order, how litigants treat one another is simply not the standard for determining who the actual parties to a case are.

### B. The District's Thinly Veiled Request For Reconsideration Of The July 18 Order Is Out Of Time And In Violation Of Local Rules.

The Motions' attempts to seek reconsideration of the July 18 Order dismissing the District from the case are far too late and violate the Local Rules. Motions for reconsideration must be made within 28 days "after entry of the order or judgment" in question. N.D. Ga. L.R. 7.2(e). Instead, the Emergency Motion was filed a full 65 days after the July 18 Order.

The fact that the District refused to accept the plain meaning of the July 18 Order until the September 12 conference (and apparently still does not accept the results of the July 18 Order as reflected by its styling itself as "Intervenor" in the Motions) does not change the timeliness requirements for a motion to reconsider. The District cannot benefit from its own willful ignorance of clear meaning of the July 18 Order by being allowed to move to reconsider several weeks out of time.

## II. THE MOTIONS DO NOT ESTABLISH GROUNDS FOR RECONSIDERATION

### A. The Case Or Controversy Against The District Was Evaluated And Dismissed, And A Remaining Case Or Controversy As To The Election Defendants Has No Import On Reconsideration.

The District argues that it has a right of intervention in this case (without actually filing a motion to re-intervene)[2] because the Court retains jurisdiction over the Election Defendants due to an existing case or controversy. (ECF 178 at 6-9.) Any case or controversy against the District was already evaluated by the Court at the District's behest on its motion for judgment on the pleadings. The July 18 Order was a judgment, with prejudice, on the merits dismissing the sole claim against the District. *WESI, LLC v. Compass Env't, Inc.*, 509 F.Supp.2d 1353, 1359, n.4 (N.D. Ga. 2007) ("A judgment on the pleadings is a judgment, with prejudice, on the merits.").

That a claim remains as to the Election Defendants does not establish a reason for reconsideration of the July 18 Order dismissing the sole claim against the District. Although Rule 12(c) "does not expressly provide for partial judgment on the pleadings, neither does it bar them; it is common to apply Rule 12(c) to individual causes of action." *Larsen v. Trader Joe's Co.*, 917 F. Supp. 2d 1019,

---

[2] Plaintiffs assert that any request to re-intervene is improperly before the Court without a motion styled as such. However, if the Court chooses to entertain such a motion, Plaintiffs request the opportunity to respond on the merits regarding re-intervention of the District.

10

1022 (N.D. Cal. 2013); *e.g.*, Fed. R. Civ. P. Rule 12(c). There are multiple cases where claims as to some defendants were dismissed by a successful motion for judgment on the pleadings while claims against other defendants remained. Over the course of its several briefs, the District has not been able to cite a single case where a dismissed defendant remained in the case as a party or attempted to propound their own discovery without an active claim against them. *Williams v. N.Y.S. Off. of Mental Health*, No. 10-CV-1022, 2014 WL 1311405, at *1 (E.D. NY 2014) ("a party is entitled to judgment on the pleadings only if it has established that no material issue of fact remains to be resolved").

### B. The District and Election Defendant's Interests Are Not Aligned, And Have No Import On Reconsideration Regardless.

The Emergency Motion seeks to re-litigate the District's original grounds for intervention and effectively argues for a second bite at the intervention apple based on a purported standalone interest to remain an intervenor despite requesting and receiving dismissal as a party defendant. None of these arguments are grounds for reconsideration or excuse the District's delay in arguing them in the first place.

The District devotes a full section of its Emergency Motion to arguing that the District's and Election Defendant's "interests remain aligned." Yet, for purposes of reconsideration, it's unclear why that fact—if true—matters in a motion for reconsideration. Nor does the District cite a single case bolstering this argument.

11

Even if the alignment of interests was relevant to reconsideration (which it is not), the District is not aligned with the Election Defendants because its major intentional discrimination argument is one that the Elections Defendants have never made. In its pleadings, the District continually focuses its substantive arguments on a non-existent requirement for Plaintiffs to show intentional discrimination. The reasons why this position is wrong under the law have been fully briefed in earlier filings (ECF No. 173 at 19-21), but as to alignment of interests it is important to note that inserting this requirement, which is not present in the law, has never been the Election Defendants' defense at any point in this litigation. Election Defendants and the District have not taken the same position(s) regarding the substance of the instant suit, and their interests are therefore not aligned, as the District represents.[3]

**C. The Motions Do Not Present Any Newly Discovered Evidence.**

The Motions fail to meet the standard for reconsideration because they offer no newly discovered evidence, intervening developments, or changes in controlling law that might warrant reconsideration of the July 18 Order. *See Uzomba v. Wilmore*, 1:20-CV-01013-ELR, 2020 WL 13588705, at *1 (N.D. Ga. July 22, 2020) (Ross, J.) (citation omitted); N.D. Ga. L.R. 7.2(e) ("[m]otions for reconsideration shall not be filed as a matter of routine practice" and only when "absolutely

---

[3] The jurisdictional argument regarding proper parties to the case, where the District and Election Defendants were aligned, has been considered and rejected on the merits by the Court. (ECF No. 136 at 29-35.)

12

necessary"). Furthermore, in order to support the District's requested relief that the "Court reconsider its verbal ruling excluding the District from its continued participation in this case as an intervenor" (ECF No. 178 at 9-10), the new information would have to show that the District was something other than a party defendant previously and had other intervenor rights—it cannot.

While the Emergency Motion fails entirely to mention any new information that could warrant reconsideration, the Emergency Supplement claims to present "new information revealed Friday, September 22, 2023" during a call between the Election Defendant and the District. (ECF No. 181 at 1-2.) Counsel for the District filed an affidavit with the Emergency Supplement, asserting that based on a call with counsel for the Election Defendants, it understands that the Election Defendants will not defend the constitutionality of the redistricting map, will not retain rebuttal experts, and engaged in settlement discussions with Plaintiffs. (ECF No. 181 at 2; ECF No. 181-1.) Plaintiffs were not privy to this call, and counsel for the Election Defendants has not confirmed the District's representations of what transpired. Nevertheless, even if the District's recounting was true, it would not amount to "newly discovered evidence" or "intervening developments" warranting reconsideration. That is because a party does not regain rights to enter a case it requested to be—and was—dismissed from, just because it dislikes the way the remaining defendant might choose to address the liability it faces.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Emergency Motion.

Respectfully submitted this 5th day of October, 2023.

*/s/ Pichaya Poy Winichakul*

Bradley E. Heard (Ga. Bar No. 342209)
Pichaya Poy Winichakul (Ga. Bar No. 246858)
Michael Tafelski (Ga. Bar No. 507007)
Sabrina S. Khan*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org
sabrina.khan@splcenter.org


Jeff Loperfido*
Christopher Shenton*
SOUTHERN COALITION FOR SOCIAL JUSTICE
5517 Durham Chapel Hill Blvd.
Durham, NC 27707
(919) 323-3380
jeffloperfido@scsj.org
chrisshenton@scsj.org

Rahul Garabadu (Ga. Bar No. 553777)
Cory Isaacson (Ga. Bar No. 983797)
Caitlin May (Ga. Bar No. 602081)
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
(678) 310-3699
rgarabadu@acluga.org

cisaacson@acluga.org
cmay@acluga.org

Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
Sofia Fernandez Gold*†
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org

Douglas I. Koff*
Thomas L. Mott*
Jacqueline Maero Blaskowski*

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Jacqueline.Maeroblaskowski@srz.com


* Admitted Pro Hac Vice



*Counsel for Plaintiffs Karen Finn, Dr. Jillian Ford, Hylah Daly, Jenne Dulcio, GALEO Latino Community Development Fund, Inc., New Georgia Project Action Fund, League of Women Voters of*

15

*Marietta-Cobb, and Georgia Coalition For The People's Agenda, Inc.*

/s/ *Caren E. Short*

Caren E. Short (Ga Bar No. 990443)
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW, Suite 500
Washington, DC 20036
202-921-2219
cshort@lwv.org

*Counsel for Plaintiff League of Women Voters Marietta-Cobb*

**CERTIFICATION OF COMPLIANCE**

16

Pursuant to Local Rule 7.1, the undersigned counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.

Dated this 5th day of October, 2023.

>*/s/ Pichaya Poy Winichakul*
> Pichaya Poy Winichakul (Ga. Bar No. 246858)
> SOUTHERN POVERTY LAW CENTER
> 150 E. Ponce de Leon Ave., Suite 340
> Decatur, Georgia 30030
> (404) 521-6700
> poy.winichakul@splcenter.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a

notification of such filing to the counsel of record in this case. After filing the foregoing with the Clerk of Court using the CM/ECF system, I will provide courtesy copies to the Court and otherwise comply with the requirements of Local Rule 7.2(B).

Dated this 5th day of October, 2023.

                               */s/ Pichaya Poy Winichakul*
                               Pichaya Poy Winichakul (Ga. Bar No. 246858)
                               SOUTHERN POVERTY LAW CENTER
                               150 E. Ponce de Leon Ave., Suite 340
                               Decatur, Georgia 30030
                               (404) 521-6700
                               poy.winichakul@splcenter.org