UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN FINN, *et al.*,
    Plaintiffs,

-v-

COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION, *et al.*
    Defendant,

and

COBB COUNTY SCHOOL DISTRICT,
    Intervenor.[1]

Case No. 1:22-cv-2300-ELR

**COBB COUNTY SCHOOL DISTRICT'S MOTION FOR LEAVE TO FILE AMICUS BRIEF IN RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

The Cobb County School District ("District") files this Motion requesting leave to file an Amicus Brief in response to Plaintiffs' forthcoming unopposed motion for preliminary injunction. The District shows as follows in support of its Motion:

---

[1] The District acknowledges the Court's September 12, 2023 oral order stating that it is no longer allowed to continue as an intervenor. The District understood that the Court would be entering a written order to that effect. Because no such order has yet been entered, the District is continuing to include itself as "Intervenor" in the style of the case.

# INTRODUCTION

Plaintiffs have now admitted on the record that they will ask this Court to invalidate the redistricted Cobb County Board of Education elections map *without the opportunity for anyone to provide any opposition*. Under their plan, this Court will be asked to take the drastic step of invalidating a democratically enacted district map without any evidence or argument supporting its legality.

The District requests leave to file an amicus brief in response to Plaintiffs' forthcoming motion for preliminary injunction. The District's brief will help the Court rule on this critical issue by ensuring the record includes at least some evidence and argument on both sides of the dispute. As this case is postured, allowing the District to respond to Plaintiffs' motion is the only way this Court will be provided some level of opposition evidence in the record.

# RELEVANT FACTS AND PROCEDURAL BACKGROUND

As the court knows, the District is no stranger to this case. Plaintiffs made it the centerpiece of their operative complaint by alleging that it created and recommended to the Georgia General Assembly a racially gerrymandered redistricted map for Board of Education elections. (Doc. 37.) Plaintiffs accused the members of the

Board's Republican majority of racism based, in large part, on political losses they and their Democratic Board allies suffered on a litany of prior issues that have no relevance to the redistricted map. (*Id.* at ¶¶58-93.)

The District successfully moved to intervene after Plaintiffs sued only nominal defendants (the Board of Elections and its Director) who refused to defend the District's legally protectable interests. (Docs. 52, 60.) The Court later granted the District's Motion for Judgment on the Pleadings, holding that Plaintiffs cannot sustain their Equal Protection racial gerrymandering claim against it. (Doc. 136.) Then, on September 12, 2023, the Court notified the parties that the District could no longer participate in the case as an intervenor. (Doc. 175.)

The District has sought relief from the Court's September 12 ruling in the form of an Emergency Motion for Reconsideration here and a Petition for Writ of Mandamus in the Eleventh Circuit. (Docs. 178, 183.) As of the date of this filing, neither Court has acted on the District's requests. So as it currently stands, the District is not a party to this case as an intervener or otherwise.

Plaintiffs filed an Unopposed Motion for Leave to File Excess Pages on October 13, 2023. (Doc. 190.) They request leave to file a 55-page brief in support of a forthcoming "unopposed" Motion for Preliminary Injunction ("MPI") Plaintiffs vow to seek an order enjoining enforcement of the current Cobb County Board of Education district map. (*Id.*) Their request will be based on their purported showing that Districts 2, 3, and 6 are racially gerrymandered in violation of the Equal Protection Clause. (*Id.* at 2.)

What is extraordinary is the path Plaintiffs have cleared for reaching their stated goal. Through the "Stipulated Settlement Agreement" attached to their Motion, Plaintiffs have notified this Court that the "Election Defendants will take no position with respect to Plaintiffs' [Motion for Preliminary Injunction] and *shall not* file any opposition in response to Plaintiffs' [Motion]." (Doc. 190-1 at 6.) (emphasis added.) The terms of the Agreement bear that out. It gives lip service to requiring Plaintiffs "to prove the merits of their claims to the Court" (*Id.* at 5.) but ensures that no one will stand in their way. In fact, the Board of Elections is now contractually forbidden from doing so. The Agreement further reveals Plaintiffs' intent to ask the Court to

impose a "remedial map"— through enactment by the General Assembly or on its own—by January 22, 2024, to ensure implementation for the 2024 election cycle. (*Id.* at 7.) If the Court grants the "unopposed" motion and implements a "remedial map," the Board of Elections promises to enter into a Consent Agreement "to ensure that the new remedial map is put into place until the next redistricting cycle, or as otherwise required by law." (*Id.* at 8.) The Board of Elections also agrees that it will not file any dispositive motion or any response to motions filed by third-parties or intervenors, and it waives any right to appeal, seek a motion to stay, or modify any order entered by the Court. (*Id.* at 8-9.) The Agreement, in other words, memorializes the Board of Elections' complete surrender.

In the meantime, Plaintiffs have disclosed two expert witnesses. (Docs. 162 and 168) The Board of Elections, on the other hand, has allowed the October 3, 2023 deadline for disclosing rebuttal experts to pass. It has likewise failed to depose Plaintiffs' experts by the October 16, 2023 deadline. (Doc. 177.) So, as of now, the Court will only hear expert testimony from one side.

To that end, the District has retained two rebuttal experts, John B. Morgan, a demographer redistricting expert, and Thomas L. Brunell, a statistical analysis redistricting expert. Each is prepared to testify that the Enacted Map was drawn using traditional redistricting principles without race as a predominant factor.[2] It is also prepared to address the merits of Plaintiffs' Equal Protection claim.

## ARGUMENT

The Court should exercise its broad discretion to allow the District to file an amicus brief in response to Plaintiffs' "unopposed" MPI. Neither the Federal Rules of Civil Procedure nor the Local Rules of the Northern District of Georgia contemplate nonparties filing amicus briefs or otherwise participating in a pending case. *See Chavez v. Credit Nation Auto Sales, Inc.*, 2014 WL 12780146, at *2 (N.D. Ga. June 5, 2014). "Nevertheless, it is well-settled that a district court has broad discretion to grant the request of a non-party to file an amicus brief." *Id.* "Courts typically grant amicus status where the parties contribute to the court's understanding of the matter in question by proffering

---

[2] For the Court's convenience, the District attaches the reports from Mr. Morgan and Mr. Brunell as Exhibits A and B, respectively.

timely and useful information." *Georgia Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015).  Other factors include "whether the [amicus] brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs," *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003), and whether the amici can demonstrate a sufficient interest in the litigation. *See DeJulio v. Georgia*, 127 F. Supp. 2d 1274, 1284–85 (N.D. Ga.) (rev'd in part on other grounds, 290 F.3d 1291 (11th Cir. 2002)).

Nothing could be timelier and more valuable here than allowing the District to present evidence and argument defending the constitutionality of the redistricted map. The District's interest in this case is well-documented and provided the foundation for its initial intervention. Its interest is unchanged even after the Court's holding that the District cannot be liable. But whether the redistricted map violates the Equal Protection Clause remains at the center of the case and will be the subject of Plaintiffs' forthcoming "unopposed" MPI. The Board of Elections' contractual vow to stand down ensures that the

evidence the District will provide in an amicus brief will not be found in the parties' briefs.

The need for the District's amicus brief is especially acute given the issues and the extraordinary relief Plaintiffs seek. The Supreme Court has stressed that "[t]he task of redistricting is best left to state legislatures, elected by the people and as capable as the courts, if not more so, in balancing the myriad factors and traditions in legitimate districting policies." *Abrams v. Johnson*, 521 U.S. 74, 101 (1997). "Federal-court review of districting legislation represents a serious intrusion on the most vital of local functions." *Miller v. Johnson*, 515 U.S. 900, 915 (1995) (citing, *Chapman v. Meier,* 420 U.S. 1, 27 (1975); see, *e.g., Voinovich v. Quilter,* 507 U.S. 146, 156–157 (1993); *Growe v. Emison,* 507 U.S. 25, 34 (1993)). Indeed, "if a court mistakes a political gerrymander for a racial gerrymander, it illegitimately invades a traditional domain of state authority, usurping the role of a State's elected representatives. This does violence to both the proper role of the Judiciary and the powers reserved to the States under the Constitution." *Cooper v. Harris*, 581 U.S. 285, 334-35 (2017) (Alito, J., concurring) (internal citations omitted).

Plaintiffs must be held to their strict burden of proof, especially when asking the Court to invade the state legislative process. The Board of Elections is now prohibited from doing so. Allowing the District to file an amicus brief in response to Plaintiffs' "unopposed" MPI will protect the integrity of the judicial process by ensuring the substantive issues are fully litigated.

For these reasons, the District respectfully requests an order granting it leave to file a response to Plaintiffs' "unopposed" motion for preliminary injunction by a deadline the Court determines.

Respectfully submitted this 16th day of October, 2023.

*/s/ P. Michael Freed*
Philip W. Savrin
Georgia Bar No. 627836
psavrin@fmglaw.com
Jonathan D. Crumly
Georgia Bar No. 199466
jonathan.crumly@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com
Scott Eric Anderson
Georgia Bar No. 105077
scott.anderson@fmglaw.com
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com

*Attorneys for Intervenor*
*Cobb County School District*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833)330-3669 (facsimile)

## **LOCAL RULE 7.1 CERTIFICATION**

The undersigned does hereby certify that the foregoing has been prepared with Century Schoolbook 14-point font in compliance with Local Rule 5.1.

**FREEMAN MATHIS & GARY, LLP**

*/s/ P. Michael Freed*
P. Michael Freed
Georgia Bar No. 061128
michael.freed@fmglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing to the Clerk of Court using the Court's E-file system, which will automatically send electronic mail notification of such filing to all parties who have appeared in the action.

This 16th day of October 2023.

        **FREEMAN MATHIS & GARY, LLP**

        */s/ P. Michael Freed*
        P. Michael Freed
        Georgia Bar No. 061128
        michael.freed@fmglaw.com