UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KAREN FINN, *et al.*<br><br>    Plaintiffs,<br>v.<br><br>COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION, *et al.*<br><br>    Defendants. | Civil No. 1:22-cv-2300-ELR |

**PLAINTIFFS' OPPOSITION TO COBB COUNTY SCHOOL DISTRICT'S MOTION FOR LEAVE TO FILE AMICUS BRIEF IN RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs respectfully submit this response in opposition to the Cobb County School District's (the "District") Motion for Leave to File Amicus Brief in Response to Plaintiffs' Motion for Preliminary Injunction, filed October 16, 2023 (the "Motion"). (ECF No. 191.)

**PRELIMINARY STATEMENT**

In its Motion, the District seeks leave to file an amicus brief that would respond to Plaintiffs' motion for preliminary injunction and introduce the expert testimony of two individuals not previously disclosed in the case. (ECF No. 191.)

At the outset, the District's Motion is an end-run around the intervention process, that is now far out of time. The District is not in the position of an amici—it was joined and dismissed from this case as a party defendant. Amici are not

1

intended to substitute for a timely motion for intervention or to act as parties or party counsel—all of which the District attempts to do here.

Moreover, the Election Defendants are well-represented parties that have made strategic decisions throughout the life of this litigation, including negotiating a settlement agreement that limits their potential liability. The District also made strategic decisions in this litigation and cannot now try to override the Election Defendants' judgment because it regrets seeking and obtaining its own dismissal through its prior motion practice.

Finally, amicus briefs are not intended to be used for interjecting new evidence not raised by the parties, particularly case-specific expert reports. Yet the District, by way of this Motion, seeks to introduce over 100 pages of previously undisclosed and currently untested expert material into the case. This is impermissible. Certainly, amici—particularly at the appellate level—are allowed to offer historical and societal facts that the court may find instructive. But amici are not entitled to provide the trial court with case-specific evidence, as the District seeks to do here. Only parties may do that. Courts largely disregard such information, even when leave for an amicus brief is allowed.

For these reasons, and the reasons further described below, the Motion should be denied.

## PROCEDURAL HISTORY

The Motion is the latest in a string of filings made by the District before this Court (and now the Eleventh Circuit Court of Appeals (the "Eleventh Circuit")) to undo a problem of its own making—its dismissal from the case as a party defendant. On July 18, 2023, the Court issued an Order (the "July 18 Order") (ECF No. 136), which granted the District's Motion for Judgment on the Pleadings (ECF No. 83) and dismissed the sole claim against it. The Election Defendants were left as the only remaining defendants in the case.

On August 16, 2023, the District filed a Supplemental Motion for Judgment on the Pleadings or Alternatively for Summary Judgement, which effectively amounted to a request for reconsideration of the July 18 Order. (ECF No. 149.) On September 21, 2023, the District filed an Emergency Motion for Reconsideration, asking the Court to reconsider its decision preventing the District from "participating fully as an Intervenor." (ECF No. 178 at 2). On September 25, 2023, the District filed a Supplement to its Emergency Motion for Reconsideration, requesting an emergency hearing on the same issue. (ECF No. 181 at 1.)

Then, on September 29, 2023, the District filed notice of a Petition for Writ of Mandamus in the Eleventh Circuit on the same issue (ECF No. 183)—which was denied on October 17, 2023 (ECF No. 192). In addition, on October 13, 2023, the

District filed notice of Appeal in the Eleventh Circuit on the same issue. (ECF No. 189.)

Finally, the District filed this Motion on October 16, 2023, asking the Court for leave to file an amicus brief in response to Plaintiffs' then-forthcoming motion for preliminary injunction. (ECF No. 191.) Plaintiffs filed the Motion for Preliminary Injunction on October 23, 2023. (ECF No. 194.)

## ARGUMENT

District courts have inherent authority to grant or deny amici, *Mobile Cnty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, 567 F. Supp. 2d 1342, 1344 n.1 (S.D. Ala. 2008), *aff'd*, 564 F.3d 1290 (11th Cir. 2009), and it is solely within the court's discretion to determine the "fact, extent, and manner" of any such participation, *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (citation omitted). The District's past involvement in this litigation can and should be considered in determining whether it is appropriate for the District to participate now as an amici, and the extent of any such participation. *See Wyatt ex rel. Rawlins v. Hanan*, 868 F. Supp. 1356, 1359-60 (M.D. Ala. 1994) (considering, among other things, "the history of the participation of the amicus in the litigation and whether that participation has been helpful," and "whether the amicus is manipulating that role as a substitute for intervention" in a test to determine the involvement of an amicus). Motions for leave to file amicus briefs are generally

denied unless: (1) "the amicus has an interest in some other case that may be affected by the decision of the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case)," (2) "a party is not represented competently or is not represented at all," or (3) "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Alabama v. United States*, No. 2:16-cv-0029-JEO, 2016 U.S. Dist. LEXIS 168541, at *5 (N.D. Ala. Apr. 22, 2016) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). None of those exceptions apply here.

## I. The District Does Not Have the Interest of an Amici, and Instead Seeks to Subvert the Intervention Process.

The District seeks to file an amicus brief to circumvent the intervention process. But amicus standing should not be used as a substitute for intervention. *See Changzhou Hawd Flooring Co. v. United States*, 6 F. Supp. 3d 1353, 1357 (U.S. Ct. Int'l Trade 2014) ("Movants here seek not so much to be a friend of the court as to compensate for a failure to timely intervene."). There is a "bright line distinction between amicus curiae and named parties/real parties in interest," *id.* (citation omitted), as an amici "'is not a party to the litigation' and not entitled to seek relief," *id.* (quoting *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982)); *see also Wyatt ex rel. Rawlins*, 868 F. Supp. at 1358-59. Further to that point, "[a]n amicus curiae is merely a 'friend of the court,' not a party

to the action, and to that end, an amicus may not assume the functions of a party, nor may it initiate, create, extend, or enlarge the issues." *See Twitch Interactive, Inc. v. Fishwoodco GmbH*, No. 22-cv-03218-VKD, 2023 WL 3751798, at *6 (N.D. Cal. May 31, 2023) (citation omitted) (recommending denial for a motion for leave to file amicus brief where the movants exceeded the "traditional, limited role of an amicus curiae" by seeking substantive legal relief "in the guise of an amicus brief").

That is precisely what the District is seeking to do here given that it is no longer a defendant in this case, but now disagrees with the litigation tactics of the only remaining defendants: the Election Defendants.  The District, unhappy with the results of its litigation tactics, has taken to filing motion after motion attacking the Court's July 18 Order (*see, e.g.*, ECF Nos. 149, 178, 181, 183)—a series of pizzas thrown at the wall that Plaintiffs were left to deal with.  *Cf. In re TransPerfect Glob., Inc.*, No. 9700-CB, 2021 WL 1711797, at *1 (Del. Ch. Apr. 30, 2021), *aff'd sub nom.*, 278 A.3d 630 (Del. 2022) (citation omitted) ("[I]t is more time-consuming to clean up the pizza thrown at a wall than it is to throw it.").  This Motion is just the District's latest attempt to re-enter this case and act as a party, regardless of the disruption it causes, including delaying Plaintiffs' opportunity for relief before the 2024 elections.

**II.     The Election Defendants Are Well-Represented Parties Making Strategic Decisions, While the District Attempts to Override the Election Defendants' Judgment.**

The District attempts to act on behalf of the Election Defendants, going as far as providing rebuttal expert reports, because the District disagrees with the Election Defendants' strategic decision not to do so. But amici are not intended to replace parties who are adequately represented by counsel. *See Jin*, 557 F. Supp. 2d at 136 (quoting *United States v. Microsoft Corp.*, No. Civ.A.98–1232(CKK), 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002)).

The Election Defendants are well-represented by counsel and have not requested assistance from the District as an amicus. These facts are sufficient grounds for rejecting the District's amicus request. *See Alabama v. United States*, 2016 U.S. Dist. LEXIS 168541, at *8-9 (court denied amicus brief in part because there was no reason to believe the party could not adequately present and respond to the relevant issues, and the party did not request assistance from amici); *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003).

### III. The District in the Role of Amici Cannot Be Permitted to Introduce New Untested Evidence Into the Record.

But even if the Court were to permit the District leave to file an amicus brief, it should not consider the expert reports or any facts not raised by the parties.[1] *See Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) ("an amicus who argues facts should rarely be welcomed."); *Club v. FEMA*, No. H-07-0608, 2007 WL 3472851, at *3 (S.D. Tx. Nov. 14, 2007) (denying motion for leave to file an amicus brief in part because the movant sought to "litigate fact issues" and "such a role is generally inappropriate for an amicus"). The District should not be allowed to use the amici process as a "back-door attempt" to intervene and to "insert expert testimony into the record free of the crucible of trial and cross-examination." *Kitzmiller v. Dover Area Sch. Dist.*, No. 04CV2688, 2005 WL 2736500, at *1 (M.D. Pa. Oct. 24, 2005). That is especially the case here, where the reports were filed before the Plaintiffs' preliminary injunction was even filed, and where at least one of the purported experts introduced by the District has previously been found to be "wholly lacking in credibility." *Bethune-Hill v. Va. State Bd. of Elections,* 326 F. Supp. 3d 128, 173-74 (E.D. Va. 2018); *see also Page v. Va. State Bd. of Elections*, No. 3:13cv678, 2015 WL 3604029, at *15 n.25 (E.D. Va. June 5, 2015) ("The evidence at trial, however,

---

[1] If the Court grants leave for the District to submit an amicus brief or allows consideration of the filed expert reports, then Plaintiffs request an opportunity to address the merits of those materials in a separate submission.

8

revealed that Mr. Morgan's analysis was based upon several pieces of mistaken data, a critical error"). For that added reason, if the District is permitted to present an amicus brief or experts, Plaintiffs request an opportunity to respond to the merits of those submissions.

## CONCLUSION

For the foregoing reasons, the Court should deny the District's Motion.

Respectfully submitted this 30 day of October, 2023.

/s/ Pichaya Poy Winichakul

Bradley E. Heard (Ga. Bar No. 342209)
Pichaya Poy Winichakul (Ga. Bar No. 246858)
Michael Tafelski (Ga. Bar No. 507007)
Sabrina S. Khan*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org
sabrina.khan@splcenter.org


Jeff Loperfido*
Christopher Shenton*
SOUTHERN COALITION FOR SOCIAL JUSTICE
5517 Durham Chapel Hill Blvd.
Durham, NC 27707

9

(919) 323-3380
jeffloperfido@scsj.org
chrisshenton@scsj.org

Rahul Garabadu (Ga. Bar No. 553777)
Cory Isaacson (Ga. Bar No. 983797)
Caitlin May (Ga. Bar No. 602081)
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
(678) 310-3699
rgarabadu@acluga.org
cisaacson@acluga.org
cmay@acluga.org

Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
Sofia Fernandez Gold*†
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org

Douglas I. Koff*
Thomas L. Mott*
Jacqueline Maero Blaskowski*

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000
Douglas.Koff@srz.com
Thomas.Mott@srz.com
Jacqueline.MaeroBlaskowski@srz.com

10

*Admitted Pro Hac Vice

*Counsel for Plaintiffs Karen Finn, Dr. Jillian Ford, Hylah Daly, Jenne Dulcio, GALEO Latino Community Development Fund, Inc., New Georgia Project Action Fund, League of Women Voters of Marietta-Cobb, and Georgia Coalition For The People's Agenda, Inc.*

/s/ *Caren E. Short*

Caren E. Short (Ga Bar No. 990443)
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES
1233 20th Street NW, Suite 500
Washington, DC 20036
202-921-2219
cshort@lwv.org

*Counsel for Plaintiff League of Women Voters Marietta-Cobb*

## CERTIFICATION OF COMPLIANCE

Pursuant to Local Rule 7.1, the undersigned counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1.

Dated this 30 day of October, 2023.

*/s/ Pichaya Poy Winichakul*

Pichaya Poy Winichakul (Ga. Bar No. 246858)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
poy.winichakul@splcenter.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the counsel of record in this case.

Dated this 30 day of October, 2023.

*/s/ Pichaya Poy Winichakul*

Pichaya Poy Winichakul (Ga. Bar No. 246858)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
poy.winichakul@splcenter.org