## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KAREN FINN, et al.,                  *
                                     *
            Plaintiffs,              *
                                     *
    v.                               *        1:22-CV-02300-ELR
                                     *
COBB COUNTY BOARD OF                 *
ELECTIONS AND REGISTRATION,          *
et al.,                              *
                                     *
            Defendants.              *
                                     *

_____

# O R D E R

_____

There are several matters pending before the Court.  The Court sets out its

reasoning and conclusions below.

## I.    Background[1]

Plaintiffs Karen Finn; Dr. Jullian Ford; Hylah Daly; Jenne Dulcio; Galeo

Latino Community Development Fund, Inc.; New Georgia Project Action Fund;

League of Women Voters of Marietta-Cobb; and Georgia Coalition for the People's

Agenda, Inc. initiated this action on June 9, 2022, bringing claims against

Defendants Cobb County Board of Elections and Registration and Janine Eveler (in

_____

[1] For additional factual and procedural history, the Court refers to its Order dated July 18, 2023.
[Doc. 136].

her official capacity as Director of the Cobb County Board of Elections and Registration) (together, the "Election Defendants").[2] <u>See</u> Compl. [Doc. 1]; <u>see also</u> Am. Compl. [Doc. 37].  Thereafter, on December 19, 2022, non-party Cobb County School District (the "School District") filed a "Motion to Intervene," in which it "request[ed] that it be permitted to intervene and join th[is case] as a defendant to protect its interests in the subject matter of the case." [Doc. 52 at 1–2].  The School District claimed it was entitled to intervene in this action "both . . . as of right [sic] and permissively" pursuant to Federal Rule of Civil Procedure 24.  [<u>See</u> <u>id.</u> at 6].  By an Order dated January 30, 2023, with the consent of all Parties, the Court granted the School District's motion to intervene.  [Doc. 60].  However, because the Parties consented to the School District's intervention in this matter, the Court did not rule on the issue of permissive intervention versus intervention as a matter of right.[<u>See</u> Docs. 54, 55].  Thus, as a result of the Court's January 30, 2023 Order, the School District became a Party Defendant in this matter by way of intervention pursuant to Rule 24.  [Doc. 60].

Thereafter, the Election Defendants moved to dismiss Plaintiffs' Amended Complaint and the School District moved for judgment on the pleadings as to the

---

[2] As Elections Defendants note, Janine Eveler no longer serves as Director of the Cobb County Board of Elections and Registration.  [<u>See</u> Doc. 190-1 at 2 n.1].  At present, Mr. Gerry Miller holds the position of Interim Director of the Cobb County Board of Elections and Registration.  [<u>Id.</u>]  As such, the Court directs the Clerk to substitute Mr. Miller in place of Ms. Eveler as a Defendant to this action.  FED. R. CIV. P. 25(d).

same.[3]  [See Docs. 43, 83].  By an Order dated July 18, 2023, the undersigned denied in part and denied as moot in part the Election Defendants' motion to dismiss and granted the School District's motion for judgment on the pleadings.  [See Doc. 136 at 34–35].

Subsequently, the Parties and the School District filed several motions that all concern the Court's July 18, 2023 Order.  On August 15, 2023, the Election Defendants filed a "Motion to Reconsider Court's Order of July 18, 2023," which Plaintiffs oppose.[4]  [See Docs. 148, 170, 173, 179].  Also on August 15, 2023, the School District submitted a "Supplemental Motion for Judgment on the Pleadings or Alternatively for Summary Judgment," which Plaintiffs oppose.  [See Docs. 149, 173].  On August 22, 2023, the School District filed a "Motion to Exclude Plaintiffs' Experts," which Plaintiffs also oppose.[5]  [See Docs. 155, 171, 172, 174].  The next day, on August 23, 2023, Plaintiffs submitted their "Emergency Motion to Enforce the Court's July 18, 2023 Order," which is opposed by both the Election Defendants and the School District.  [See Docs. 157, 164, 166].  Consequently, on August 30, 2023, the Court scheduled a telephone status conference with the Parties and the

---

[3] Additionally, on April 28, 2023, the School District filed a "Motion for Sanctions Under Rule 11." [Doc. 92]. Plaintiffs oppose that motion and it remains under the Court's advisement at this time. [Doc. 102].

[4] The School District filed a response brief in support of the Election Defendants' motion to reconsider the Court's July 18, 2023 Order. [See Doc. 170]

[5] The Election Defendants filed a brief in support of the School District's motion to exclude Plaintiffs' experts but did not bring any such motion on their own accord. [See Doc. 171].

School District for September 12, 2023, to address the "disputes in this case and to facilitate setting the schedule for further proceedings[.]"  [See Doc. 167 at 2].

On September 12, 2023, the Court held the telephone status conference with the Parties and the School District and addressed, among other things, the School District's current role in this litigation.  Specifically, the undersigned explained that the School District is no longer a Party to this suit because the Court granted the School District's motion for judgment on the pleadings in its July 18, 2023 Order. [See generally Docs. 136, 182].  Although the Court's July 18, 2023 Order did not expressly direct the Clerk of Court to (1) enter judgment in the School District's favor and (2) terminate the School District as a Party to this suit, each of these results were the natural effect of the Court granting the School District's motion for judgment on the pleadings (as the undersigned explained during the September 12, 2023 conference call).  [See Doc. 136 at 35].

Shortly thereafter, on September 21, 2023, the School District filed an "Emergency Motion for Reconsideration" regarding the Court's so-called "verbal decision to exclude the [School] District" "from participating fully [in this case] as an Intervenor" during the September 12, 2023 conference call.  [See Doc. 178 at 1–2].  Plaintiffs oppose the School District's emergency motion.  [See Docs. 184, 186]. Just four (4) days after submitting its emergency motion, the School District filed a "Supplement to its Emergency Motion for Reconsideration."  [Doc. 181].  That filing

is also opposed by Plaintiffs.[6]  [See Docs. 184, 186].  Although the School District has filed a notice of appeal regarding the Court's so-called "verbal ruling" on the September 12, 2023 conference call—which was not a new ruling but merely reiterated and clarified the Court's written Order dated July 18, 2023—neither the Parties nor the School District have requested a stay pending that appeal.[7]  [See Doc. 187].  Accordingly, several motions have been fully briefed and are now ripe for the Court's review.[8]

## II.   The Election Defendants' Motion for Reconsideration

The Court begins with the Election Defendants' "Motion to Reconsider Court's Order of July 18, 2023."  [Doc. 148].

---

[6] The Court entered an Order on October 20, 2023, whereby it granted the Parties' requests that Plaintiffs be allowed to file a motion for preliminary injunction, up to fifty-five (55) pages in length, no later than November 1, 2023.  [See Doc. 193].  Plaintiffs filed their "Motion for a Preliminary Injunction" on October 23, 2023.  [Doc. 194].  As the Court noted in the October 20, 2023 Order, the Election Defendants represent that they do not intend to oppose Plaintiffs' motion for preliminary injunction.  [See Docs. 190 at 2–3; 190-1 at 5; 193 at 2].  Further, the Election Defendants agreed "not [to] file any further dispositive motions in this action, including but not limited to any [m]otions for [s]ummary [j]udgment"; "not [to] file a response to any other motions by third parties . . . including but not limited to any [m]otions for [s]ummary [j]udgment, [m]otions for [r]econsideration, or [m]otions to [i]ntervene"; and "waive[d] any right to appeal or to seek a motion to stay or modify any order entered by the" Court in this action.  [See Doc. 190-1 at 7–8].
[7] Additionally, the School District filed a Petition for Writ of Mandamus with the Eleventh Circuit Court of Appeals on September 29, 2023, which the Eleventh Circuit rejected on October 17, 2023.  [See Docs. 183, 192].
[8] Finally, on October 17, 2023, the School District submitted a "Motion for Leave to File Amicus Brief in Response to Plaintiffs' Motion for Preliminary Injunction."  [Doc. 191].  That motion is not yet ripe for ruling, and as such, remains under advisement.

### A.   Legal Standard

Reconsideration is only appropriate where there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) a need to correct a clear error of law or fact.  See Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003); see also Kramer v. Conway, 962 F. Supp. 2d 1333, 1356 (N.D. Ga. 2013).  Accordingly, motions for reconsideration should be filed only when "absolutely necessary."  Bryan, 246 F. Supp. 2d at 1258; accord LR 7.2(E), NDGa.  They should not be used "as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."  Pediatric Med. Devices, Inc. v. Ind. Mills & Mfg., Inc., 961 F. Supp. 2d 1241, 1243 (N.D. Ga. 2013).  The decision of whether to grant reconsideration is committed to the sound discretion of the district court.  Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000).

### B.   Discussion

In their "Motion to Reconsider Court's Order of July 18, 2023," the Election Defendants "urge the Court to reconsider its ruling and dismiss the claims against them" because:

> 1) the Amended Complaint, as relied upon by the Court in its [July 18, 2023] Order, misstates the legal duties of Election Defendants with regard to the implementation of the Challenged Maps at issue in this case, resulting in flawed findings regarding standing and joinder; and

2) the <u>Monell [v. Department of Social Services</u>, 436 U.S. 658 (1978)] standard, when applied to the Election Defendants, results in the same conclusion that the Court reached for the [School] District[.]

[Doc. 148 at 2, 10].  The third basis for reconsideration Defendants assert is that the School District failed to raise the affirmative defense of municipal immunity (pursuant to <u>Monell</u>) and thus "the Court should not have granted the [School] District judgment on a defense that it voluntarily waived."  [<u>Id.</u> at 3, 14–16].

Upon review, the Court finds that none of the Election Defendants' three (3) arguments warrant reconsideration of the July 18, 2023 Order.  First, the Election Defendants assert that the Georgia Secretary of State is the proper party to defend this action based on O.C.G.A. § 21-2-50(15) and the Eleventh Circuit's guidance in <u>Jacobson v. Florida Secretary of State</u>, 974 F.3d 1236 (11th Cir. 2020).  [<u>Id.</u> at 7] (arguing that "the duty that most directly relates to the implementation of the Challenged Maps—the creation of ballots for use in the school district races—falls to the Secretary of State").  This transparent attempt to repackage the crux of the Election Defendants' motion to dismiss—which the Court rejected—is a not a proper basis for a motion for reconsideration.  [<u>See, e.g.</u>, Docs. 43-1 at 7; 136 at 12–22]; <u>see also</u> <u>Pediatric Med. Devices</u>, 961 F. Supp. 2d at 1243.  Additionally, in its July 18, 2023 Order, the Court already addressed the Election Defendants' fundamental misunderstanding of the Eleventh Circuit's opinion in <u>Jacobson</u>.  [<u>See</u> Docs. 43-1 at 11–12; 136 at 16–17 (citing 974 F.3d at 1241–42)].  Further, although

the Election Defendants now contend that O.C.G.A. § 21-2-50(15) reveals that "it is the Secretary of State against whom Plaintiffs should have sought relief," they failed to raise any such argument in their original motion to dismiss. [Docs. 43-1 at 4 n.1, 15 n.3; 148 at 8].  In their motion to dismiss, the Election Defendants mentioned relevant state statutes in only two (2) footnotes.  [See Doc. 43-1 at 4 n.1, 15 n.3].  In one of the footnotes, the Election Defendants made a single, passing reference to O.C.G.A. § 21-2-50 merely to support the basic and uncontested proposition that the Secretary of State is Georgia's "chief election official."  [Id. at 15 n.3].  However, motions for reconsideration are not to be used "as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Pediatric Med. Devices, 961 F. Supp. 2d at 1243.  Finally, while the Election Defendants never raised the issue of municipal immunity pursuant to Monell—and are not entitled now to reconsideration based on any such argument—the School District did raise that defense, contrary to the Election Defendants' instant argument. [See generally Doc. 43-1; 83 at 12; 148 at 14–16].  Therefore, the Court denies the Election Defendants' "Motion to Reconsider Court's Order of July 18, 2023." [Doc. 148].

### III.     Motions Regarding Status of the School District

As noted, the School District became a Party Defendant in this action by way of intervention with the consent of all Parties on January 30, 2023.  [See Docs. 52, 54, 55, 60]; see also FED. R. CIV. P. 24.  Subsequently, the School District filed a motion for judgment on the pleadings, which the Court granted in its Order dated July 18, 2023.  [Docs. 83, 136].  Following the Court's July 18, 2023 Order, despite having obtained judgment in its favor, the School District continued to assert itself in this litigation, which led Plaintiffs to file their "Emergency Motion to Enforce the Court's July 18, 2023 Order."  [Doc. 157].  In that emergency motion, Plaintiffs request that the Court prevent the School District from continuing to participate in various activities (such as propounding discovery requests, attending depositions, and filing motions) because the School District is no longer a Party to this action. [See id. at 1–2].  Consequently, the Court conducted the September 12, 2023 telephone conference with the Parties and the School District to address the issue of the School District's role, during which the undersigned made clear that the School District lost its ability to participate in this litigation as a Defendant or intervenor when the Court granted the School District's motion for judgment on the pleadings. [See Docs. 175, 182].

Thereafter, the School District filed its "Emergency Motion for Reconsideration" [Doc. 178] and "Supplement to its Emergency Motion for

Reconsideration." [Doc. 181]. In both of those filings, the School District insists that it must be permitted to continue participating in this litigation as an intervenor with the same powers as the Parties. [E.g., Docs. 178 at 6–7; 181 at 5]. The School District insists that "[t]he Court's July 18, 2023 Order on the District's Motion for Judgment on the Pleadings did not alter the District's intervention rights."[9] [Doc. 181 at 5].

As the Court explained during the September 12, 2023 conference call, the School District's position is plainly incorrect. Indeed, the School District does not even attempt to cite any relevant caselaw supporting its position in either of its instant motions—instead, it merely relies on cases that set forth general principles of intervention, Federal Rule of Civil Procedure 24, or that pertain to motions to intervene (a procedural stage long in the rearview mirror of these proceedings). [See, e.g., Doc. 178 at 6] (citing FED. R. CIV. P. 24 and Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel, 861 F.3d 1278, 1295 (11th Cir. 2017)). The School District fails to squarely address the fact that it already obtained judgment on the

---

[9] In this respect, the School District's motions at Docket Entries 178 and 181 could be construed as motions to alter or amend the judgment the Court entered in the School District's favor through its July 18, 2023 Order. [See Docs. 136, 178, 181]. And "[t]he decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." United States v. Jim, 891 F.3d 1242, 1252 (11th Cir. 2018) (quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238–39 (11th Cir. 1985)), cert. denied, 139 S. Ct. 2637 (2019). To the extent the School District seeks to alter or amend the judgment entered in its favor, the Court, in its discretion, denies that request. See id.

pleadings in its favor.  [See generally Docs. 178, 181].  Rather, the School District

concedes that the Eleventh Circuit instructs:

> It is hornbook law that an intervenor "is treated as [] an original party
> and has equal standing with the original parties."  7C Charles Alan
> Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and
> Procedure § 1920 (3d ed. 2007).  Just as an original party, an intervenor
> is "vulnerable to complete adjudication by the federal court of the issues
> in litigation between the intervenor and the adverse party."  United
> States v. Oregon, 657 F.2d 1009, 1014 (8th Cir. 1981) (quotation
> omitted).  A district court may therefore enter judgment against an
> intervenor, the same as any original party.

Jim, 891 F.3d at 1253 (internal footnote collecting cases omitted).

The Eleventh Circuit guidance here is clear: when the School District

intervened as a Defendant in this action with the consent of the Parties, it gained

"equal standing with the original [P]arties."  See id.; [see also Doc. 60].  The School

District then sought judgment on the pleadings.  [Doc. 83].  When the Court granted

such judgment, the School District's role as a Party (which it obtained through

intervention) ended, "the same as any original party['s]" role would conclude upon

receiving judgment in its favor.  See Jim, 891 F.3d at 1253; see also Perez v. Wells

Fargo N.A., 774 F.3d 1329, 1336 (11th Cir. 2014) (explaining that a motion for

judgment on the pleadings is a "means of disposing of cases").  The Court does not

locate—nor does the School District offer—any sound basis in law or logic to find

otherwise.  [See generally Docs. 178, 181].  Accordingly, the Court denies as moot

the School District's "Emergency Motion for Reconsideration" [Doc. 178] and

"Supplement to its Emergency Motion for Reconsideration." [Doc. 181].

For the same reasons set forth above, the Court finds it appropriate to grant in

part Plaintiffs' "Emergency Motion to Enforce the Court's July 18, 2023 Order."

[Doc. 157].  In their emergency motion, Plaintiffs request a Court order prohibiting

the School District:

> from participating in this action as a party, an intervenor, or in any other
> role affording the School District any rights to prosecute any claims or
> defenses related to this matter in any way, including by: (i) prohibiting
> the School District from filing motions or responsive briefing as a party,
> intervenor, or in any other participatory role beyond that of a nonparty;
> (ii) removing the School District as a party or intervenor on the ECF
> docket; (iii) striking the motions improperly filed by the School District
> subsequent to the [Court's July 18, 2023] Order (Docs. 149, 155); and
> (iv) prohibiting the School District from continuing to participate in
> discovery in the action except solely as a nonparty, including by: (a)
> quashing the deposition subpoenas the School District improperly
> served on Dr. Jaha Howard and Ms. Charisse Davis subsequent to the
> [Court's July 18, 2023] Order (Docs. 150, 151) and any otherwise
> pending deposition subpoenas that the School District has refused to
> withdraw subsequent to the Order[;] (b) quashing any otherwise
> pending document discovery previously propounded by the School
> District, including the document subpoenas served on certain of
> Plaintiffs' litigation counsel in this action that the School District has
> refused to withdraw subsequent to the [Court's July 18, 2023] Order[;]
> and (c) prohibiting the School District or any of its representatives from
> participating during any future depositions except solely in the role of
> a nonparty witness.

[See id. at 1–2].  The Court finds it appropriate to grant Plaintiffs' requests to (1)

prohibit the School District from filing motions (or related briefs) or participating in

depositions as a party and (2) remove the School District from the Court docket.[10]

See Fisher v. Whitlock, 784 F. App'x 711, 712 (11th Cir. 2019) ("In addition to the authority provided by the Federal Rules of Civil Procedure, a court has 'inherent authority' to enforce its orders and ensure prompt disposition of legal actions." (internal citation omitted)).  However, the Court denies Plaintiffs' instant motion in all other respects because (1) Plaintiffs do not provide any legal basis for the Court to strike the School District's filings (instead of, for example, denying them as moot) and (2) to the extent any improper subpoenas from the School District have not already been withdrawn, Plaintiffs should file appropriate motions to quash them. E.g., Silva v. Swift, 333 F.R.D. 245, 248 (N.D. Fla. 2019) ("Rule 12(f) does not authorize courts to strike motions, affidavits, or memoranda in support of motions." (citing Harrison v. Belk, Inc., 748 F. App'x 936, 940 (11th Cir. 2018)); Nu Image, Inc. v. Does 1–2, 515, No. 2:12-CV-109-FTM-29, 2012 WL 3042933, at *3 (M.D. Fla. July 16, 2012) ("a motion to quash must be made in the issuing court" (citing

---

[10] As noted, the School District should have been removed from the docket in this matter immediately after the Court issued its July 18, 2023 Order.  [Doc. 136].  The fact that the School District was not immediately terminated from the docket appears to have been a mere oversight by the Clerk's office because the Court neglected to specifically direct the Clerk to terminate the School District from this action after granting the School District's motion for judgment on the pleadings in the July 18, 2023 Order.  [See id.]  Although the School District currently appears on the docket as both a "Defendant" and an "Intervenor," to be clear, the School District was formerly a Defendant when it obtained that status through intervention with the consent of the Parties, and there is no legal distinction between these designations on the docket.  Both will be terminated following this order.

FED. R. CIV. P. 45(c)(3))), report and recommendation adopted, 2012 WL 3043098 (July 25, 2012).

## IV.    The School District's Other Motions

Having dispersed any doubt about the fact that the School District has been a non-party (rather than a Defendant or any other type of party) since the Court's July 18, 2023 Order granting the School District's motion for judgment on the pleadings, the Court now turns to the final two (2) motions that are ripe for its review.   The School District filed both motions after the Court's July 18, 2023 Order.  [Docs. 136, 149, 155].

### A.    Supplemental Motion for Judgment on the Pleadings or Alternatively for Summary Judgment

On August 15, 2023, the School District submitted a "Supplemental Motion for Judgment on the Pleadings or Alternatively for Summary Judgment," which Plaintiffs oppose.  [See Docs. 149, 173].  The School District purports that its instant motion "is filed as a 'supplement' because it applies the Court's reasoning in granting the [School] District's motion for judgment on the pleadings to the claim against [the Election Defendants]" but the School District "styles it alternatively as a motion for summary judgment" to ensure the Court accepts the motion as timely. [See Doc. 149-1 at 1 n.1].  In that motion's scant three (3) pages of argument, the School District seeks judgment in favor of the Election Defendants.  [See id. at 8–11].

14

Upon review and consideration, the Court finds that the School District's present motion fails for at least four (4) reasons. First, counsel for the School District do not represent the Election Defendants. [See id. at 11] (listing all counsel of record bringing the School District's instant motion, none of whom are counsel of record for the Election Defendants). Second, the Election Defendants filed their own motion advancing the same arguments as the School District's instant motion. [Compare Doc. 148, with Doc. 149-1]. Third, even if it was somehow proper for the School District to file a motion that seeks relief on behalf of the Election Defendants (who are represented by their own counsel), the School District's instant motion contains arguments that should have been raised as part of its original Rule 12(c) motion for judgment on the pleadings, and "Rule 12(g) requires all of the permitted Rule 12(b) defenses to be raised in a single, consolidated motion rather than in multiple or successive motions." See CGHH, LLC v. Cesta Punta Deportes, S.A. de C.V., Civil Action No. 1:05-CV-1343-RWS, 2006 WL 8430970, at *2 (N.D. Ga. Mar. 31, 2006); see also FED. R. CIV. P. 12(g). Fourth, and most importantly, the School District was no longer a party to this ligation when it filed the instant motion nearly a month after it obtained judgment in its favor. [See Docs. 136, 149]. Although the motion is clearly due to be denied on the merits, the Court finds it more appropriate to deny the motion as moot given the School District's non-party status as of the date of the motion's filing. [See Doc. 149]; see also Fisher, 784 F. App'x

at 712 ("In addition to the authority provided by the Federal Rules of Civil Procedure, a court has 'inherent authority' to enforce its orders and ensure prompt disposition of legal actions." (internal citation omitted)).

### B.   Motion to Exclude Plaintiffs' Expert Witnesses

The School District also filed a "Motion to Exclude Plaintiffs' Experts" after it was no longer a party to this action.  [See Docs. 136, 155].  Although the School District attempts to style its status as "[t]he Adverse Intervenor" in that motion, for the reasons the Court explained at length above, the School District was a non-party when it submitted the motion.[11]  [See Docs. 136 at 35–36; 155].  As a non-party, the School District lacks the ability to bring a motion to exclude expert witnesses, and therefore, the Court denies the motion as moot.  [Doc. 155].

## V.   Conclusion

To dispel any uncertainty regarding the Court's ruling in the July 18, 2023 Order granting the School District's motion for judgment on the pleadings, the Court **DIRECTS** the Clerk to **ENTER JUDGMENT** in favor of the School District (effective July 18, 2023) and to **TERMINATE** Cobb County School District from the docket in this action.  [See Doc. 136 at 35] (July 18, 2023 Order granting the

---

[11] The School District does not offer, nor does the Court locate, any authority in caselaw or support in Rule 24 for the status designation of "Adverse Intervenor."  [See Doc. 155 at 1]; see also FED. R. CIV. P. 24; Mansfield v. Paxon, 899 F.2d 649, 651 (7th Cir. 1990) (upholding a district court's denial of a motion to intervene as a "silent party plaintiff" in the absence of a stipulation of consent from the parties because nothing in the Federal Rules of Civil Procedure or caselaw allows for intervention as a "silent party plaintiff").

School District's motion for judgment on the pleadings). Next, the Court **DIRECTS** the Clerk to **SUBSTITUTE** Mr. Gerry Miller, in his official capacity as Interim Director of the Cobb County Board of Elections and Registration, in place of Ms. Janine Eveler as a Defendant in this case.

The Court **DENIES** the Election Defendants' "Motion to Reconsider Court's Order of July 18, 2023." [Doc. 148]. Additionally, the Court **DENIES AS MOOT** the School District's "Supplemental Motion for Judgment on the Pleadings or Alternatively for Summary Judgment" [Doc. 149], "Motion to Exclude Plaintiffs' Experts" [Doc. 155], "Emergency Motion for Reconsideration" [Doc. 178], and "Supplement to its Emergency Motion for Reconsideration." [Doc. 181].

Next, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' "Emergency Motion to Enforce the Court's July 18, 2023 Order." [Doc. 157]. Specifically, the Court **GRANTS** Plaintiffs' requests to terminate the School District from the docket and to prohibit the School District from filing, as a party, motions (or related briefs) and participating in depositions. The Court **DENIES** Plaintiffs' motion in all other respects.

Finally, the School District's "Motion for Sanctions Under Rule 11" [Doc. 92] and "Motion for Leave to File Amicus Brief in Response to Plaintiffs' Motion for Preliminary Injunction" [Doc. 191] remain **UNDER ADVISEMENT**.

**SO ORDERED**, this 2nd day of November, 2023.


Eleanor L. Ross
United States District Judge
Northern District of Georgia