IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAREN FINN, et al. | : | |
| | : | |
| Plaintiffs, | : | Civil Action File No.: |
| vs. | : | 22-cv-2300-ELR |
| | : | |
| COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION, et al. | : : : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPLY BRIEF OF COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION REGARDING THE ISSUE OF MOOTNESS**

Comes now, Defendant Cobb County Board of Elections and Registration ("Cobb BOER") and files this reply brief in compliance with the Court's Minute Order of August 20, 2024, in which the Court directed the parties to address the issue of mootness. Specifically, this brief is filed in response to Plaintiffs' Response Brief Support of Continued Jurisdiction. [Doc. 248]. Cobb BOER relies primarily on its original brief in support of its position on mootness [Doc. 244] and files this short reply brief to address two issues raised in Plaintiffs' Response.

**I.    The remedial process was not in place at the time S.B. 338 was passed**

Plaintiff's Response largely focuses on the circumstances and history of the passage of S.B. 338, essentially arguing that but for the Court's preliminary

injunction order, a new redistricting map would not have been adopted, so the Court has authority to review it no matter what happened during the interim. But at no point in their response do they provide any case law or other authority to refute the legal reality created by the 11th Circuits entry of a stay: no remedial process was in place at the time S.B. 338 was passed. Accordingly, no matter what the original motivation for the passage of S.B. 338 may have been – and Cobb BOER does not dispute that it was passed in response to this action – the fact is that it was not adopted under a legally enforceable remedial process.

Plaintiffs claim that because S.B. 338 was passed after and in response to the preliminary injunction order, "[f]rom that point forward, once the appellate proceedings concluded with an affirmance of the PI, *any new map* would have to be assessed within the context of this Court's finding." [Doc. 248, p. 10, emphasis added]. However, Plaintiffs argument is bridge too far. There are many circumstances under which a future map would not be reviewed by the Court, including if a map was passed after a dismissal on other grounds or after a settlement. One of those circumstances is when there is a stay in effect, which has the effect of returning the status quo before the preliminary injunction was entered.

Plaintiff predictably contends that the stay should have no effect on the Court's evaluation of S.B. 338 and that the Court can essentially just ignore the effect

of the stay. However, Plaintiffs cite absolutely no caselaw to rebut the cases cited by Cobb BOER demonstrating that the stay of this case by the 11th Circuit Court of Appeals acted to stop the judicial enforcement of the injunction and return the case to the status quo before the injunction was entered. See, *Nken v. Holder*, 556 U.S. 418, 428, (2009).  This stay effectively nullified the remedial process until after the appeal was resolved, so there was no remedial process in place at the time of the passage of S.B. 338 and it would be improper for the Court to review a map that was not adopted under a remedial process.

 Plaintiff equates Cobb BOER's position regarding the effect of the stay to an "escape hatch" for evading liability, arguing that every legislature "facing a challenge and encountering a stay" would be sure to take advantage of it.  However, this position ignores the fact that stays are not simply "encountered" or given out thoughtlessly.  Rather a Court must weigh the potential risks and benefits that would occur from the grant of stay, and presumably the 11th Circuit Court of Appeals considered the possibility that, if it stayed this Court's preliminary injunction order, a new map could be passed during the period of the stay during which the preliminary injunction would be nullified.  Having denied two previous requests by CCSD for a stay, the Court of Appeals did grant the third request, and this Court does not have authority to ignore the legal effect of that stay.

**II.   Plaintiffs may attempt to seek relief from SB 338 in another lawsuit, but that relief should not be granted in the context of the present action**

Plaintiffs argue that this Court remains positioned to "grant meaningful relief" because S.B. 338 continues to injure Plaintiffs in the same way as the previous map. However, Plaintiffs have yet to set forth allegations supporting such a claim, nor anything beyond mere self-serving statements that S.B. 338 harms it in the same ways as the previous map. Indeed, by Plaintiffs' own admission, they are simply asking to be "given an opportunity to show that S.B. 338 does not remedy their harms."

Plaintiff may seek an opportunity to challenge S.B. 338 as gerrymandered or on other grounds,[1] but that opportunity should not occur in the context of this action because this case is now moot. While Plaintiff may still have the potential to bring a new action challenging S.B. 338, the factual differences between the timing and process of passing of the two maps are extensive enough that it would be improper to simply bring a new challenge in the context of the present action.

---

[1] If and when Plaintiff makes actual factual allegations about improper gerrymandering in the passage of Cobb S.B. 338, Cobb BOER will continue to maintain its position that it is not the proper authority to defend against such allegations since it does not have any role in the creation or adoption of redistricting maps.

## III. Conclusion

For all the reasons set forth above and in the Defendant's original brief [Doc. 246], Defendant contends that the present action is moot and should be dismissed for lack of jurisdiction.

Respectfully submitted this 18th day of September, 2024.

        HAYNIE, LITCHFIELD & WHITE, PC

        /s/ *Daniel W. White*
        DANIEL W. WHITE
        Georgia Bar No. 153033
        *Attorney for Cobb County Board of*
        *Elections and Registration*

222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2024, I electronically filed the foregoing REPLY BRIEF OF DEFENDANT COBB COUNTY BOARD OF ELECTIONS AND REGISTRATION REGARDING THE ISSUE OF MOOTNESS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record in this matter.

/s/ *Daniel W. White*
DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Cobb County Board of Elections and Registration*

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com