**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KAREN FINN, DR. JILLIAN FORD,
HYLAH DALY, JENNE DULCIO,
GALEO LATINO COMMUNITY
DEVELOPMENT FUND, INC., NEW
GEORGIA PROJECT ACTION FUND,
LEAGUE OF WOMEN VOTERS OF
MARIETTA-COBB, and GEORGIA
COALITION FOR THE PEOPLE'S
AGENDA, INC.

     Plaintiffs,

v.

COBB COUNTY BOARD OF
ELECTIONS AND REGISTRATION and
TATE FALL, in her official capacity as
Director of the Cobb County Board of
Elections and Registration,

     Defendants.

Case No.
1:22-cv-2300-ELR

**MOTION TO TOLL DEADLINE FOR FILING MOTION FOR
<u>ATTORNEYS' FEES AND COSTS</u>**

Plaintiffs Karen Finn, Dr. Jillian Ford, Hylah Daly, Jenne Dulcio,

GALEO Latino Community Development Fund, Inc., New Georgia Project Action

Fund, League of Women Voters of Marietta-Cobb, and Georgia Coalition for the

People's Agenda, Inc. ("Plaintiffs") respectfully move the Court to toll the deadline

for filing motions for attorneys' fees and costs until thirty days after the later of the

entry of a final judgment in this matter in the Northern District of Georgia or the

issuance of a mandate with respect to any appeal of a final judgment in this matter

by the United States Court of Appeals for the Eleventh Circuit. In support of this

motion, Plaintiffs state the following:

1.      On June 9, 2022, Plaintiffs filed suit against the Cobb County Board of

Elections and Registration and the Cobb County Elections Director (collectively,

"BOER"), the government body responsible for implementing the plan for the Cobb

County School Board's newly redistricted voting districts, alleging a claim of racial

gerrymandering under 42 U.S.C. § 1983.

2.      On December 19, 2022, the Cobb County School District ("CCSD")

moved to intervene as a defendant in the case. On January 30, 2023, this Court

granted CCSD's motion to intervene.

3.      On March 31, 2023, CCSD filed a Motion for Judgment on the

Pleadings, which BOER did not join. On July 18, 2023, this Court granted the

Motion for Judgment on the Pleadings and the case proceeded with only BOER

remaining as defendants.

4.      CCSD, though no longer a party, continued to file motions and briefing

including a motion for leave to appear as amicus curiae on October 16, 2023, which this Court granted on November 8, 2023.

5.      On October 23, 2023, Plaintiffs filed their Motion for a Preliminary Injunction. On December 14, 2023, this Court granted Plaintiffs' Motion for a Preliminary Injunction.

6.      On December 19, 2023, CCSD filed a Notice of Appeal as to the grant of a preliminary injunction, among other things. On May 14, 2024, the Eleventh Circuit Court of Appeals heard oral argument on this matter, the focus of which was CCSD's status as a non-party and lack of standing.

7.      On August 13, 2024, the Court of Appeals issued a published opinion dismissing CCSD's appeal for lack of jurisdiction because CCSD, as a non-party, lacked standing to appeal this Court's preliminary injunction order.

8.      Accordingly, Plaintiffs contend they are the prevailing parties in this matter and are entitled to attorneys' fees and costs for their work at the district court and appellate levels, pursuant to 42 U.S.C. § 1988 and 52 U.S.C. § 10310.

9.      On August 20, 2024, upon consideration of the Court of Appeals' August 13, 2024 opinion, this Court directed the parties to submit briefing to address the question of whether this matter is now moot based on the map that was passed by the General Assembly in January 2024. The next day, August 21, 2024, this Court

also temporarily stayed its ruling on CCSD's Renewed Motion to Intervene, which was filed January 9, 2024, until after consideration of the briefing on whether the issue is moot.

10.    Pursuant to this Court's August 20, 2024 order, Plaintiffs and BOER completed briefing on the mootness issue on September 18, 2024. CCSD moved for leave to file amicus briefs in connection with the Court's August 20, 2024 order. The issue of mootness and CCSD's motion for leave to file amicus briefs remain pending before this Court.

11.    On September 16, 2024, Plaintiffs filed a motion with the Court of Appeals to transfer consideration of attorneys' fees to the district court, to ensure compliance with timing requirements and to make certain they are not later barred from seeking fees. CCSD opposed that motion.

12.    On December 2, 2024, the Court of Appeals granted Plaintiffs' motion to transfer the matter of attorneys' fees to this Court pursuant to 11th Cir. R. 39-2(d).

13.    Plaintiffs' Amended Complaint seeks an award of reasonable costs and attorneys' fees pursuant to 52 U.S.C. § 10310(e), 42 U.S.C. § 1988, and as otherwise allowed by law.

14.    Under Local Civil Rule 54.1, the deadline for filing a bill of costs is thirty days after the entry of judgment.

15.    Plaintiffs believe that deferring the filing of their motion for attorneys'

fees and costs until after a final judgment in this matter, including any appeal of a

final judgment, would promote judicial economy and efficiency by allowing

Plaintiffs to file a single motion following the resolution of any issues of mootness

and future appeals. *See Sutherland v. Save Am. PAC*, No. 1:22CV303-RH-MAF,

2023 WL 9785044, at *1 (N.D. Fla. June 26, 2023) (deferring determination of fees

until after conclusion of any appeal); *Truesdell v. Thomas*, No. 5:13-CV-552-OC-

10PRL, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016) ("Nonetheless, deferring

ruling on a motion for attorney's fees and costs pending an appeal is a matter within

the court's discretion, and courts will defer ruling in the interests of judicial

economy.").

16.    Counsel for Plaintiffs contacted counsel for BOER and CCSD by phone

on December 17, 2024, and by email on December 19, 2024, to obtain their consent

for the filing of this Motion, but have not received a response.

WHEREFORE, Plaintiffs respectfully request that the deadlines for all

motions and petitions related to attorneys' fees and costs (taxable and nontaxable)

be extended until thirty days after the later of the entry of a final judgment in this

matter in the Northern District of Georgia or the issuance of a mandate with respect

to any appeal of a final judgment in this matter by the United States Court of Appeals

for the Eleventh Circuit.

 Dated:  December 20, 2024

Respectfully Submitted,

/s/ Pichaya Poy Winichakul
Bradley E. Heard (Ga. Bar No. 342209)
Pichaya Poy Winichakul (Ga. Bar No. 246858)
Michael Tafelski (Ga. Bar No. 507007)
Sabrina S. Khan*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030
(404) 521-6700
bradley.heard@splcenter.org
poy.winichakul@splcenter.org
michael.tafelski@splcenter.org
sabrina.khan@splcenter.org

Caitlin May (Ga. Bar No. 602081)
Cory Isaacson (Ga. Bar No. 983797)
Akiva Freidlin (Ga. Bar No. 692290)
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
(678) 310-3699
cmay@acluga.org
cisaacson@acluga.org
afreidlin@acluga.org

Jeff Loperfido*
Christopher Shenton*
SOUTHERN COALITION FOR
SOCIAL JUSTICE
PO Box 51280
Durham, NC 27717
(919) 323-3380

6

jeffloperfido@scsj.org
chrisshenton@scsj.org

Julie M.  Houk*
Sofia Fernandez Gold*
Heather Szilagyi*
Javon Davis*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street, Suite 900
Washington, DC 20005
(202) 662-8600
jhouk@lawyerscommittee.org
sfgold@lawyerscommittee.org
hszilagyi@lawyerscommittee.org
jdavis@lawyerscommittee.org

Douglas I. Koff*
Jacqueline Maero Blaskowski*
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000
douglas.koff@srz.com
jacqueline.maeroblaskowski@srz.com

*Admitted Pro Hac Vice

Counsel for Plaintiffs Karen Finn, Dr. Jillian
Ford, Hylah Daly, Jenne Dulcio, GALEO Latino
Community Development Fund, Inc., New Georgia
Project Action Fund, League of Women Voters of
Marietta-Cobb, and Georgia Coalition for the
People's Agenda, Inc.

/s/ Caren E.  Short
Caren E.  Short (Ga Bar No. 990443)
LEAGUE OF WOMEN VOTERS
OF THE UNITED STATES

1233 20th Street NW, Suite 500
Washington, DC 20036
202-921-2219
cshort@lwv.org

*Counsel for Plaintiff League of Women Voters
Marietta-Cobb*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing document has been prepared in compliance with the Local Civil Rules, including the use of one of the font and point selections approved by the Court in Local Civil Rule 5.1.

Respectfully submitted this 20th day of December, 2024.

/s/ *Pichaya Poy Winichakul*

Pichaya Poy Winichakul (Ga. Bar No. 246858)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030(404) 521-6700
poy.winichakul@splcenter.org

*Counsel for Plaintiffs Karen Finn, Dr. Jillian Ford, Hylah Daly, Jenne Dulcio, GALEO Latino Community Development Fund, Inc., New Georgia Project Action Fund, League of Women Voters of Marietta-Cobb, and Georgia Coalition for the People's Agenda, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys of record.

Respectfully submitted this 20th day of December, 2024.

/s/ *Pichaya Poy Winichakul*

Pichaya Poy Winichakul (Ga. Bar No. 246858)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030(404) 521-6700
poy.winichakul@splcenter.org

*Counsel for Plaintiffs Karen Finn, Dr. Jillian Ford, Hylah Daly, Jenne Dulcio, GALEO Latino Community Development Fund, Inc., New Georgia Project Action Fund, League of Women Voters of Marietta-Cobb, and Georgia Coalition for the People's Agenda, Inc.*