# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KAREN FINN, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | 1:22-CV-02300-ELR |
| | * | |
| COBB COUNTY BOARD OF | * | |
| ELECTIONS AND REGISTRATION, | * | |
| and GERRY MILLER (in his official | * | |
| capacity as Interim Director of the | * | |
| Cobb County Board of Elections and | * | |
| Registrations), | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**ORDER**

_____

This matter is before the Court on the question of whether this action is moot in view of the Georgia General Assembly's passage of an act adopting a new Cobb County School Board redistricting map. Plaintiffs and Defendant Cobb County Board of Elections and Registration ("Cobb BOER") have timely briefed the issue, as directed by the Court. [Docs. 244, 246]. Also before the Court are Third Party Cobb County School District's (the "School District") motion for leave to file amicus briefs on the issue [Doc. 245], motions to supplement the leave motion [Docs. 249 and 250], and renewed motion to intervene [Doc. 219].

Plaintiffs do not oppose the School District's motions for leave to file amicus briefs and to supplement the amicus briefs, and the Court concludes that the School District's amicus filings will contribute to the Court's understanding of the mootness issue. Thus, the Court exercises its discretion and grants the School District's motion for leave to file amicus briefs and motions to supplement. [Docs. 245, 249, 250].

Having considered Plaintiffs', Cobb BOER's, and the School District's briefs on the issue of mootness, the Court concludes that the passage of Senate Bill 338 ("SB 338") mooted this action. Here, Plaintiffs filed suit alleging that the Georgia General Assembly improperly used race as a predominant factor in its 2022 redrawing of the districts from which members of the Cobb County Board of Education are elected. See generally Am. Compl. [Doc. 37]. The challenged 2022 redistricting map was enacted pursuant to House Bill 1028. Id. ¶ 1. On December 14, 2023, this Court granted Plaintiffs' motion for preliminary injunction, enjoining the use of the 2022 map and directing the Parties to facilitate the remedial process for the adoption of a new map. [Doc. 212 at 33]. In accordance with the revised schedule for the remedial process, the Court gave the Georgia General Assembly until January 22, 2024, to adopt a remedial map. [Doc. 221 at 1]. The School District, which was permitted to intervene in the case [Doc. 60] but was later dismissed on its motion for judgment on the pleadings [Docs. 136, 199], appealed the Court's grant of the preliminary injunction. [Doc. 213]. And, on January 19, 2024, the

Eleventh Circuit granted the School District's motion to stay the preliminary injunction pending the appeal. [Doc. 227]. While the stay of the preliminary injunction was in effect, on January 30, 2022, the Georgia General Assembly passed and Governor Brian Kemp signed into law SB 338, which provided a new Cobb County School Board redistricting map and expressly repealed the 2022 redistricting map. Finn v. Cobb Cnty. Bd. of Elections & Registration, 111 F.4th 1312, 1315–16 (11th Cir. 2024). Cobb BOER implemented this new map (the "SB 338 map"), and that map was used for school board elections in May 2024. [See Doc. 244 at 3].

As for the School District's appeal, on August 13, 2024, the Eleventh Circuit dismissed that appeal for the School District's lack of standing. Finn, 111 F.4th at 1320. While doing so, that Court questioned, but declined to pass on, whether the enactment of the SB 338 map and the repeal of the 2022 map had rendered the appeal moot. Id. at 1316 n.1. Following the Eleventh Circuit's remand, on August 20, 2024, this Court required the Parties to brief the mootness issue and set a briefing schedule. The Parties (and the School District as *amicus curiae*) timely filed their opening briefs, responses, and replies, with Cobb BOER and the School District advocating for mootness and Plaintiffs arguing against it.

"If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief then the case is moot and must be dismissed." United States v. Georgia, 778 F.3d 1202, 1204

3

(11th Cir. 2015) (quoting Troiano v. Supervisor of Elections, 382 F.3d 1276, 1282 (11th Cir. 2004)). One such event is "[t]he enactment of new legislation which repeals or materially amends the law being challenged—even if the change comes after the district court's judgment[.]" Id. In such a case, "[t]he governing principle . . . is that in the absence of evidence indicating that the government intends to return to its prior legislative scheme, repeal of an allegedly offensive statute moots legal challenges to the validity of that statute." Id. at 1205. But a plaintiff's claim of race-based gerrymandering remains live and the district court retains jurisdiction over the claim if the legislature enacts new maps and repeals the old ones during the court-ordered remedial process. North Carolina v. Covington, 585 U.S. 969, 976 (2018).

Unlike in Covington, where the legislature enacted new maps subject to a district court order after the entry of final judgment for the plaintiffs on their racial gerrymandering claim, 585 U.S. at 971, here, the Eleventh Circuit's stay of the preliminary injunction order prevented the order's enforcement and maintained the pre-preliminary injunction status quo. Nken v. Holder, 556 U.S. 418, 428 (2009) ("[A] stay operates upon the judicial proceeding itself, either by halting or postponing some portion of it, or by temporarily divesting an order of enforceability." That is, "[a] stay "'simply suspends judicial alteration of the status quo[.]'" (alterations omitted) (quoting Ohio Citizens for Responsible Energy, Inc. v.

4

NRC, 479 U.S. 1312, 1313 (1986))). Thus, unlike in Covington, here, with the stay in place, there was nothing to remediate, and this case was not in a court-ordered "remedial posture," when Governor Kemp signed SB 338 into law. 585 U.S. at 976. As such, and because there is nothing to indicate that the Georgia legislature intends to return to the 2022 map, the repeal of the 2022 map and the passage of SB 338 extinguished the controversy as to the 2022 map.

Plaintiffs resist this conclusion, arguing that Georgia legislators drew new maps in 2024 in direct response to the Court's preliminary injunction order and that requiring a plaintiff to "relitigate liability every time a legislature passed a new map" would "'put[] redistricting litigation in an infinity loop[.]'" [Doc. 246 at 7–9, 13–14 (quoting Singleton v. Allen, 690 F. Supp. 3d 1226, 1292 (N.D. Ala. 2023)]. The Court remains unpersuaded. First, even assuming that SB 338's introduction and enactment was driven by the Court's grant of the preliminary injunction, the Court's injunction Order was (temporarily) a nullity when the bill was enacted. In other words, SB 338 was not enacted subject to the Court's Order and its preliminary findings, which were in abeyance. Second, a finding of mootness under the unique procedural posture of this case hardly introduces a requirement that the parties relitigate liability every time a legislature passes a new map.

Accordingly, the Court **GRANTS** the School District's Motion for Leave to File Amicus Briefs [Doc. 245] and Motions to Supplement the leave motion [Docs.

5

249 and 250]. Concluding that this action is moot in view of the passage of SB 338, the Court **DIMISSES AS MOOT** this action and, thus, **DENIES AS MOOT** the School District's Renewed Motion to Intervene [Doc. 219].

The Court **DIRECTS** the Clerk to enter judgment for Defendants and terminate this action.

**SO ORDERED**, this 3rd day of September, 2025.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia